# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MEGAN MORYC**,

        Plaintiff,

v.

**MICHIGAN STATE POLICE**, a department of the State of Michigan; **JAMES F. GRADY II; AIMEE BRIMACOMBE; LISA GEE-CRAM; DALE HINZ; CAMERON HENKE; JASON NEMECEK; MICHAEL DILLON; ERIK DARLING; KANDYCE HERR; THOMAS DEASY; MATTHEW WILLIAMS; NICOLE BOCK; KEVIN SWEENEY; ANDREW FIAS; RYAN MAKI; MICHAEL STEPHENS; CARISSA HORAN; BRIAN BUEGE; ROBERT DAVIS**; and **SCOTT ZIESMAN**; officially and in their personal capacities,

        Defendants.

Case No. 1:25-cv-1127

Hon. Robert J. Jonker

---

| | |
|---|---|
| Elizabeth K. Abdnour (P78203)<br>Nicole Cote (P86815)<br>ABDNOUR WEIKER LLP<br>325 E. Grand River Ave., Ste. 250<br>East Lansing, MI 48823<br>(517) 994-1776<br>liz@awlawohio.com<br><br>*Attorneys for Plaintiff* | Mary A. Waddell (P70545)<br>Ryan Wier (P83886)<br>Assistant Attorneys General<br>MI Department of Attorney General<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 48909<br>517-335-7573<br>waddellm1@michigan.gov<br>wierr2@michigan.gov<br><br>*Attorneys for Defendants Michigan State Police; James F. Grady II; Aimee Brimacombe; Lisa Gee-Cram; Dale Hinz; Jason Nemeck; Michael Dillon; Erik Darling; Kandyce Herr; Thomas Deasy; Matthew Williams; Nicole Bock; Kevin Sweeney; Andrew Fias; Ryan Maki;* |

*Michael Stephens; Brian Buege; Davis; Scott Ziesman; Carissa Horan;*

**BRIEF IN SUPPORT OF MOTION TO EXTEND SUMMONS**

**I.      RELEVANT FACTS**

Plaintiff Megan Moryc, a trooper with the Michigan State Police, filed her original Complaint on September 21, 2025 against Defendants Michigan State Police; James F. Grady II; Aimee Brimacombe; Lisa Gee-Cram; Dale Hinz; Cameron Henke; Jason Nemeck; Michael Dillon; Erik Darling; Kandyce Herr; Thomas Deasy; Matthew Williams; Nicole Bock; Kevin Sweeney; Andrew Fias; Ryan Maki; Michael Stephens; Brian Buege; Robert Davis; Scott Ziesman; Robert Davis; Cameron Henke; and Andrew Fias. Plaintiff was issued a Summons for each Defendant on September 23, 2025. Plaintiff then filed an Amended Complaint and Jury Demand on October 12, 2025, adding Defendant Carissa Horan. Plaintiff was issued a Summons for Defendant Horan on October 15, 2025.

Throughout this Summons period, Plaintiff has worked to obtain the contact information of all twenty-one Defendants. Without access to her Michigan State Police accounts, from which she has been denied access since 2021, obtaining the contact information was difficult. On November 19, 2024, Counsel for Plaintiff sent an electronic mail to nineteen of the individually named defendants with the Complaint, Rule 4(d) Waivers, and a cover letter. Defendant Davis was not included as Plaintiff did not have his contact information yet, as he had retired, and Defendant Michigan State Police was not included because the Attorney General's Office was the appropriate entity to contact.  In response to the email, Counsel for Defendants identified on this filing responded and agreed to accept service on behalf of nineteen Defendants: Buege, Nemecek, Sweeney, Grady, Horan, Maki, Darling, Herr, Deasy, Dillon, Stephens, Bock, Gee-Cram, Brimacombe, Hinz, Williams, Ziesman, Fias, and Michigan State Police.

