UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MEGAN MORYC,

    Plaintiff,

v

MICHIGAN STATE POLICE, a Department of the State of Michigan; JAMES F. GRADY II; AIMEE BRIMACOMBE; LISA GEE-CRAM; DALE HINZ; CAMERON HENKE; JASON NEMECEK; MICHAEL DILLON; ERIC DARLING; KANDYCE HERR; THOMAS DEASY; MATTHEW WILLIAMS; NICOLE BOCK; KEVIN SWEENEY; ANDREW FIAS; RYAN MAKI; MICHAEL STEPHENS; CARISSA HORAN; BRIAN BUEGE; ROBERT DAVIS; and SCOTT ZIESMAN; officially and in their personal capacities,

    Defendants.

No. 1:25-cv-1127

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

---

Elizabeth K. Abdnour (P78203)
ABDNOUR WEIKER LLP
Attorneys for Plaintiff
325 E. Grand River Ave., Suite 250
East Lansing, MI  48823
517.292.0067
liz@education-rights.com

Mary A. Waddell (P70545)
Ryan Wier (P83886)
Assistant Attorneys General
Attorneys for Defendants
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI  48909
517.335.7573
waddellm1@michigan.gov
wierr2@michigan.gov

        /

**BRIEF IN SUPPORT OF DEFENDANTS MICHIGAN STATE POLICE, GRADY, BRIMACOMBE, GEE-CRAM, HINZ, NEMECEK, DARLING, HERR, DEASY, WILLIAMS, BOCK, SWEENEY, FIAS, MAKI, HORAN, BUEGE, AND ZIESMAN'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

## TABLE OF CONTENTS

Page

Table of Contents ............................................................................................................. i

Index of Authorities ........................................................................................................ ii

Concise Statement of Issues Presented ........................................................................ iii

Controlling or Most Appropriate Authority ................................................................. iv

Introduction .................................................................................................................... 1

standard of review .......................................................................................................... 1

Argument ........................................................................................................................ 2

I.   Moryc's complaint should be dismissed pursuant to Rule 8. ........................... 2

    A.   The complaint is not a "short and plain statement" as required by Rule 8. ............................................................................................... 4

    B.   The Complaint improperly lumps 21 Defendants together. ................... 6

    C.   The Complaint's structure obscures the elements of each claim. .......... 6

    D.   The Complaint Imposes an Unwarranted Burden on the Court and the Parties and dismissal is appropriate. ........................................ 7

II.  Alternative Relief Under Rule 12(e) ................................................................. 7

Conclusion and Relief Requested .................................................................................. 8

# INDEX OF AUTHORITIES

Page

**Cases**

*Flayter v. Wisc. Dep't of Corr.*,
   16 Fed. App'x 507 (7th Cir. 2001) ................................................................................ 3

*Gora v. Gelebert*,
   2009 U.S. Dist. LEXIS 91506 *14 (W.D. Mich. 2009) ................................................. 2

*Jennings v. Emry*,
   910 F.2d 1434 (7th Cir. 1990) ...................................................................................... 2

*Kensu v. Corizon, Inc*,
   5 F. 4th 646 (6th Cir. 2021) ......................................................................................... 2

*Lee v. Ohio Educ. Ass'n.*,
   951 F.3d 386 (6th Cir. 2020) ....................................................................................... 5

*McComb v. Dominium Prop.*,
   2024 U.S. Dist. LEXIS 202152 ................................................................................... 3

*Sherman v. Saxon Mortg. Servs. Inc.*,
   No. CIV. 10-2282-STA-TMP, 2010 U.S. Dist. LEXIS 58801,
   2010 WL 2465459 ........................................................................................................ 3

*Swierkiewicz v. Sorema N. A.*,
   534 U.S. 506 (2002) ..................................................................................................... 2

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................ 2, 7, 8

Fed. R. Civ. P. 8 ........................................................................................................ passim

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Federal Rule of Civil Procedure 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, it provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Plaintiff's complaint fails to comply with these pleading requirements. Should Plaintiff's complaint be dismissed?

