UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MEGAN MORYC**,

        Plaintiff,

v.

**MICHIGAN STATE POLICE**, a department of the State of Michigan; **JAMES F. GRADY II; AIMEE BRIMACOMBE; LISA GEE-CRAM; DALE HINZ; CAMERON HENKE; JASON NEMECEK; MICHAEL DILLON; ERIK DARLING; KANDYCE HERR; THOMAS DEASY; MATTHEW WILLIAMS; NICOLE BOCK; KEVIN SWEENEY; ANDREW FIAS; RYAN MAKI; MICHAEL STEPHENS; CARISSA HORAN; BRIAN BUEGE; ROBERT DAVIS**; and **SCOTT ZIESMAN**; officially and in their personal capacities,

        Defendants.

Case No. 1:25-cv-1127

Hon. Robert J. Jonker

---

Elizabeth K. Abdnour (P78203)
Nicole Cote (P86815)
ABDNOUR WEIKER LLP
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@awlawohio.com
nicole@education-rights.com

*Attorneys for Plaintiff*

Mary A. Waddell (P70545)
Ryan Wier (P83886)
Assistant Attorneys General
MI Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517-335-7573
waddellm1@michigan.gov
wierr2@michigan.gov

*Attorneys for Defendants Michigan State Police, Nicole Bock, Aimee Brimacombe, Brian Buege, Erik Darling, Thomas Deasy, Michael Dillon, Andrew Fias, Lisa Gee-Cram, James F. Grady, II, Kandyce Herr, Dale Hinz, Carissa Horan, Ryan Maki, Jason Nemecek, Michael Stephens, Kevin*

1

*Sweeney, Matthew Williams, and Scott Ziesman*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS MICHIGAN STATE POLICE, GRADY, BRIMACOMBE, GEE-CRAM, HINZ, NEMECEK, DARLING, HERR, DEASY, WILLIAMS, BOCK, SWEENEY, FIAS, MAKI, HORAN, BUEGE, STEPHENS, DILLON, AND ZIESMAN'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

Plaintiff MEGAN MORYC, by and through her attorneys, ABDNOUR WEIKER LLP, hereby submits this Opposition to Defendants Michigan State Police, Grady, Brimacombe, Gee-Cram, Hinz, Nemecek, Darling, Herr, Deasy, Williams, Bock, Sweeney, Fias, Maki, Horan, Buege, Stephens, Dillon, and Ziesman's (hereinafter "Defendants")[1] Motion to Dismiss or For a More Definite Statement. Plaintiff has adequately pled claims for relief against the MSP Defendants, and the Motion to Dismiss should be denied.

## STATEMENT OF FACTS

Plaintiff Megan Moryc has been a dedicated Michigan State Police ("MSP") Trooper since 2016. Am. Compl., ECF No. 5, PageID.206, ¶ 1. Plaintiff joined MSP with the goal of serving her community and keeping Michigan safe, but her experience within the department was marked by abuse, harassment, and retaliation. *Id.* at PageID.206, ¶¶ 1-6. When Plaintiff began her employment with MSP, she was assigned to the supervision of Trooper Trevin Antcliff, a known sexual harasser with a reputation for inappropriate behavior toward women. *Id.* at PageID.206, ¶ 3. It was reported to Plaintiff that MSP believed Tpr. Antcliff would not harass Plaintiff she was married. *Id.* However, Tpr. Antcliff began sexually harassing Plaintiff almost immediately. *Id.* at PageID.206, ¶ 4. Tpr. Antcliff repeatedly propositioned Tpr. Moryc for dates and sex, and eventually she agreed to begin a sexual relationship with him, feeling powerless to continue

---

[1] Defendants Davis and Henke have not yet been served. Plaintiff filed a Motion for Extension of Summons on December 19, 2025. ECF No. 9. That Motion remains pending.

2

resisting his advances. This decision broke up her marriage, but Tpr. Antcliff became increasingly abusive to Plaintiff. *Id.* at PageID.206-207, ¶ 4. Plaintiff feared reporting Tpr. Antcliff due to fear that she and Tpr. Antlcliff would be terminated. *Id.* Tpr. Moryc also experienced rampant sexual harassment and discrimination from other MSP employees. *Id.* at PageID.207, ¶ 5.

