*original Complaint*

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OHIO
WESTERN DIVISION DAYTON

| | |
|---|---|
| *Robert McComb* | ) CASE NO: **3 : 23 CV** 275 |
| 905 GAWAIN CIRCLE | |
| DAYTON, OHIO 45449 | ) *HONORABLE JUDGE:* WALTER RICE |
| *Plaintiffs*, | MICHAEL J. NEWMAN |
| | ) |
| Vs. | COMPLAINT FOR MONEY DAMAGES JURY |
| | ) TRIAL DEMAND UNDER FEDERAL RULE 38. |
| *DOMINIUM PROPERTY et al* | MAGISTRATE JUDGE SILVAIN |
| 2905 Northwest Boulevard | ) |
| Plymouth, Minnesota 55441 | |
| | ) [WITH ATTACHED AFFIDAIVT/AFFIRMATION] |
| *Defendant,* | & EXHIBITS #A, #B, #C, #D, #E, #F, #G, #H, |
| Vs. | ) #I #J & #K... |
| | |
| *LAURENCE A. LASKY et al,* | ) |
| 3461 Office Park Drive | |
| Kettering, Ohio 45439 | ) |
| Dayton, Ohio 45402 | |
| *Third Party Defendant* | ) |
| *Jointly & Individual Capacity* | |
| | ) |

1.

## I.   NATURE OF THIS ACTION

2.     This is a civil rights lawsuit brought by Plaintiff Robert McComb to redress discrimination on the basis on Defendant Dominium Property and Laurence Lasky practices and policies in violation 42 U.S.C. 1981" Breach of Contract" & "Rights to Enforce Contract" , 42 U.S.C. 3604(f)(3)(B)    Interference with Civil Rights Acts of 1968, Title VIII and 42 U.S.C. 3601-3619 Fair Housing Amendments Act of 1989 et eq. Title 24 C.F.R. part 100, Title VI Civil Rights Acts 42 U.S.C. 2000d et seq., Housing Discrimination Under The Fair Housing Act 3604, 3605, OR 3617, Fraud et seq., Negligent, Inducement and Misrepresentation, Retaliation under Fair Housing Act, Breach of Covenant of Quiet Enjoyment, Discriminatory Renting Practices and Due Process under 1st , 5th and 14th Amendment, Discrimination on Basis of denial of housing to Section 8 Vouchers participant' s.

## I.   JURISDICTION

3.     This Court has jurisdiction over the federal claims presented in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 3613, and 29 U.S.C. § 794a and Common Law.  The plaintiffs bring their federal claims against the defendants et al pursuant to 42 U.S.C. § 1981, 42 U.S.C.1983, 42 U.S.C. 1985, 42 U.S.C. § 3601 et seq., 42 U.S.C. § 1437; 29 U.S.C. § 794a; and 42 U.S.C. § § 12133 -12188 and, 24 C.F.R. their applicable implementing regulations.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.   "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

- *Section 1343* bestows original jurisdiction in the United States district courts for actions alleging deprivation of civil rights under 18 U.S.C.A color of law:

  (a) The district courts shall have original jurisdiction of any action authorized by law to be commenced by any person:

5.  To redress the deprivation of rights under colorable of all federal or State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]

## II.   VENUE

6.  Venue is proper in the United States District Court for the Southern District of Ohio because the Defendant et al *Dominium Property Management Company et al,* located *2905 Northwest Boulevard Plymouth, Minnesota 55441* as were doing business at the time of the action within Dayton, Ohio, Montgomery County by agreement contract with The Greater Dayton Premier Management and Public Housing Authorities.

## III.   FEDERAL AND STATE STATUES AND LAWS PROTECTION

7.  Plaintiff further asserts that his Constitutional Rights under Federal and State, Statutes, Regulations and Laws were violated in accordance to the following:

- Equal Protection Rights Under the Law section (b); *42 U.S.C. 1981* *"Breach of Contract"* and *Rights to Enforce Leasing Contract* between Plaintiff Robert McComb & Dominium Property/The Voyageur Apartment, Title 42 U.S.C. 3601 et seq. (1968), 42 U.S.C. 3604 *"Discriminatory Under Fair Housing Act"* , *Fraud, Title 24 – Housing and Urban Development section 100.7 "Liability for discriminatory*

3.

*housing practices, 24 CFR. 966.4(1)(3), 24 CFR 996.4(1)(2)(i); Violations of I.R.C. section 42, 24 CFR part 92, L.I.H.T.C. under H.I.P.P., Title VI Civil Rights Act -1964 (42 U.S.C. 2000d); Joy, 479 F2d at 1243; National Housing Act section 221(d)(3);* and *Due Process violation under 1st, 5th and 14th amendments to Organic United States of American Constitution and Common Law.*

8.    Plaintiff Robert S. McComb being a participant under the federally funded program Section 8 program administered by H.U.D Plaintiff Robert McComb Section 8 assistance is provided under section 8 of the 1937 Act (42 U.S.C. 1437f) pursuant to 24 CFR part 882, subpart G. being under a group and individual,

9.    HUD sets policy and procedures related to the Section 8 Voucher program with which local public housing authorities, like Dayton Metropolitan Housing Authority d/b/a aka Greater Dayton Premier Management PHA, Dominium Property and The Voyageur Apartments must comply with Statues, State and Federal Laws, Ohio and United State Constitution and Internal Revenue Code 42(h)(6) et seq under Tenant Good Cause Eviction.

- (*Cimarron Village Townhomes, Ltd v. Washington, 1999 Minn App LEXIS 890* - (*holding that good cause eviction protection is provided for under the LIHTC Statue*); See Federal Housing Commissioner (HUD) (Good Cause Regulation, 882.215(c)(2), 49 Fed Reg 12215, 12233 (1984); *See: S.B. Partnership v. Gogue, 1997 SD 41, 562 NW2d 754.755*(1997); *See:* Section 8 Housing Assistance Payments Program, Hearing before the Subcommittee on Housing and Community Development of the House Committee on Banking, Finance, and Urban Affairs ("Section 8 Hearing"), *103d Cong, 1st Sess 46* (GPO 1994)(Good Cause Eviction Protection)

10.     Federal Housing Acts regulates, oversees, set federal standards, regulations and statues in relations to tax Credit Properties, serves as foundational legal protection from discrimination and contracted with Housing and Urban Development which enforces laws and create policies to ensure equal access to housing under the Fair Housing Act.

11.     Department of Housing and Urban Development Act into Law and Policy Low-Income Housing Tax Credit and Home Investment Partnerships Program section J., to Enforce fair Housing Laws:

- Section J. Eviction et. Seq. IRS Revenue Procedure 2005-37 prohibits evictions or termination without good cause of the tenancy of an existing of low-income unit throughout the entire commitment period. Good cause does not include the following (1) failure to sign a new lease.