Attorneys Waddell and Wier executed Waivers of Service pursuant to Federal Rule of Civil Procedure 4(d) for these Defendants. On December 3, 2025, Attorney Waddell notified Counsel for Plaintiff that two of the Defendants (Robert Davis and Cameron Henke) have retired from the Michigan State Police. Thus, Attorneys Waddell and Wier were unable to execute Waivers on their behalf. Because these Defendants have retired from the Michigan State Police, Plaintiff cannot send Waivers to their work addresses.

Plaintiff and her counsel conducted People Searches on LexisNexis and utilized other methods to locate these Defendants' personal contact information. On December 12, 2025, Counsel for Plaintiff sent by USPS Certified Mail the Complaint, Rule 4 Waivers, and the Summons to obtain either the signed Waiver or proof of service through the mail.

Federal Rule of Civil Procedure 4(d)(1)(f) provides Defendants with a reasonable time of at least 30 days to return the Waiver. It is unlikely the Waivers will be returned, or service perfected, before the expiration of the Summons on December 21, 2025. Even if the Waivers were sent out the same day Counsel for Plaintiff learned of the Defendants' retirement, this Motion to Extend the Summons would still have been appropriate as there were not 30 days remaining in the 90-day window of service. For these reasons, Plaintiff brings this Motion to Extend Summons timely, in good faith, and with good cause prior to the expiration of the Summons for efficiency and to advise the Court of the foregoing challenges.

## II.    STANDARD OF LAW

Federal Rule of Civil Procedure (4)(m) sets forth the timeline for effecting service of process, as well as the scenarios that warrant extending the timeframe.

The rule states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"How a district court should respond to a motion to enlarge the time for service of process depends on the circumstances." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). "If a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service." *Id*. (citing Fed. R. Civ. P. 4(m)).

Rule 4(m) provides no definition for "good cause," but the Sixth Circuit has defined it as "a reasonable, diligent effort" at proper service. *Johnson v. Smith,* 835 Fed. Appx. 114, 115 (6th Cir. 2021). Often, good cause is shown when "something outside the plaintiff's control prevents timely service." *Savoie v. City of Lansing*, No. 21-2684, at *4 (6th Cir. Aug. 24, 2022).

### III.   ARGUMENT

#### A. Plaintiff has shown good cause for failing to serve the individual Defendants Davis and Henke within 90 days.

Plaintiff has made good faith efforts to effect proper service of process. Upon filing the Complaint on September 23, 2025, and the Amended Complaint on October 12, 2025, Plaintiff worked to obtain the contact information of all Defendants. Plaintiff has been denied access to her work accounts since 2021 when she was placed on leave, so she has had to seek the contact information based on her own independent research.

On November 19, 2025, the Complaint and Rule 4 Waivers were sent to all named Defendants, except Davis, as his contact information was still unknown to Plaintiff.

4

Then, on December 3, 2025, Attorney Waddell notified Counsel for Plaintiff that Defendants Robert Davis and Cameron Henke had retired from the Michigan State Police and they were unable to execute Waivers on their behalf. Plaintiff was previously aware that Davis had retired, but not Henke. Since learning that information, Plaintiff has worked to obtain their contact information to provide the Waivers and complete service and sent out a certified mailing to attempt service to both Defendants on December 12, 2025.

Plaintiff's Motion to Extend Summons is made in advance of the expiration of summons on December 21, 2025; nineteen Defendants have already been served; and service has been attempted for the remaining two with responses not yet known. Contrasted with *United States v. Oakland Physicians Med. Ctr., LLC*, where Plaintiffs merely made one attempt at service 88 days into the 90-day window, and Defendants did not receive notice until 50 days after the expiration of the service period. 44 F.4th 565 (6th Cir. 2022). Plaintiffs there did not bring a motion to extend service before the 90-day period expired. The Court found they had not established good cause for an extension.