2. Federal Rule of Civil Procedure 12(e) authorizes a motion for a more definite statement when a pleading "is so vague or ambiguous that a party cannot reasonably prepare a response." Plaintiff's complaint is so prolix, ambiguous, and opaque that Defendants cannot reasonably respond without clarification. Should Plaintiff be required to amend her complaint to provide a more definite statement?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

Fed. R. Civ. P. 8

Fed. R. Civ. P. 12(e)

*Kensu v. Corizon, Inc.,* 5 F. 4th 646 (6th Cir. 2021)

## INTRODUCTION

Federal Rule of Civil Procedure 8 requires a complaint to contain a "short and plain statement" of the claims showing that the pleader is entitled to relief. This requirement is not a mere technicality; it exists to ensure that defendants and the Court can understand what claims are asserted, against whom, and on what factual basis. Moryc's 85-page complaint (*excluding* exhibits) flagrantly disregards Rule 8. Moryc's complaint is not merely lengthy—it is structurally unintelligible. It presents a sweeping narrative spanning nearly a decade, contains 531 paragraphs, names 21 defendants and asserts eight "counts,[1]" while failing to perform the basic function Rule 8 requires, giving fair notice of who is alleged to have done what, when, and under which legal theory. Courts in the Sixth Circuit reject pleadings that force defendants and the court to sift through a narrative in search of viable claims. Where, as here, the complaint relies on collective allegations, indiscriminate incorporation, and undifferentiated counts, dismissal or repleading is not discretionary—it is required.

## STANDARD OF REVIEW

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) further requires that each allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When a complaint fails to comply with the requirements as

---

[1] Count VIII, labeled as "Injunctive Relief" is a remedy not a claim. (ECF No. 5, PageID.285.) *Madej v. Maiden,* 951 F.3d 364, 369 (6th Cir. 2020) ("[A]n injunction is a remedy, not a claim.")

1

set forth in Rule 8, the district court has the power, on motion, or sua sponte, to dismiss the complaint. See *Gora v. Gelebert*, 2009 U.S. Dist. LEXIS 91506 *14 (W.D. Mich. 2009) (citing *Simmons v. Abruzzo*, 49 F. 3d 83, 86 (2nd Cir. 1995)).

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 514 (2002).

## ARGUMENT

**I.      Moryc's complaint should be dismissed pursuant to Rule 8.**

Federal Rule of Civil Procedure 8 proscribes "obfuscation of the plaintiff's claims," as "[t]he district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Kensu v. Corizon, Inc,* 5 F. 4th 646, 651 (6th Cir. 2021) (citation omitted). Indeed, the Sixth Circuit has held that Rule 8 is violated where a complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Id*. Other courts agree that Rule 8 is violated when comprehending its meaning would require the Court "or opposing party to forever sift through its pages in search of that understanding." See *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (dismissing a 55-page complaint for violating Rule 8). Indeed, "[a] prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." *Flayter v. Wisc. Dep't of*

2

*Corr.*, 16 Fed. App'x 507, 509 (7th Cir. 2001) (dismissing a 116-page complaint for violating Rule 8); see also *Sherman v. Saxon Mortg. Servs. Inc.*, No. CIV. 10-2282-STA-TMP, 2010 U.S. Dist. LEXIS 58801, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (collecting cases).

Federal courts consistently dismiss complaints that violate Rule 8 by being excessively long, disorganized, or by lumping multiple defendants together without specifying their alleged conduct. "The usual remedy is dismissal without prejudice, while granting leave to amend." *McComb v. Dominium Prop.*, 2024 U.S. Dist. LEXIS 202152, *6 citing *Kensu,* 5 F.4th at 653.

Here, dismissal of Moryc's complaint is appropriate as it suffers from multiple defects that prevent Defendants from reasonably responding, including but not limited to the following:

### i. Failure to Identify Specific Conduct

The Complaint alleges that Defendants engaged in unlawful conduct but fails to specify:

- The precise actions each Defendant allegedly took;
- The dates or time frame of the alleged conduct[2]; and
- The individuals involved in or responsible for the alleged actions.