In February 2020, Plaintiff summoned the courage to file the first of a series of reports of sexual assault, harassment, and discrimination against other MSP employees. *Id.* Due to Tpr. Antcliff's abuse and threats, Plaintiff was not safely able to report his sexual assault, discrimination, and harassment to MSP until April 2023, after she ended their relationship. *Id.* Almost immediately after making her first report in February 2020, Tpr. Moryc became the victim of a sustained, unrelenting retaliation by MSP employees from her post all the way up to the very top of MSP. *Id.* at PageID.207, ¶ 6. The retaliation continues to this day. *Id.*

MSP terminated Plaintiff on August 9, 2021, without going through the progressive discipline process identified in the Michigan State Police Troopers Association ("MSPTA")'s collective bargaining agreement. *Id.* at PageID.217, ¶ 60. As a result, MSPTA filed a grievance on behalf of Plaintiff and the parties entered into a labor arbitration to resolve the grievance, which ultimately found in favor of Plaintiff on February 3, 2022, reducing Plaintiff's termination and awarding her reinstatement. *Id.* at PageID.217, ¶¶ 61-62. Since then, MSP has been fighting compliance with the 2022 arbitration award, refusing to allow Plaintiff to return to duty as a Trooper and continuing to discriminate and retaliate against her. *Id.* at PageID.217, ¶¶ 63-64.

## ARGUMENT

### I.     The Amended Complaint is Properly Pled Pursuant to Fed. R. Civ. P. 8.

Pursuant to Federal Rule of Civil Procedure 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does

3

not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

Defendants cite to several cases heard within the Sixth Circuit to try to argue that the Amended Complaint is faulty, including *Kensu v. Corizon, Inc.*, 5 F. 4th 646, (6th Cir. 2021); *McComb v. Dominium Prop.*, No. 3:23-cv-275, 2024 U.S. Dist. LEXIS 202152 (S.D. Ohio, Nov. 6, 2024); and *Lee v. Ohio Educ. Ass'n,* 951 F.3d 386 (6th Cir. 2020). Def. Brief in Supp. of Mot. to Dismiss, ECF No. 12, PageID.380, 381, and 383; ECF No. 15, PageID.399, 400, and 402. However, a simple review of the complaints filed in those matters demonstrates the frailty of that reliance, as those complaints are entirely distinguishable from the Amended Complaint filed in the instant matter.

The *Kensu* complaint, which is the second amended complaint in the case, is 108 pages and identifies 28 defendants. Ex. 1 at 1-2. It is not specific with respect to dates upon which incidents occurred[2] nor as to what facts relate to which of the 28 defendants[3] and includes numerous conclusory statements unsupported by facts.[4] Prior to the appeal before the Sixth

---

[2] *E.g.*, "The conduct for which Plaintiff seeks redress occurred after June 30, 2017," Ex. 1 at ¶ 98.

[3] E.g., "As the end of Plaintiff Kensu's six-month prescription supply of Cialis approached, Defendants engaged in a retaliatory plan to intentionally let Plaintiff Kensu's prescription for Cialis lapse so that he would experience a gap in treatment for his serious medical needs," Ex. 1 at ¶ 108, and

[4] E.g., "Defendant Schmidt experimented on Kensu by allowing his prescription for Cialis to lapse claiming she wanted to see how Kensu would do with no treatment for his prostate. Kensu did not consent to this interruption nor was he consulted at any time and there was no medical basis or medical purpose for this lapse in treatment," Ex. 1 at ¶ 111; "Many of these treatments and therapies have been permitted and given to other prisoners, but denied for the

4

Circuit, the district court had given the plaintiff's attorneys two opportunities to amend the complaint after the defendants filed motions to dismiss, giving the plaintiff "'one last chance' to file a pleading that 'omits unnecessary prolixity' and 'clearly and concisely imputes concrete acts to specific defendants.'"  *Kensu*, 5 F. 4th at 648-649.  The Sixth Circuit found, "Rather than trimming the excess as the district court had ordered, [the second amended complaint] relied on superficial additions such as a table of contents and 'descriptive headings to guide the reader.'" *Id*. at 649.  In upholding the district court's decision to grant the defendants' motion to dismiss, the court wrote,