12.     All of the actions described herein were taken against Plaintiff Robert McComb by the Dominium Property/The Voyageur Apartments and Defendant Laurence Lasky by consensual recommendation, consent, agreement and authorization, located 814 Gawain Circle, West Carrollton, Ohio 45449 which occurred.

IV.   LEGAL STANDARD AND CONGRESSIONAL ACT AND INTENTION.CONGRESS INTENDED TO PROHIBIT ALL DISCRIMINATING ACTS THAT UNDERMINES THE BROAD GOALS OF THE FAIR HOUSING ACT

- The purpose of the FHA is "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. The Supreme Court has recognized that "the language of the Act is broad and inclusive," Trafficante v. Metro. Life Ins. Co., 409 U.S. 205, 209 (1972), and has repeatedly stated that the Act should be given a "generous construction." City of Edmonds v. Oxford House, Inc., 514 U.S. 725, 731

(1995) (quoting Trafficante, <u>409 U.S. at 212</u>). The Court also has recognized that the ultimate purpose of the FHA was to create "truly integrated and balanced living patterns." Trafficante, <u>409 U.S. at 211</u> (quoting 114 CONG. REC. 3422 (1968)). The principles embodied in the FHA reflect a "policy that Congress considered to be of the highest priority." Id.

- Congress not only wanted the FHA to remedy the problems associated with segregated housing patterns, such as lost suburban job opportunities for minorities, but it also sought to address the specific problem of "lack of experience in actually living next" to each other. 114 CONG. REC. 2275 (1968) (statement of Sen. Mondale). Congress intended to benefit not only black Americans, or other minority groups, or the protected classes delineated in the Act, but "the whole community" including *familial status*. 114 CONG. REC. 2706 (1968) (statement of Sen. Javits).

- In interpreting the FHA, courts must defer to the reasonable interpretations of the Department of Housing and Urban Development (HUD), the federal agency primarily charged with administering and enforcing the FHA. Meyer v. Holley, <u>537 U.S. 280, 287</u> (2003), (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, <u>467 U.S. 837, 842-44</u> (1984)); Campbell v. Robb, <u>162 Fed. Appx. at 466</u>; Hous. Opportunities Made Equal, <u>943 F.2d at 646</u>; see also Ojo v. Farmers Group, <u>600 F.3d 1205, 1208</u> (9th Cir. 2010).

## V.   SECTION 8 VOUCHER PROGRAM

a. Section 8 Voucher program is administered nationally by HUD; and

b. HUD contracts with thousands of "public housing authorities" including

6.

Dayton Metropolitan Housing Authority d/b/a aka Greater Dayton Premier Management (PHAs) across the country to run Section 8 Voucher programs in local areas to include Montgomery County, Ohio.

c. Dayton Metropolitan Housing Authority d/b/a aka Greater Dayton Premier Management PHA operates the Section 8 Voucher program in Dayton, Ohio.

13.    Plaintiff McComb a participants of Section 8 Voucher Program Dayton Metropolitan Housing Authority d/b/a aka Greater Dayton Premier Management PHA which pays a share of the rents, opts voucher holders to utilize said as partial rent assisting toward renting unit 905 Gawain Circle, West Carrollton, Ohio 45449 (hereinafter "Voucher holders" or "participants").

## VI.    LOW INCOME HOUSING TAX CREDIT ( "LIHTC STATUE 1990" ) ENACTMENT REQUIRES PROCEDURAL DUE PROCESS

14.    The LIHTC was enacted as part of the Tax Reform Act of 1986 and was made permanent by the Omnibus Budget Reconciliation Act of 1993. Good cause eviction protection is well established feature of Federal Low Income Housing Programs created under the United States Housing Act and Administered by HUD.

15.    The LIHTC statue guarantees tenants of LIHTC subsidized units procedural good cause eviction protection under the constitutional clause of "Due Process 5th and 14th amendment. Internal Revenue Code (IRC) Section 42 requires restrictive covenant on property that guarantees tenants in there LIHTC subsidized units "will not" be evicted except for good cause.

7.

## VII.    DUE PROCESS REQUIRED UNDER GOOD CAUSE EVICTION IN FEDERAL HOUSING PROGRAMS

- Common Law Federal Regulation and at common law, carries three types of landlord-tenant. It is no longer the law in any state that either party can terminate a lease upon expiration for any reason or no reason at all, the Federal Housing Act *"The Fair Housing Act, Pub L No 90-284, 82 Stat 83 (1968), codified at 42 U.S.C. 3604* (1994)"* , and State Law prohibits against retaliatory evictions place limits on the reasons a landlord may use to terminate or refuse to renew a lease. Rabin, 69 Cornell L Rev at 534 (cite in note 41) (stating that the landlord's traditional common law right to evict tenants without explanation "has been limited in every state by the federal Fair Housing Act, which prohibits discrimination ... and in most states by the doctrine prohibiting retaliatory eviction"). Retaliatory eviction protection is guaranteed in most states, either by statute or court decision. Id. In a typical retaliatory eviction case, a landlord seeks to evict a tenant who complained to a local housing code authority about the landlord's maintenance of the unit. See, for example, Edwards v Habib, <u>397 F2d 687,690</u> (DC Cir 1968).

- Rabin, 69 Cornell L Rev at 535 (cited in note 41). "*Just cause*" eviction protection has been extended to tenants who "(1) are protected by a rent control ordinance that has a just cause eviction provision, (2) live in government owned or subsidized housing, or (3) are subsidized tenants in privately owned housing." Id.

- See, for example, NJ Stat Ann § 2A:18-61.1 (West 1999) (providing a long list of potential eviction reasons that satisfy the good cause

8.

requirement, for instance: failing to pay rent, disturbing the peace of other residents despite previous written notice, causing damage or injury to the property willfully or "by reason of gross negligence"). See also <u>24 CFR § 966</u>.4(l)(2)(i) (1999).

- Federal Housing Commissioner (HUD), Explanation of Good Cause Regulation, § 882.215(c)(2), 49 Fed Reg 12215, 12233 (1984). For an example of a Section 8 lease provision conforming to federal good cause regulations, see S.B. Partnership v Gogue, 1997 SD 41, <u>562 NW2d 754, 755</u> (1997).

- Pub L No 93-383,50 Stat 888 (1937), codified as amended at <u>42 USC § 1437a(b)(6)</u> (1994 & Supp 1996) (defining the term "public housing agency").

- "Public housing programs" are those in which the housing units involved are publicly owned and ultimately under the direct control of locally chartered public housing authorities. "Section 8" is a program named for its location in the U.S. Housing Act of 1937,<u>42 USC § 1437f</u> (1994 & Supp 1996). Section 8 units are privately owned. A Section 8 subsidy can either be attached to the unit itself through a contract between the owner and the local public housing authority, or it can be brought to the unit by a low-income tenant who has a Section 8 voucher. *see Department of Housing and Urban Development, Programs of HUD (1993).*

It without doubt established that in "<u>LANDMARK</u>" case of *Goldberg v. Kelly, <u>397 US at 262-63</u>*, Supreme Court has extended "Due Process Protection" covering public benefits, even as such as welfare." ) See also *Goldberg v. Kelly at 262-64 n. 8* (that welfare benefits were a matter of

9.