Here, there are twenty-one Defendants and only two remain to be served. Thus, Plaintiff has made good faith efforts to complete service. The unanticipated change in circumstances of employment and contact information for the remaining two Defendants and Plaintiff's inability to access her employment contacts with the Michigan State Police have created challenges in this process. For the foregoing reasons, Plaintiff has established good cause to warrant a reasonable extension of the Summons to allow her to serve Defendants Davis and Henke.

> **B. If good cause is not established, this Court should utilize its discretion and grant additional time to complete proper service on Defendants Davis and Henke.**

How a district court should respond to a motion to enlarge the time for service of process depends on the circumstances. *Id.* If a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service. Fed. R. Civ. P. 4(m). But absent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe. *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 568, citing *Henderson v. United States*, 517 U.S. 654, 662; 116 S.Ct. 1638; 134 L.Ed.2d 880 (1996).

The Sixth Circuit has held that a district court should consider the following factors when deciding whether to grant a discretionary extension of time in the absence of finding good cause:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569.

Analyzing these factors weighs in the favor of Plaintiff. For factor one, this Motion is before this Court in advance of the expiration of the two remaining Summonses.

A minimum of 30 days must be provided when requesting a Rule 4 Waiver pursuant to the Federal Rules of Civil Procedure. If Defendants do not respond, Plaintiff will then need to serve Defendants through other means, such as another certified mail or personal service. Upon learning of their retirement statuses, Plaintiff searched for and ultimately obtained their contact information, and on December 12, 2025, Counsel for Plaintiff sent them each the Complaint, Rule 4(d) Waivers, and Summons through certified mail with restricted delivery and requested a return receipt. Because this Motion has been filed early and service has been attempted, an extension will not cause unreasonable delay.

Factor two favors Plaintiff. An extension of time does not prejudice the two remaining Defendants. Nineteen other Defendants have waived service and have the extended timeline to file a responsive pleading pursuant to Federal Rule of Civil Procedure 4(d)(3). Therefore, Plaintiff believes she can likely complete service on the remaining two Defendants before discovery commences.

Factor three favors Plaintiff. Though it is not confirmed whether the Defendants have actual notice of this lawsuit, because they are former employees of Defendant Michigan State Police and eighteen of their former colleagues are named individual Defendants who are represented by counsel, it is likely they are aware of the lawsuit. Plaintiff also has ongoing litigation in Eaton County Circuit Court against the Michigan State Police which has been covered at length in the media, so litigation related to her experiences as an employee should not be surprising to Defendants.

This contrasts with *Oakland Physicians Med. Ctr., LLC,* where the plaintiff never filed a Title VII suit after the EEOC declined to pursue charges, so the defendants could reasonably have expected no further legal action arising out of plaintiff's termination.  44 F.4th at 572.

Here, Plaintiff has never stopped pursuing her claims against the Michigan State Police and the named individual Defendants.

Factor four favors Plaintiff. Several claims in Plaintiff's lawsuit are time-barred and she would suffer prejudice if this request were denied. Specifically, Count I was time barred as of September 21, 2025, and Count II was time barred as of October 5, 2025.

Factor five favors Plaintiff. As detailed under the foregoing good cause analysis, Plaintiff has made good faith efforts to effectuate proper service of process on the two remaining Defendants.

Factor six is neutral to Plaintiff as she is not a pro se litigant.

Factor seven weighs in the favor of Plaintiff. This case is unique because of the high number of defendants. Serving twenty-one defendants in 90 days is a challenge, and Plaintiff was able to serve all but two. The volume of Defendants in this litigation and the challenge of service should weigh equitably to Plaintiff.

### IV. CONCLUSION

For the above reasons, Plaintiff respectfully requests that her Motion to Extend Summons be granted.

Dated: December 19, 2025

Respectfully Submitted,
ABDNOUR WEIKER LLP

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@awlawohio.com

*Attorneys for Plaintiff*

8

## CERTIFICATION OF SERVICE

I hereby certify that on December 19, 2025, I filed this Document by use of this Court's ECF system, which will serve copies to all counsel of record.

*/s/ Nicole Cote*