---

[2] Indeed, Moryc omits dates altogether or repeatedly alleges "at all relevant times" rather than providing specific dates or a date range. For example, see ¶¶ 15-32 (ECF No. 5, PageID.209-213). This is improper because her complaint contains allegations that span nearly a decade leaving Defendants to guess when a specific allegation of misconduct purportedly occurred. This improper pleading is at best imprecise, and at worst, an intentional effort to obfuscate from the Court the time-barred nature of her claims.

3

Instead, Moryc relies on broad and conclusory assertions that do not provide fair notice of the claims asserted.

### ii. Use of Collective and Undefined Terms

Moryc repeatedly refers to "Defendants," or similar collective terms without identifying which Defendant or individual allegedly engaged in which conduct. This pleading defect makes it impossible for each Defendant to determine their alleged role or liability

### iii. Unclear Legal Theories

The Complaint fails to clearly delineate:

- Which factual allegations correspond to which legal claims;
- The elements of each cause of action Moryc contends are satisfied.

As pled, the Complaint forces Defendants to guess at the nature and scope of the claims. It should be dismissed.

### A. The complaint is not a "short and plain statement" as required by Rule 8.

An 85-page complaint with 531 paragraphs is, by definition, not "short." More importantly, it is not "plain." Rather than presenting a clear, concise statement of facts tied to specific claims, the complaint reads as an exhaustive narrative of events, commentary, and background allegations. The sheer length and density of the complaint obscures, rather than clarifies Moryc's claims. Courts routinely dismiss (or require amendments to) complaints of similar length where the volume of allegations make it impossible to discern the factual basis of each claim. Moryc's complaint is the proverbial bucket of mud because it fails to "connect

4

specific facts or events with the various causes of action she assert[s]." *Lee v. Ohio Educ. Ass'n.*, 951 F.3d 386, 393 (6th Cir. 2020) .

Rather than each count specifying the factual allegations against each defendant that purportedly state a claim, Moryc's complaint begins with a 426-paragraph diatribe, followed by eight "counts" that do not bother to plead specific allegations against each Defendant. Instead, Moryc simply adds the names of specific Defendants in parentheses under each Count—and then unabashedly incorporates all of the previous paragraphs by reference. (ECF No. 5, PageID.270-272, 275, 280, 282-283, 285-286.) This shotgun-style pleading places the burden on the Defendants and the Court to 1) weed out material factual allegations from Moryc's interpretive gloss, 2) guess which of the 531 allegations give rise to each of the eight "counts," and 3) presume which factual allegations pertain to which Defendant.

For example, in the 426 paragraphs that precede Count I, there are merely three allegations that reference Defendant Stephens. (ECF No. 5, PageID.212; 236.) Accepted as true, those three allegations amount to Defendant Stephens having been a Post Commander and having served Moryc with administrative notices required by the Collective Bargaining Agreement between MSP and the union representing Moryc. (*Id.*) Yet, inexplicably, Stephens is included in the parenthetical reference under Counts III, IV, and V. Not surprisingly, the undersigned was unable to locate any authority for the proposition that providing contractual notices gives rise to constitutional claims. As another example,

5

Defendant Horan is a named Defendant, but her name is not listed in parentheses under any of eight "Counts" leaving the Court and Defendants to guess what claims Moryc *meant* to allege against her.

These failures are just a snippet of the Moryc's repeated violations of "Rule 8(a)(2)'s requirement that she provide the defendants 'adequate notice of the claims against them and the grounds upon which each claim rests.'" *Id*. at 393-394.