> That pleading was Mr. Kensu's third strike. The district court found that the defendants would have still "ha[d] to expend enormous effort digging through 'a morass of irrelevancies' to identify 'the few allegations that matter.'" The complaint was "woefully short on specifics," "frequently connect[ed] back to conditions or complaints already litigated," and "lack[ed] the substance needed for Defendants to answer and assert any pertinent affirmative defenses." And because the conspiracy allegations were vague, conclusory, and unsupported by material facts, they were insufficient to cure the complaint's continuing use of the generic term "Defendants" throughout.

*Id.* (internal citations omitted).  It is easy to understand the Sixth Circuit's decision when reviewing the plaintiff's complaint.  *See* Ex. 1.  Plaintiff's Amended Complaint contains none of the issues

---

Plaintiff, even where his conditions are much more severe and advanced, the necessary treatments are known to be inexpensive, and where Plaintiff has expressed a willingness to pay for his treatments," *id.* at 122; and "Physicians and experts have recommended various treatments such as surgical repair, which have been covered up and/or denied by the MDOC and Corizon, while also denying all further examination or evaluation," *id.* at 125, ; and "This denial of an orthopedic consult is the result of the plan, policy, and practice of Defendants to deny Plaintiff Kensu access to treatment for his serious medical needs," *id*. at ¶ 133; and:

> Defendant Corizon leads by example, so to speak, by allowing and encouraging their subordinates to be deliberately indifferent to inmates' serious medical needs, such as Plaintiff's, as is demonstrated by numerous verdicts across the country against Corizon finding them both liable for deliberate indifference violations and awarding both compensatory damages as well as punitive damages to plaintiffs. These verdicts, however, did not have the desired effect declared by the legislature's purpose in enacting punitive damages in civil rights cases, since it did not deter them or others from engaging in similar misconduct.

*Id*. at ¶ 238.

5

identified by the Kensu court.  It has detailed specifics, identifies exactly which allegations connect with which defendants, provides specific dates and timeframes for each allegation, and contains material facts to support all allegations.  See Am. Compl., ECF No. 5.

In *McComb*, the complaint was filed by a *pro se* plaintiff.  The complaint appears to include irrelevant facts, includes substantial allegations with no indication of the time period during which the allegation occurred, cites quotes without citations, references case citations without explaining the reference, and fails to identify which counts connect to which defendants, among other issues. *See* Ex. 2.  Plaintiff's Amended Complaint suffers no such issues.  *See* ECF No. 5.  Defendants cite to *McComb* for the proposition that the Amended Complaint should be dismissed without prejudice, "'[t]he usual remedy is dismissal without prejudice, while granting leave to amend.' *McComb v. Dominium Prop.*, 2024 U.S. Dist. LEXIS 202152, *6 citing *Kensu*, 5 F.4th at 653," Def. Brief in Supp. of Mot. to Dismiss, ECF No. 12, PageID.381; ECF No. 15, PageID.400, but ignore the previous sentence in the McComb decision: "A complaint violates Rule 8(a) if "[it] is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *McComb*, No. 3:23-cv-275 at *5 (internal citations omitted).  Here, while the Amended Complaint is long, that is because there are extensive relevant facts to detail.  The Amended Complaint contains specific, time-identified factual allegations, little to no excessive words, is not redundant,[5] and its true substance is clear.

In *Lee*, the complaint was filed by attorneys, but although it identifies nine defendants and claims to be a class action complaint, it includes only a little over two pages of factual allegations, jumbles legal arguments with factual allegations, fails to specify exactly what legal violations it

---

[5] Conversely, some of Defendants' requested edits would make the Amended Complaint redundant.

alleges,[6] seeks extensive and confusing declaratory relief, among other issues. *See* Ex. 3. Again, the Amended Complaint suffers no such issues. *See* Am. Compl., ECF No. 5.