"*statutory entitlement*" and that [it] may be realist today to regard welfare entitlements as more like '"" " property' than 'gratuity' " "

- *Further*, Id at 861, citing Goldberg, at 262-63. In Caulder v. Durham Housing Authority, 433 F2d 998 (4th Cir 1970), Supreme Court affirms that [t]he "*privilege*" or "*right*" to occupy publicly subsidized low-rent housing is no less "*entitled*" Due Process Protect than entitlement to welfare benefits subject to the decision in Goldberg." income he innovation in Goldberg was to treat a government benefit as property that the government could not deprive a person of without due process of law under the Fifth and Fourteenth Amendments.

- In Escalera v New York City Housing Authority, the Second Circuit held that "[t]he government cannot deprive a private citizen of his continued tenancy [in a public housing unit], without affording him adequate procedural safeguards even if public housing could be deemed to be a privilege."

- In 1973, the Fourth Circuit took the final step and held that due process required not only just procedures, but also a legitimate reason for terminating a tenancy. In Joy v Daniels,' the court held that for procedural protections to have meaning, good cause must be shown to justify the termination of tenancy, irrespective of the terms of the lease. '

- *Conclusion*: The judicial expansion of good cause eviction protection beyond public housing included Jeffries v Georgia Residential Finance Authority, 678 F2d 919, 925 (11th Cir 1982) (requiring good cause

10.

eviction where tenant receives a rental subsidy under the Section 8 Existing Housing Assistance Payment program); Joy, <u>479 F2d at 1243</u> (holding that tenants of privately owned units receiving federal subsidies under Section 221(d)(3) of the National Housing Act, <u>12 USC § 17151(d)(3)</u> (1971), are entitled to *"Due process protections"*); Green v Copperstone Ltd, 28 Md App 498,<u>346 A2d 686,697</u> (1975) (holding that tenant of unit that received construction and financing subsidy under Section 236 of the National Housing Act, 12 USC § § 1715z-1 et seq (1968), is entitled to good cause eviction protection); Christian v Silver Maples Ltd Dividend Housing Association, <u>1986 US Dist Lexis 27154</u> (E D Mich 1986) (finding state action under the Section 8 New Construction program, despite lack of direct government involvement in the eviction decision). et seq 24 CFR 966.4(1)(2)(i) et seq Section 8, Section 202 and National Housing Act Programs.

## VIII. <u>FACTS FOR CAUSE OF ACTIONS</u>

16.    Plaintiff McComb in these matters a residence of the Voyageur Apartment since July 1, 2018 during all times in this matter.  During all times Plaintiff received rental assistance under HUD Vouchers Program. Greater Dayton Premier Management located at 400 Wayne Avenue, Dayton, Ohio 45410 and Dominium Property Managment/ The Voyageur Apartment 841 Gawain Circle, West Carrollton, Ohio 45449 enter a contract agreement on behalf Plaintiff for payment of a percentage of his rent, Plaintiff McComb and Dominium then enter into a Consumer Rental Agreement Contract on July 29, 2019. [*See label Exhibit #A Apartment Lease Contract*] Defendants Dominium Property Management and Defendant Lasky not only breach Plaintiff leasing contract, Defendants et al., et seq., violated Plaintiff Rights to Fair Housing.

*"Special Provisions continued from page #2; (pg. #6 of #6). If the residents fail to give notice to terminate the lease agreement after the*

11.

*initial term expires, the term will "**automatically**" roll "**Month to Month**" (subject to market rate plus 15%) until a two full calendar months' notice to vacate is provided by either party.* [Exhibit #A]

17. ***July 4, 2020***, Plaintiff Robert McComb serviced The Voyageur Apartment Management Team and Dominium Properties with a Federal Violations Warning of Denial of Rights under Color of Law Complaint asserting housing racial discrimination practices, policies and other acts in violation of federal and state housing laws, federal statues and procedures including under the ADA & Civil Rights Act. [*See Label Exhibit #B*]

18. ***August 6, 2020***, Defendant Laurence Lasky Esq. at law (*eviction lawyer*) contacted Plaintiff McComb by and through a corresponding letter by U.S. Postal Service's therein requesting to meet with the Plaintiff Robert McComb at The Voyageur Apartments on August 12, 2020, relating to Plaintiff recent housing concerns. [*See Label Exhibit #C*]

19. ***August 12, 2020*** Plaintiff McComb Todd Harrison, Defendant Laurence Lasky and several other Dominium management personnel meet at location 841 Gawain Circle, West Carrollton, Ohio.

20. Plaintiff McComb and Defendant Laurence Lasky began to discuss the details for the purpose of the meeting.

21. Defendant Lasky informed Plaintiff that his presence was under the due course of being retained by Dominium Property Management and the Voyageur Apartment.

22. Defendant Lasky informed Plaintiff McComb that his presence were also based on Dominium Property Management retaining him for the purpose of Plaintiff continued residency and the housing discrimination concerns which has been alleged by Plaintiff

12.

to have been committed by Dominium Management and The Voyageur Apartment community management team.

23.  Defendant Lasky informed Plaintiff McComb that it was advised to him that Plaintiff refused to renew a leasing contract with Dominium Property and The Voyageur Apartment.

24.  Plaintiff McComb implied that the bases of this meeting are not about the signing or renewing of his leasing contract. It's about the federal violation warning serviced upon Dominium Property Management and its' management team for housing discrimination acts which shall include ADA violations.

25.  Plaintiff McComb informed Defendant Lasky that Plaintiff was presenting to him a federal complaint that shall be filed against Dominium Management LLC et al.

26.  Defendant Lasky skimmed through the complaint asking has Plaintiff filed the complaint yet. Plaintiff responded I haven't moved on it yet.

27.  Defendant Lasky inquired about GDPM alleged rental increase, with further stating it his understanding that G.D.P.M,, also received a rent increase as well.

28.  Plaintiff McComb advised Defendant Lasky that he was never submitted a rental increase from G.D.P.M., however, the rental increase was issued by Dominium Properties and The Voyageur Apartments and that it is an irrelevant topic.

29.  Defendant Lasky inquired if Plaintiff had received an upgraded apartment Plaintiff McComb replied I have minimum less to no upgrades.

30.  Defendant Lasky ask was Plaintiff McComb moving out of his unit and what was his out pocket cost in having doing so.

13.