**B.      The Complaint improperly lumps 21 Defendants together.**

The Complaint names 21 Defendants but largely fails to distinguish among them.  Instead, it relies on collective allegations against "Defendants" as a group, without identifying which Defendant allegedly engaged in which conduct.  For example, see ¶¶ 444. 446-457, 482-485, 490, 496-500, 504-510.  (ECF No. 5, PageID.273-275; 278-283.)[3]  This impermissible lumping deprives each Defendant of fair notice of the specific claims and factual allegations asserted against them.  Rule 8 requires more than a generalized assertion that "Defendants" collectively violated the law; it requires allegations that connect particular defendants, to particular conduct, giving rise to particular claims.

**C.      The Complaint's structure obscures the elements of each claim.**

Each of the Complaint's eight counts incorporates by reference hundreds of preceding paragraphs.  (ECF No. 5, PageID.270-272, 275, 280, 282-283, 285-286.) This wholesale incorporation forces Defendants and the Court to guess which of the

---

[3] This is not an exhaustive list of all of the collective allegations, but rather a representative sample of the improper pleading.

6

531 paragraphs are intended to support which elements of which claims and weed out the noise.  For example, Count VI is labelled "State Created Danger." Glaringly, absent from all 531 paragraphs is a single allegation that "[blank]" is a state created danger.  Such pleading practices violate Rule 8's requirement that allegations be simple, concise, and direct.  Courts have consistently rejected complaints that require defendants to piece together the elements of a claim from an unwieldy mass of allegations.

> **D. The Complaint Imposes an Unwarranted Burden on the Court and the Parties and dismissal is appropriate.**

Rule 8 exists in part to prevent exactly what Moryc has done here: impose on the Court and the parties the burden of deciphering an overlong, disorganized pleading.  Judicial resources should not be spent untangling a complaint that fails to present claims in a coherent and manageable way.  Allowing such pleadings to proceed undermines the efficient administration of justice and encourages precisely the type of abusive or careless pleading that Rule 8 is designed to prevent.

Dismissal is warranted where a complaint so plainly violates Rule 8 that it fails to provide fair notice of the claims or a workable framework for litigation.

## II.   ALTERNATIVE RELIEF UNDER RULE 12(e)

In the alternative to dismissal, the Court should require Moryc to provide a more definite statement under Federal Rule of Civil Procedure 12(e).  Rule 12(e) authorizes such relief where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."

As explained above, the Complaint's length, structure, and collective pleading make it impossible for Defendants to determine which factual allegations correspond to which claims and which Defendants are allegedly responsible for which acts. Courts routinely grant Rule 12(e) relief in precisely these circumstances, where a complaint's lack of clarity prevents a meaningful response and efficient case management. At a minimum, the Court should require Moryc to file a substantially shortened and clarified amended complaint that complies with Rule 8 by:

1) Eliminating time-barred, immaterial, redundant, or argumentative allegations.
2) Clarifying the specific factual basis for each cause of action asserted;
3) Clarifying the dates or time periods during which the alleged conduct occurred;
4) Identifying the individuals involved in the alleged conduct;
5) Identifying which Defendant is alleged to have engaged in which acts; and
6) Specifying the statutory or legal basis for each claim.

Absent such relief, Defendants cannot reasonably be expected to frame a responsive pleading, and the Court cannot efficiently manage the case.

## CONCLUSION AND RELIEF REQUESTED

Defendants respectfully requests that the Court dismiss Moryc's complaint or in the alternative, order Moryc to file a more definite statement that complies with Rule 8 as specified in Argument II. Such clarification will allow Defendants to prepare a meaningful response and promote the efficient resolution of this matter.

Respectfully submitted,

*/s/ Mary A. Waddell*
Mary A. Waddell
Assistant Attorney General
Attorney for MSP Defendants
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
waddellm1@michigan.gov
P70545

Dated:  January 6, 2026

## CERTIFICATE OF SERVICE

I certify that on January 6, 2026, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will provide electronic copies to counsel of record, and I certify that my secretary has mailed by U.S. Postal Service the papers to any non-ECF participant.

/s/ *Mary A. Waddell*
Mary A. Waddell
Assistant Attorney General
Attorney for MSP Defendants

2025-0444648-A

9