Defendants raise the following issues with the Amended Complaint, all of which fail. First, Defendants allege that the Amended Complaint fails to identify specific conduct. Def. Brief in Supp. of Mot. to Dismiss, ECF No. 12, PageID.381-382; ECF No. 15, PageID.400-401. They assert that the Amended Complaint "fails to specify…[t]he precise actions each Defendant allegedly took." ECF No. 12, PageID.381; ECF No. 15, at PageID.400. Defendants provide no examples of what they are referencing, and this assertion is clearly not accurate based on a simple reading of the Amended Complaint, as every allegation that relates to an individual defendant is identified. *See* ECF No. 5. Defendants next assert that the Amended Complaint "fails to specify…[t]he dates or time frame of the alleged conduct," this time citing one example. Def. Brief in Supp. of Mot. to Dismiss, ECF No. 12, PageID.381; ECF No. 15, PageID.400. In fact, most of the specific factual allegations are identified by date, and the few that are not, are given timeframes to the best of Plaintiff's recollection. The example Defendants cite to is not in the Factual Allegations section of the Amended Complaint, but rather in the Parties section. Am. Compl., ECF No. 5, PageID 208-213. Defendants apparently object to Plaintiff identifying each defendant as serving in a particular role "at all relevant times." This is a common way of identifying defendants in complaints, and in 19 years of practicing law, undersigned counsel has never seen such an argument from defense counsel about the "Parties" section of a complaint before. If this Court feels this identification of defendants is insufficiently specific, undersigned

---

[6] *E.g.*, "Ms. Lee is suing the OEA and its local affiliates, the NEA, the school districts, Governor Kasich, Attorney General DeWine, and the members of the State Employment Relations Board under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that she is requesting," Ex. 3 at ¶ 29, and "Ms. Lee is suing the OEA, its affiliates, the NEA, and the school districts under the Ohio state constitutional provisions that protect the rights of private property and freedom of conscience, including but not limited to article I § 1, and article I, § 7," *id.* at ¶ 30.

7

counsel will welcome any guidance the Court can provide as to how to adequately modify this section. Defendants then allege that the Amended complaint "fails to specify…[t]he individuals involved in or responsible for the alleged actions." Def. Brief in Supp. of Mot. to Dismiss, ECF No. 12, PageID.381; ECF No. 15, PageID.400. Again, Defendants provide no examples of what they are referencing, and the Amended Complaint clearly specifies which individuals are responsible for which alleged actions to the extent that Plaintiff knows. *See* Am. Compl., ECF No. 5. Because discovery has not yet commenced, there are certain allegations to which Plaintiff is unable to connect specific individuals, but that does not mean the Amended Complaint is insufficient. *Twombly* discusses at length the error of holding a plaintiff to too narrow of a pleading requirement:

> Justice Black's opinion for the Court in Conley v. Gibson spoke not only of the need for fair notice of the grounds for entitlement to relief but of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
>
> …
>
> The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint…. Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Twombly*, 550 U.S. at 561-563.

Defendants next argue that the Amended Complaint wrongly uses "collective and undefined terms" with respect to its use of the word "Defendants." Def. Brief in Supp. of Mot. to Dismiss, ECF No. 12, PageID.382; ECF No. 15, PageID.401. Plaintiff assumes, because again, no examples are provided, that Defendants are referring to the Counts section of the Complaint.

8

This argument fails, as the Amended Complaint identifies exactly which defendants relate to the term "Defendants" in each count. Am. Compl., ECF No. 5, PageID.270-286.