31.      Plaintiff McComb advised Defendant Lasky that it cost Plaintiff out pocket expenses to move majority of Plaintiff personal belongings out of the residence while disputing the year of 2019 a situation occurrence when Dominium Property and The Voyageur Apartment service of notice to vacate for reasons Dominium Management and The Voyageur Apartment were no longer accepting Section 8 Voucher from their current tenants.

32.    Plaintiff advised Defendant Lasky that while fighting Defendant's et al decision to evict all section 8 voucher holders 2019, including myself, I the Plaintiff during the eviction of Section 8 Voucher holders Plaintiff filed of Federal Violation complaints against Dominium Property to Greater Dayton Premier Management against The Voyageur Apartment Management and Dominium Property whom after several months eventually allowed Plaintiff to remain a resident as section 8 voucher holders but evicting all others.

33.    Plaintiff informed Defendant Lasky that Plaintiff endured deteriorating health conditions and re-aggravation of pre-existing medical conditions for the acts committed during 2019 and 2020.

34. Plaintiff advised Defendant Lasky however, the current actions of Dominium Management Property as of 2020, are re-occurrences of Dominium Property discriminatory policies and practices that have resulted in Plaintiff having to remove with the assistance of friends and family, 80% of his personal property from 905 Gawain Circle, West Carrollton, Ohio 45449 again while having to fight for my rights to remain a residence up until this meeting and I am suffering from re-aggravation of  my physical and mental health conditions from the actions of Dominium and The Voyageur Apartment as this date August 12, 2020.

14.

35.    Defendant Lasky advised Plaintiff at this present time your lease is up it has expired. Dominium and The Voyageur Apartment would like you to sign a new lease, reiterating is their anyway Plaintiff might sign a new lease while this case is ongoing and that Plaintiff can reserve his rights.

36.    Defendant Lasky inform Plaintiff the problem from *"our"* stand point of view neither Dominium Management nor The Voyageur Apartment do not have *"month to month"* leases for its tenants.

37.    At this point Plaintiff assure Defendant Lasky that his leasing contract automatically runs month to month and Plaintiff is currently a section 8 voucher holder and any eviction must be process through Greater Dayton Premier Management by serviced of notice, when evicting a section 8 voucher holder participant.

38.    Plaintiff McComb advised Defendant Lasky that it is his duty as there attorney to report, advise and direct Defendant's to cease there discriminatory practices considering this was not Defendant's et al Dominium Management first occurrence.

39.    Defendant Lasky advised Plaintiff McComb that his re-certification in accordance to HUD requirements were finally completed and that Plaintiff further owed rental re-imbursements.

40.    Defendant Lasky advised Plaintiff that some people come to try to resolve issues and some people throw lawsuits in front you and that people mind set is reconcile.

41.    Defendant Lasky advised Plaintiff the if we can't get a lease signed, even if Plaintiff reserved his rights that Defendant Lasky on behalf of Dominium Management/The Voyageur Apartment will have to give Plaintiff a *"thirty 30 day notice to vacate"*, despite what Plaintiff perceive to be on going discrimination practices. (**Quote**)

15.

42.     Plaintiff advised Defendant Lasky the matter regarding the lease signing was not the purpose of this meeting here today, it is the pattern of racial discriminatory, rental Discrimination practices, policies, violation of American with Disability Act, Federal Housing and Civil Rights Violations and 24 Code of Federal Regulations committed by Dominium Properrty.

43.     Defendant Lasky informed Plaintiff that  "*since you want to drag this along let see where we end up at the end of the day.*"

44.     Plaintiff asked Alicia, the property manager was there a notice sent out for Plaintiff to come sign a leasing contract management prior to this meeting Alicia responded with no there was no letter' s sent out.

45.     The Voyageur management Alicia Lake implied that she had been out the office prior to receiving Plaintiff Federal Violation Warning Complaint asking Plaintiff what is the actual problem and remedy is Plaintiff seeking in the violation warning.

46.     Plaintiff stated the current problems are the discriminating policies and practices that Dominium Management continues to unlawfully enforce that' s affecting Plaintiff as mention in my Federal Violation Warning that you have reviewed.

47.     Defendant Lasky requested that management prepare the lease with informing Plaintiff that Defendants were not asking Plaintiff to waiver any of his rights and that he, Defendant Lasky was present for the limited purpose of trying to maintain Plaintiff residency.

48.     Plaintiff inquired to Defendant Lasky, so this meeting is not an eviction.

49.     Defendant Lasky assured Plaintiff McComb this meeting was not an eviction and that Plaintiff known Defendant Lasky as the eviction king. Defendant Lasky further re-assured Plaintiff   that' s not why I' m here today.

16.

50.     Plaintiff inquired to Defendant Lasky, let's make this clear how much are The Voyageur Apartment charging me in rent and is it equal rent that other residency of 3 year occupancy or more are being charge.

51.     Plaintiff advised Defendant Lasky that he may be added to the complaint after reviewing the acts committed by his clients Dominium Property Management and The Voyageur Apartment Management Team.

52.     Defendant Lasky ask Plaintiff were you adding me but when you do that it creates additional remedies for the Defendant.

53.     Plaintiff expressed to Defendant Lasky of his awareness of the federal and state discriminatory laws, statues and regulations, to include discrimination in renting to section 8 residence voucher holders, rental differential, charging different rent prices and that failing to inform his clients to cease there practices and comply with federal housing laws or he, Defendant Lasky may be added to the complaint for failure to act in correcting the matter for which he appears.

54.     Defendant Lasky ask Plaintiff  will he sign the lease and concluding to Plaintiff when Plaintiff go  *"month to month"*  in which Dominium Property and The Voyageur Apartment do not have month to month Leasing Contracts here. [*See Attached #D Copy #250 Audio Wav Min 45:39.* [*32:05 -32:49 mins*]

55.     **August 14, 2020** Plaintiff serviced Dominium Property and The Voyageur Apartment management team with notification of federal civil complaint shall be commenced against all the named parties in there official and individual capacity and as third party Defendants for Federal Housing Violations. Plaintiff informed Defendants et al and as third party Defendant Lasky, please note this is your final notice"  and further stating.

17.

56.   Plaintiff McComb stated I am here to service this notice upon the above named parties that I Robert McComb shall be initiating a Civil Action within the Federal District Federal Housing Authority Violations, 24CFR Violation, 18 USC 242 Violations, Title 24-18 US Code 245 Federally Protected Activities, Urban Development section 100.7 and Title 42 U.S.C. 3604( c ) Fair Housing Act , Title VII & VIII, Civil Rights Acts, discriminatory rental practices and FHA regulation title 24 100.60, 100.500, 100.75. *[ See Attached Exhibit #E]*

57.   **August 14, 2020**, Defendant Lasky, Lasky and Scharrer Law Offices, suite 830 One First National Plaza, 130 West Second Street, Dayton, Ohio 45402 serviced correspondence entitled Re:  "*Lease Renewal.*

58.   This letter is to confirm our meeting on Wednesday, August 12, 2020. In the meeting, you and I in the presence of the Manager and Assistant Manager discussed your current housing dispute.