Defendants next argue that the Amended Complaint contains "unclear legal theories." Def. Brief in Supp. of Mot. to Dismiss, ECF No. 12, PageID.382; ECF No. 15, PageID.401. Again without examples, Defendants wrongly assert that the Amended Complaint "fails to clearly delineate…[w]hich factual allegations correspond to which legal claims" and "[t]he elements of each cause of action Moryc contends are satisfied." *Id.* Taking the second argument first, Plaintiff is unaware of any—and Defendants cite to no—caselaw requiring that, in a complaint, a plaintiff state which elements of a cause of action are satisfied. Plaintiff does not even understand what Defendants mean. If they mean that a complaint is supposed to state that certain elements of a count have been proven at the time the complaint is filed, Plaintiff does not know how any plaintiff could ever demonstrate such, as a complaint is not an evidentiary document. Plaintiff can only respond that, through discovery, she believes she will be able to satisfy all elements of the cause of action. If Defendants disagree that the evidence gathered through the discovery process satisfies all elements of one or more of the causes of action cited in the complaint, then the appropriate method to make such an argument is a motion for summary judgment, not a motion to dismiss. "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a).

Moving to the first argument, Plaintiff believes the incorporation of the factual allegations at the beginning of each count meets the pleading standard. However, undersigned counsel did litigate one case in which a judge granted a motion to dismiss and ordered the plaintiffs to file an amended complaint, finding that specific factual assertions needed to be reiterated within each count to which they applied. Order, *Owens v. La. St. Univ.*, No. 3:21-cv-242 (M.D. La. Dec. 16,

9

2021) (ECF No. 177).  Plaintiffs in that case copied and pasted relevant allegations from the Factual Allegations section of the complaint to each count.  This caused the complaint to grow from 589 to 1120 paragraphs and resulted in significant repetition.  *See Owens v. La. St. Univ.*, No. 3:21-cv-242 (M.D. La. Jun. 25, 2021), Amended Complaint (ECF No. 22) and Second Amended Complaint (ECF No. 182).  Nonetheless, if the Court orders Plaintiff to make that modification here, she will do so.

Defendants' next argument, which is that the Amended Complaint violates Fed. R. Civ. P. 8 because it is not "short and plain" ignores *Twombly* and its progeny entirely. Def. Brief in Supp. of Mot. to Dismiss, ECF No. 12, PageID.382-384; ECF No. 15, PageID.401-403. Simultaneously, Defendants also confusingly argue that the complaint lacks sufficient facts regarding Defendants Stephens and Horan (the adding of which would obviously make the Amended Complaint run longer).  ECF No. 12, PageID.383-384; ECF No. 15, PageID.402-403.  Defendants assert, without citation, that "Courts routinely dismiss (or require amendments to) complaints of similar length where the volume of allegations make it impossible to discern the factual basis of each claim." ECF No. 12, PageID.383; ECF No. 15, PageID.402.  Plaintiff could just as easily cite, without citation, that courts routinely deny motions to dismiss where the lack of citations and caselaw make it impossible to discern the basis for the argument.

Defendants next argue that "[t]he Complaint names 21 Defendants but largely fails to distinguish among them."  ECF No. 12, PageID.384; ECF No. 15, PageID.403.  This time, they cite to paragraphs of the Amended Complaint, but the paragraphs to which they cite fall within specific counts, each of which specifies exactly which defendants it references.  *See* Am. Compl., ECF No. 5, PageID.270-286.  This Court recently held allegations that a complaint alleging that multiple defendants engaged in the same conduct did not violate Rule 8 where there was a

10

reasonable expectation that discovery would reveal evidence to support the claims and where the role each defendant played in the business at issue was specified in the complaint. *Rojas v. First Pick Farms, LLC*, 1:23-cv-604 (W.D. Mich. Jan. 2, 2026). Here, Plaintiff's detailed Complaint puts each of the MSP Defendants on notice of the allegations of conduct against them in detail within the Factual Allegations, and then within each specific Count.  This argument fails as it is clearly contradicted by the face of the Amended Complaint.

Defendants finally argue more about the structure of the Amended Complaint, echoing prior arguments.  Plaintiff reiterates her willingness to repeat paragraphs of allegations under each count if the Court orders her to do so.

Defendants' request that the Amended Complaint be dismissed entirely or amended in accordance with its significant list of demands is baseless and, frankly, impossible.  While demanding a shorter complaint, Defendants also demand more content.  The length of the Amended Complaint was necessary to provide a sufficient factual basis to support the claims, and if accepted as true, each claim is plausible on its face.  Thus, Plaintiff's Complaint satisfies Fed. R. Civ. P. 8, and also the controlling *Iqbal* standard.