59.   Although, you disagreed with the rent increase, you agreed to sign a new Lease, reserving your rights to pursue other remedies. You agreed to return at 8:00 a.m., on Thursday, August 13, 2020, and sign the new Lease.

60.  unfortunately, you did not show up to sign the Lease. As you have been advised, the Voyageur Apartments  "does not"  have  "month to month" tenants. Accordingly, a Thirty-Day notice to termination is attached to this letter.

61. I would further, note, June you signed the Notice of Rent Increase effective thirty days forward. When you pay your rent for September, it must be for the correct amount of $242.00, or it will be return.

62.   This letter is an attempt to collect a Debt Under The Fair Debt Collection of 1978. [*See Label Exhibit #F*]

18.

63.    Defendant Lasky attached "*Notification of Termination of Lease Thirty Day Notice*"  therein advising Plaintiff: [*See Label Exhibit #F-1*]

.

" As result of the reasons set forth herein below, you are hereby notified that you are in material non-compliance with terms and conditions of your lease and/or are inn substantial non-compliance with the provisions of the Lease Agreement. This termination will be effective as September 30, 2020 and you are directed to move from the premises on or before that date unless an accommodation is reached."

" *You are being ask to leave the premises because of violations of the lease agreement, tenant refusal to sign lease agreement dispite allowing him to reserve his rights to appeal the increase. [ "Landlord Does Not Allow Month-To-Month Tenancies*." ]

" *If you remain in the premises on the date specified for termination and no other agreement has been reached, the Landlord may seek to enforce the termination only by bringing judicial action at which time you, the Tenant, may present a defense.*

64.    **August 14, 2020**, Plaintiff McComb filed a response correspondence towards Defendant, Lasky August 14, 2020 Thirty Day Notice to Vacate.

65.    Plaintiff reference therein his letter of the meeting August 12, 2020 at The Voyageur Apartments complex located at 814 Gawain Circle, West Carrollton, Ohio 45449 and further the matter originates from the Federal Housing Violations that Defendants Dominium Property were committing, Defendant Lasky association and liability with the Defendants and Lasky review of the Complaint to be filed with the District. [*See Label Exhibits #G*]

19.

66.    *August 17, 2020* Plaintiff service Greater Dayton Premier Management Chief Executive Officer Jennifer Heapy with correspondence regarding Plaintiffs grievance filed on August 3, 2020, addressing Defendants Dominium Properties/ The Voyageur Apartment discriminatory rent discrepancies, practices, policies, discriminatory housing and criminal housing violations committed by Dominium et al. [*See Label Exhibit #G & #G-1 Federal Violation Warning*]

67.    *August 17, 2020* Plaintiff via mail correspondence to Defendant Lasky referring to the August 14, 2020, correspondence delivered by The Voyageur Apartments and Defendants Lasky mentioning of Plaintiff the meeting on Wednesday, August 12, 2020.

68.    Plaintiff correspondence advised Defendant Lasky of the August 14, 2020, meeting on community management team and the response to signing a lease.

69.    Plaintiff re-affirmed to Defendant Lasky that management had advised Plaintiff that they nor Alicia Lake were not to speak with plaintiff on the matter.

70.    Plaintiff address Defendant Lasky by advising him that the rentals increase was initiated by The Voyageur Apartment management team to Greater Dayton Premier Management not Plaintiff.

71.    Plaintiff further informed Defendant Lasky even though Defendant carry no obligation to Plaintiff however, the Defendant carried an fiduciary obligation to inform his clients that their discriminatory practices, policies and acts were unlawful an need it to be cease.

72.    Plaintiff listed therein his August 17, 2020 letter of Federal and State Laws, Statues and Policies.

73.    Plaintiff concluded in his August 17, 2020 letter that the filing of his, Defendant

20.

Lasky 30 day notice to vacate the premises penalizes and retaliates against Plaintiff for exercising all rights under Fair Housing Act as Defendant Lasky. *[See Label Exhibit #H]*

74.    August 24, 2020, Plaintiff notified Defendant Lasky that a copy of Plaintiff complaint shall be file with seeking relief.  [*See Label Exhibit #I*]

75. August 25, 2020, Plaintiff sent Beverly Butler to speak with The Voyageur Management regarding there "Month to Month" policies.

76. Ms. Butler asked Ms. Lake did they have "month to month" leasing after the one year. Ms. Lake advised Ms. Butler that The Voyageur Apartment Leasing contracts after the ending of the one year contract automatically roll over to "*Month to Month.*" [*See Exhibit #J-Plaintiff label Exhibit #29 Audio Wav. #257, min: 4:23 but have not attached*]

78.    August 26, 2020, Defendant Laurence Lasky @ The Law Offices Lasky & Scharrer responded to Plaintiff August 24, 2020 correspondence. *[See Label Exhibit #k ]*

> *Re: Lease Renewal:*  Dear Mr. McComb:  "*Whichever way you go, I still suggest you sign the Lease and argue about it later.*"

## FAIR HOUSING ACT CLAIMS

### IX.    <u>FIRST CAUSE OF ACTION</u>

### COMMON LAW FRAUD, FRAUDULENT MISREPRENTATION, NEGLIGENT AND INDUCEMENT

Vega v. Jone, Day, Reavis & Pogue, <u>17 Cal. Rptr. 3d 26</u>.31 (Ct. App. 2004);
Dean Foods Co. v. Pappathanasi, No. Civ.A. 01-2595; Cromeans v. Morgan
Keegan & Co. <u>69 F. Supp. 3d 934, 938-40</u>; Taylor v. Riley, <u>336 P.3d 256, 272</u>;
Nota Constr. Corp. v. Keyes Assos., Inc., 694 N.E.2d 401; Taylor v. Riley, <u>336 P.3d 256,272</u>
<u>21</u>.

79.     Plaintiff Robert McComb repeats and realleges paragraphs 1 through 78 of the complaint as if fully set forth in the paragraphs:

80.     Defendant's Laurence Lasky on behalf of Dominium Properties/The Voyageur Apartments actions were intentionally and knowingly committed to procure, induce and persuade plaintiff into singing of rental agreement contract were as Dominium Properties Leasing Contracts Agreement automatically granted Plaintiff Month-To-Month. When Defendant Laurence Lasky knew that the Defendants Dominium Properties & The Voyageur Apartments Leasing Rental Contracts stipulated that tenant's leasing rental contract **"shall"** upon the one year expiration, and  **"automatically"**  carry over to month to month Defendant Lasky statement in his August 14, 2020 corresponding letter (*legal opinion*) fraudulently and negligently misrepresented the facts of Plaintiff leasing contract and were expressed to induce Plaintiff to vacate the premises by belief, coercive threats, and acceptance of Defendants' Dominium Property Management not allowing  "month to month" tenants to rent unit on their property and thereafter, Defendant Lasky knowing this fact retaliated against by filing and proceeding with his eviction process and 30 day notification to vacate.