**II.    The Amended Complaint is Properly Pled Pursuant to Fed. R. Civ. P. 12(e).**

Defendants provide an alternative request for relief, asking the Court to order Plaintiff to amend the complaint via six specific demands. ECF No. 12, PageID.386; ECF No. 15, PageID.405. Not only is this request unsupported by any case law, all six requests contradict the very relief that Defendants claim to seek.

Defendants request that many of the allegations be eliminated and for the Complaint to be significantly shortened, while also asking the Court to require Plaintiff to amend the Amended Complaint to "identify[] which Defendant is alleged to have engaged in which acts." ECF No. 12,

11

PageID.386; ECF No. 15, PageID.405. To illustrate the contradiction: instead of the current language in ¶ 444, "Defendants are state actors and at all relevant times were acting under color of law," Am. Compl., ECF No. 5, PageID.273, Defendants apparently want this clear, simple paragraph expanded into nineteen separate paragraphs:

1. Defendant Grady was a state actor and at all relevant times were acting under color of law.

2. Defendant Brimacombe was a state actor and at all relevant times were acting under color of law.

3. Defendant Gee-Cram was a state actor and at all relevant times were acting under color of law.

4. Defendant Hinz was a state actor and at all relevant times were acting under color of law.

5. Defendant Henke was a state actor and at all relevant times were acting under color of law.

6. Defendant Nemecek was a state actor and at all relevant times were acting under color of law.

7. Defendant Dillon was a state actor and at all relevant times were acting under color of law.

8. Defendant Darling was a state actor and at all relevant times were acting under color of law.

9. Defendant Herr was a state actor and at all relevant times were acting under color of law.

10. Defendant Deasy was a state actor and at all relevant times were acting under color of law.

11. Defendant Williams was a state actor and at all relevant times were acting under color of law.

12. Defendant Bock was a state actor and at all relevant times were acting under color of law.

13. Defendant Sweeney was a state actor and at all relevant times were acting under color of law.

14. Defendant Fias was a state actor and at all relevant times were acting under color of law.

15. Defendant Maki was a state actor and at all relevant times were acting under color of law.

16. Defendant Stephens was a state actor and at all relevant times were acting under color of law.

17. Defendant Buege was a state actor and at all relevant times were acting under color of law.

18. Defendant Davis was a state actor and at all relevant times were acting under color of law.

19. Defendant Ziesman was a state actor and at all relevant times were acting under color of law.

Defendants seem to be requesting this modification for every count. It is unclear how this achieves Defendants stated goal of a more short, concise, and clear complaint. All allegations in the Amended Complaint are appropriately detailed with chronological timeframes and provide the factual context of the claims. Each individual defendant is clearly identified within each Count, which is supported by statutory and legal basis.

Finally, Plaintiff does agree that Defendant Carissa Horan was not individually identified within her respective applicable Counts. To remedy this, Plaintiff intends to file a Motion for Leave to Amend Complaint to provide clarity on the claims applicable to Defendant Horan.

## CONCLUSION

For these Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss or for a More Definite Statement, or alternately, grant Plaintiff leave to amend the Amended Complaint.

Dated: February 3, 2026

           Respectfully submitted,
           ABDNOUR WEIKER LLP

           */s/ Elizabeth K. Abdnour*
           Elizabeth K. Abdnour (P78203)
           Nicole Cote (P86815)
           325 E. Grand River Ave., Ste. 250
           East Lansing, MI 48823
           (517) 994-1776
           liz@awlawohio.com
           nicole@education-rights.com

           *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief complies with the limits set forth in LCivR 7.2(b)(i). Further, based on the Word Count function of Microsoft Word for Mac word processing software, applied to include all include headings, footnotes, citations and quotations, but not to include the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits, I certify that this Brief contains 4,005 words.

           */s/ Elizabeth K. Abdnour*
           Elizabeth K. Abdnour

## PROOF OF SERVICE

I hereby certify that on February 3, 2026, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to counsel of record.

           */s/ Elizabeth K. Abdnour*
           Elizabeth K. Abdnour