81.     The discriminatory acts were negligently committed and done knowingly, recklessly, with the willful intent, deceitfulness, cause fear, belittle and deny Plaintiff McComb's of his equal rights under Fair Housing Act et seq., resulting in causing Plaintiff out of pocket monetary expenses, interference with housing opportunity, causing emotional and  mental distress resulting in trigger severe re-aggravation of Plaintiff pre-existing Physical and Psychological medical conditions upon Defendants Lasky filings of unlawful eviction to have Plaintiff unlawfully removed from his residency in disregard for rights, privileges and equal protection under the law and all asserted laws, regulations and statues.

22.

## X. SECOND CAUSE OF ACTION

RETALIATION FOR EXERCISING CIVIL RIGHTS AND RIGHTS TO ENFORCE A CONTRACT IN VIOLATION OF 42 U.S. 1981; SEC 818 [42 U.S.C.3617]; SECTION 901(Title IX as amended) 42 U.S.C.3631(2)(C), and OHIO REVISE CODE 5321.02

73.    Plaintiff Robert McComb repeats and realleges paragraphs 1 through 78 of the complaint as if fully set forth in the paragraphs:

74.    Defendant Laurence Lasky intentional actions were discriminating, threating, coercive, intimidating and carryout with the full intention to retaliate, deny and interfere with Plaintiff McComb Civil and Fair Housing Rights due to Plaintiff being of a certain ethical group aka (African American)  Defendant Laurence Lasky knowingly filed on August 14, 2020  "*Notification of Termination of Lease Thirty (30) Day Notice) and alleging Plaintiff Contract carried no Month to Month nor Dominium Property offered,* with being fully aware that Plaintiff McComb rental leasing contract agreement, with The Voyageur Apartment/Dominium Properties granted the Plaintiff McComb and any and all tenants equally fair housing rights to contract  "*month to month*" with Dominium Property & The Voyageur Apartment after the one (1) year expiration of the contractual rental agreement. When Defendant Lasky & Dominium Property Management personally confirmed that Plaintiff Leasing Agreement Contract granted Plaintiff continued residency under the special provision of Plaintiff Rental Lease Agreement Defendant Lasky and Dominium Property violated Plaintiff rights under Federal Housing Laws.

75.    The discriminatory acts of Dominium Property & Defendant Lasky were in fact racially motivated, done knowingly, recklessly, with the willful intent to disgrace, embarrass, violate, disregard, belittle, deny, to cause potential harm to plaintiff credit fico scores, reputation and committed with retaliatory intention for Plaintiff

23.

McComb's exercising his equal rights under Fair Housing Act and to enforce the "special provision" of his Leasing Agreement Contract seq., causing Plaintiff out of pocket monetary expenses, temporary displacement, interference with Plaintiff equal housing opportunity, mental and psychological distress that resulted in severe re-aggravation of Plaintiff pre-existing Physical and Psychological medical conditions with disregard for rights, privileges and equal protection under the law.

.

XI.  FAIR HOUSING RIGHTS ACT OF 1988 (amended) Title III CIVIL RIGHTS OF 1986 VIOLATIONS; SEC 804 42 U.S.C.3604; CODE FEDERAL REGUALTION 100.40 sec 818 FAIR HOUSING ACT

76.  Plaintiff Robert McComb repeats and realleges paragraphs 1through 78 of the complaint as if fully set forth in the paragraphs:

77.  Defendant's Laurence Lasky on behalf of Dominium Properties/The Voyageur Apartments and Dominium Property actions were intentionally and knowingly committed to procure, induce and persuade Plaintiff into wavering his protected rights under the Fair Housing Act, 24 C.F.R., 5th and 14th Amendment when Defendant Lasky deny Plaintiff equal rights to public housing in the course of violating Plaintiff rights under Equal Protection clause, 1st, 5th and 14th amendment, 24 Code of Federal 100.400. Defendants (1) falsely misrepresenting and asserted Dominium Property/The Voyageur Apartment did not have available sales or rental for tenants on terms of "month to month" bases, (2) Defendant Lasky discriminately use of different qualifications, criteria and/or applicable rental procedures for renting and or sales for residency against Plaintiff McComb.

78.  The discriminatory acts were in fact racially and discriminatory motivated and done knowingly, recklessly, with the willful intent to disgrace, embarrass, violate, disregard, belittle and deny Plaintiff McComb's of his equal rights under Fair Housing Act. In addition, to failing to act, correct, cease or prevent the discriminatory acts wants

24.

it was made clear Defendant Lasky having knowledge of the discriminatory acts of Defendant Dominium Property Management et al prior to the initiating of Plaintiff filing his complaint such actions caused Plaintiff out of pocket monetary expenses, interference with housing opportunity, causing mental and psychological distress that resulted severe re-aggravation of Plaintiff pre-existing Physical and Psychological medical conditions upon Defendants Lasky filings of unlawful eviction to have Plaintiff unlawfully removed from his residency disregarding Plaintiffs rights, privileges and equal protection under the law.

.

XII.    <u>THIRD CLAIM FOR RELIEF</u>

24.

**BREACH OF CONTRACT U.S.C. 1981, SECTION 1 OF 1866 CIVIL RIGHTS AND RIGHT IMPLIED OR COVENANT OF QUIET ENJOYMENT**

79.    The Plaintiff Robert McComb repeats and realleges paragraphs **1 through 78** of the complaint as if fully set forth in this paragraph.

80.    Defendant Laurence Lasky discriminating actions against Mr. McComb an African American Male resulted in the refusal, the right to continue contracting and enforcing of Plaintiff McComb "month to month" clause under his Lease Contract with Dominium Properties. Defendants Lasky actions denied Plaintiff services, rights to enjoy the privileges, benefits, terms, and conditions of his contractual relationship with Dominium Property and The Voyageur Apartment as such protected under U.S.C. 1981 when Defendant unlawfully filed his 30 day terminations without legal cause or right.

81.    The discriminatory acts were in fact racially motivated and done knowingly, recklessly, with the willful intent to disgrace, embarrass, violate, disregard, belittle and deny Plaintiff McComb's of his equal rights under Fair Housing Act causing Plaintiff out of pocket monetary expenses, interference with Plaintiff housing opportunity

25.

causing mental and psychological distress and aguish resulting severe re-aggravation of Plaintiff pre-existing Physical and Psychological existing medical conditions upon Defendants Lasky filings of unlawful eviction to have Plaintiff unlawfully removed from his residency in disregard for rights, privileges and equal protection under the law.

XIII.    <u>FOURTH CLAIMS FOR RELIEF</u>

SECTION VI INTENTIONAL DISCRIMINATION
AND RETALIATION

82.    The Plaintiff Robert McComb repeats and realleges paragraphs *1 through 78* of the complaint as if fully set forth in this paragraph:

83.    Defendant Lasky and Dominium Property named herein having personal knowledge and awareness that The voyageur Apartment and Dominium Properties Leasing Contract specifically stipulated that "*at the end of the one year leasing period that tenant automatically*" goes to "*month to month*" when Defendant disregarded their contractual agreement their actions against racially motivated Plaintiff McComb being of (African Descendants), filing of Complaints and complaining about the practice and policies of Dominium Properties Management/The Voyageur Apartments. Dominium Property Management & Defendant Lasky direct actions not only breached Plaintiff McComb contract but also violated Plaintiff McComb rights to Fair Housing and Rights to Enforce his Leasing Rental Contract without being targeted by Defendants et al and Lasky, with their ill intent to cause harm to Plaintiff by initiating and filing notice of too vacate the premises within thirty days on the bases of Defendant Lasky alleging that Dominium Properties/The Voyageur Apartment do not have "month to month" tenants. Defendant Lasky actions were made with malicious intention, threating, intimidating, retaliatory when he warned Plaintiff will see what happens. Defendant Lasky placed Plaintiff on notice of what will happen when he, by

26.

mail submitted correspondence stating *"will see what happen to when it's all done and said"* thereafter, acting out his threats, racial prejudice and intimidating tactics by knowingly filing 30 day notice to vacate the premises without legal justification.

84.     The discriminatory acts of Defendant Lasky unethical, racially motivated, hateful and committed with malice intention and further done knowingly, recklessly, with the willful intent to cause harm, disgrace, embarrass, to violate Plaintiff rights, disregard, belittle and deny Plaintiff McComb's of his equal rights under Fair Housing Act. As to actions causing Plaintiff monetary damages, suffer for fear, mental and psychological damages that resulted re-aggravation of Plaintiff pre-existing mental and physical disabilities prior to and upon Defendants Lasky filings of unlawful eviction to have Plaintiff removed from his residency.

85.     The seek that this Court find that Defendant Lasky actions constitutes racial intimidation, et seq, to the discriminatory acts done knowingly, with the willful intent to disgrace, embarrass, to violate, intimidate, threaten and that the action taken against Plaintiff were in disregards to Plaintiff McComb rights, privileges and equal protection under the law.

- The regulation further states "prompt action to correct and end the discriminatory housing practice may not include any action that penalizes or harms the aggrieved person, such as eviction of the aggrieved person." Ibid. (text of 24 C.F.R. 100.7(a)(2)).

## XIV.     FIFTH CAUSE OF ACTION

## DUE PROCEES VIOLATION UNDER 5TH AND 14TH AMENDMMENT

(*Goldberg v. Kelly*, 397 US at 262-64 & n. 8); *Caulder v. Durham Housing Authority*, 433 F2d 998 at 1002-03 (4th Cir. 1970); 479 F2d 1236 (4th Cir 1973) Id at 27.

1240-42.; *Jeffries v. Georgia Residential Finance Authority*, 678 F2d 919,925 (11th Cir. 1982); *24 CFR § 966.4(l)(2)(i)*

86.    *The Plaintiff Robert McComb repeats and realleges paragraphs 1 through 78 of the complaint as if fully set forth in this paragraph:*

87.    Defendant's Laurence Lasky on behalf of Dominium Properties/The Voyageur Apartments and Dominium itself actions violated Plaintiff Robert McComb 5th and 14th Amendment Constitutional Due Process and Procedural Rights under LIHTC. When Defendant Lasky, initiated 30 day Notification to Vacate the Premises by August 14, 2020, that resulted in Plaintiff McComb having to remove 85% of his personal property from his residency while in the process of defending his rights to remain a section 8 voucher holder at 905 Gawain Circle, West Carrollton, Ohio 45449.  Defendant Lasky and Dominium Property/The Voyageur Apartment actions were of ill intent and deprive Plaintiff of his rights to pre-termination eligibility to a hearing or grievance procedures after being notified of such rights in Defendants Lasky August 14, 2020, 30 day notice to vacate premises without good cause, interfered with Plaintiffs rights to hearing and failure of 3 day notice.   M*ore*, specifically failing to place Greater Dayton Premier *or HUD on notice as required IRS, HUD and CFR*  to allot Plaintiff Due Process Rights to appeal such eviction notices. (Attachment 30 Day Notification To Vacate Premises)

XV.    SIX CAUSE OF ACTIONS
UNLAWFUL TERMINATION OF RESIDENCEY
AND CONSTRUCTIVE EVICTION

88.    *Plaintiffs hereby repeat, reallege, and incorporate by reference paragraphs 1 – 78 as though fully restated herein.* . As set forth herein above, Defendants et al and Defendant Lasky conduct was intentional, malicious, retaliatory and oppressive which may had cause Plaintiff a loss of Voucher and Residency for

28.

challenging Defendant' s discriminatory practices and policies and the filing of the 30 day Notice to Vacate may have caused further damaged to Plaintiff McComb record, credit, fico score and prevented Plaintiff from obtaining future residency. when Defendant' s et al and Defendant Lasky initiated the unlawful 30 day notice to vacate filed and serviced upon Plaintiff to unlawfully force Plaintiff to vacate the premises within 30 days based on Plaintiff complaining of Dominium Property discriminatory practices and policies may cause irreparable damages to Plaintiff life.

89.      As a direct and proximate result of Defendants et al and Defendant Lasky acts were harmful, extremely beyond offensive and calculated resulting in Plaintiffs suffering severe emotional and mental distress, anxiety acts resulting in Plaintiff having to double his medically prescribed medication for anxiety, depression and pain for Plaintiff existing physical and psychological disabilities in which further resulting in acute stress affecting and causing Plaintiff loss of sleep, loss appetite and increase of physical pain (headaches and body stress)..

## XVI.    SEVENTH CAUSE OF ACTION

## VIOLATION FAIR HOUSING ACT

90*.      Plaintiffs hereby repeat, reallege, and incorporate by reference aragraphs 1 – 78 as though fully restated herein*. Defendants et al Dominium Property Inc., The Voyageur Apartment and Defendant Laurence Lasky discriminatory practices and policies violated Plaintiff rights under the Fair Housing Act when Defendants Dominium Properties Managment and Lasky  differential in rental prices within Defendant et al., Leasing Contract Defendant' s et al discriminating policy and practices resulted in charging Plaintiff higher rent prices while under the Section 8 Program and while charging lesser rental prices of other Section 8 tenants under section program, with the same amenities and residency that exceed over three year time period.

29.

## XVII.    EIGHTH CAUSE OF ACTION

### VIOLATION OHIO REVISED CODE SECTION 5321.02 RETALIATION

91. *Plaintiffs hereby repeat, re-alleged and incorporate by reference aragraphs1 – 78 as though fully restated herein*. Defendant' s et al Dominium Property Inc., The Voyageur Apartment and Defendant Laurence Lasky engaged in discriminatory acts, unlawful misconduct with the intent to cause harm to plaintiff with knowing their unlawful and retaliatory actions to evict Plaintiff on the grounds from which the 30 day notice was grounded would cause plaintiff severe harm et seq., homelessness, loss of Plaintiff Section 8 Voucher and emotional distress. When Defendant' s et and third Party Lasky took actions to unlawfully evict Plaintiff for informingly and formal complaining about the conditions, discriminatory practices and policies of Dominium Property Management et seq., to Plaintiff exercising rights under Fair Housing Act. Dominium Property Defendant et al and Defendant Lasky created a paranoiac hostile and threating environment from which Plaintiff suffered anxiety attacks daily, relapse in depression, fear of being homeless, emotionally stress, and of being placed on the streets with his disabilities.

### IX. NINTH CAUSE OF ACTION
### VIOLATION OF THE CONSUMER LEASING ACT

92.       *Plaintiffs hereby repeat, re-alleged and incorporate by reference aragraphs1 – 78 as though fully restated herein*. Defendant' s et al Dominium Property Inc., The Voyageur Apartment and Defendant Laurence Lasky engaged in discriminatory acts, unlawful misconduct with the intent to cause harm to plaintiff with knowing their unlawful and retaliatory actions to evict Plaintiff on the grounds from which the 30 day notice was service violated the The Consumer Leasing Act for Defendants failing to fully disclose Plaintiff Federal Housing carried Equal rights as

30.

allotted to all other tenants month to month leasing contracts.

## PRAYER RELIEF SOUGHT

*WHEREFORE*, Plaintiff McComb prays that this Court enter an order and judgment that:

a. Declares that the conduct of Defendants, as alleged in this complaint, violates the FHA, ADA, 42 U.S.C. 3604(f)(1) and 24 C.F.R. 100.202; 28 CFR Statues/Regulations; 42 U.S.C. 12188(b)(1)(B)(ii); 24 C.F.R. part 100. Discrimination Conduct under the Fair Housing Act subprt A. 100.1 & 100.7 and Subpart B Discrimination Housing Practices 1050(b)(1)(2)(3)(4)(5); 24 C.F.R. 100.60 (b)(1)(2)(3)(4)&(5),

b. Enjoins Defendants, their officers, employees, agents, successors, and all others persons to include third party Defendant Laurence Lasky in active concert or participation with any of them from:

c. Discriminated against Plaintiff McComb in terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of disability;

d. Discriminated against Plaintiff in the sale and rental of, or otherwise made unavailable or denied, dwelling to buyer or renters because Plaintiff being a section 8 voucher holder;

e. Discriminated against Plaintiff in the sale and rental of, or otherwise made unavailable, targeting and or denying Plaintiff McComb continued residency on month-to-month based within his rental leasing contract, when in fact by allowing other residences month to month tenancies under the same Dominium leasing contracts ;

31.

f.   Discriminated against Plaintiff and failed to act, correct, cease or prevent such discrimination acts 24 C.F.R. part 100. Discrimination Conduct under the Fair Housing Act subprt A. 100.1 & 100.7 and Subpart B Discrimination Housing Practices 1050(b)(1)(2)(3)(4)(5);  24 C.F.R. 100.60 (b)(1)(2)(3)(4)&(5); 42 U.S Code 3602-3606 and/or 3617 Unlawful refusal to sell or rent or to negotiate for the sale or rental and Interference, coercion, or intimidation..

g.   Discriminated against Plaintiff McComb and violating his 1st , 5th  and 14th Amendment under Ohio Constitution, Common Law,  United States of America organic Constitution under Equal Protection and Due Process Clauses denying Plaintiff McComb Due Process hearings and rights of appeals of the Defendant eviction.

h.   Plaintiff have been a victim of Defendants'  Dominium et al and Defendant Laurence Lasky racial discriminatory, retaliatory acts and discriminatory conduct are aggrieved persons as defined in 42 U.S.C. 12188(b)(2)(b).

i.   Awards monetary damages under 42 U.S.C. 3614(d)(1)(B) and 12188(b)(2)(B) to Plaintiff harmed by Defendants'  Dominium and third party Defendant Laurence Lasky discriminatory practices and retaliation action taken against Plaintiff for complaining about his housing conditions;

j.   Award to Plaintiff Robert McComb monetary damages separately in the amount of $75,000 against Dominium Property et al and third party Defendant Lasky, for racial discrimination, intentional discriminatory actions, practices and policies, and retaliatory acts with malice intent to cause harm and Breach of Contractual Relations with the Plaintiff;

k.   Award Plaintiff Attorney fees to defend the above matters resources, time and out of pocket cost se. seq., to materials, inks, copies transportation.

32.

l.  Award Plaintiff exemplary/punitive Damages against the Defendants Dominium Property Management et al and third party Defendant Lasky for negligence, knowingly and intentionally disregarding Plaintiff Federal Housing Rights, and retaliating against Plaintiff Robert McComb for exercising such rights within Plaintiff consumer leasing agreement contract.

m.  Assesses civil penalties against all named defendants who participated in the designation of unlawfully discrimination conduct as authorized by 42 U.S.C. 12181(b)(2) and 28 C.F.R. 36.504 in amount sufficient to vindicate the public interest; and

n.  Assesses, a civil monetary penalties' against Defendants et al Dominium Property and third party Laurence Lasky in there individually and joint capacity on each separate housing discriminatory practice in the amount of $55,000 and $100,000 as authorized under the "Fair Housing Act Violations", 24 C.F.R. 180.671 and under Title 24 Subpart A, part 30 Civil Money Penalties.

o.  Award Plaintiff McComb Damages under the Consumer Leasing Acts against Defendants Dominium Property Management and Third Party Laurence Lasky for violation of Plaintiff Federal Housing Rights.

p.  *Grants such further relief as the interest of justice may require.*

Robert McComb
c/o 905 Gawain Circle
West Carrollton, Ohio 45449
Phone: 937 972 9191

33.

## CERTIFICATE OF SERVICE

    I hereby certify that Robert McComb on prior to the filing electronically for request for leave, attachment of complaint to filed on [*September 21, 2023*] with the Federal District Clerk of the Court located at 200 West Second Street #712, Dayton, Ohio 45402, hereby via by certification U.S. Postal Mail serviced Dominium Property Defendants et al located at 2905 Northwest Blvd, "*Suite #150*", Plymouth, MN 55441 and hand delivered and serviced Defendant Laurence Lasky by email: *Laskylaw@sbcglobal.net*, 3461 Office Park Drive, Kettering, Ohio 45439.

Robert McComb

34.