# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Sarah R. Lee**, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**Ohio Education Association**; **Avon Lake Education Association**, as representative of the class of all chapters and affiliates of the Ohio Education Association; **National Education Association**; **Avon Lake City School District**, as representative of the class of all school districts in Ohio; **John Kasich**, in his official capacity as governor of Ohio; **Mike DeWine**, in his official capacity as Attorney General of Ohio; **W. Criag Zimpher**, **Aaron A. Schmidt**, and **J. Richard Lumpe**, each in his official capacity as chair, vice-chair, and board member of the State Employment Relations Board,<br><br>　　　　　　　　Defendants. | Case No. _____<br><br><br><br><br><br>**Plaintiff's Class-Action Complaint** |

　　　Sararh R. Lee is a public-school teacher who brings this class action on behalf of herself and all others similarly situated, seeking redress for the defendants' past and ongoing violations of her constitutionally protected rights. The defendants have violated the class members' constitutional rights by forcing non-union members to pay compulsory "fair-share fees" to the Ohio Education Association (OEA) or its affiliates as a condition of their employment.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

3. Because the Avon Lake Education Association and the Avon Lake City School District reside in Lorain County, assignment to the Eastern Division is proper. *See* Local Civil Rule 3.8.

## PARTIES

4. Plaintiff Sarah R. Lee resides in Cuyahoga County, Ohio.

5. Defendant Ohio Education Association (OEA) is a labor union whose headquarters are at 225 East Broad Street, Columbus, Ohio 43215.

6. Defendant Avon Lake Education Association is a local union chapter affiliated with the OEA. It is sued as representative of the class of all chapters and affiliates of the OEA.

7. Defendant National Education Association (NEA) is a labor union whose headquarters are at 1201 16th Street NW, Washington, D.C. The NEA is affiliated with the OEA.

8. Defendant Avon Lake City School District is a school district in Lorain County, Ohio. Its offices are at 175 Avon Belden Road, Avon Lake, Ohio 44012. It is sued as representative of the class of all school districts in Ohio.

9. Defendant John Kasich is the governor of Ohio. His office is at Riffe Center, 30th Floor, 77 South High Street, Columbus, Ohio 43215-6117. Governor Kasich is the representative of the State and he is sued in his official capacity.

10. Defendant Mike DeWine is the Attorney General of Ohio. His office is at 30 East Broad Street, 14th Floor, Columbus, Ohio 43215. He is charged with enforcing the state's laws, including Ohio Rev. Code § 4117.09(B)(2)(C), which Ms. Lee is challenging as unconstitutional, and he is sued in his official capacity.

11. Defendants W. Criag Zimpher, Aaron A. Schmidt, and J. Richard Lumpe are chair, vice-chair, and board member of the State Employment Relations Board. Their offices are at 65 East State Street, Suite 1200, Columbus, Ohio 43215-4213. They are charged with enforcing and administering the State's collective-bargaining laws, including Ohio Rev. Code § 4117.09(B)(2)(C), and they are sued in their official capacities.

## STATEMENT OF THE CLAIM

12. Ms. Lee is a public-school teacher who works for the Avon Lake City School District.

13. Ms. Lee refuses to join the OEA or its affiliates because she disapproves of their political advocacy and collective-bargaining activities, as well as the excessively high salaries paid to OEA officials.

14. Even though Ms. Lee is not a member of the OEA or its affiliates, she is compelled to pay "fair-share fees" to the OEA and its affiliates as a condition of her employment. *See* Ohio Rev. Code § 4117.09(B)(2)(C) (attached as Exhibit 1); Master Contract Between the Avon Lake City School District and the Avon Lake Education Association, article 4(G) (attached as Exhibit 2, at pages 9–10).

15. Ms. Lee does not want to pay these "fair-share fees" because she disapproves of the OEA's activities and does not wish to subsidize them in any way. The compelled subsidy that Ms. Lee and her fellow fair-share-fee payers must remit to the OEA as a condition of their employment violates their constitutional rights.

16. The law of Ohio authorizes the OEA to extract money from non-union members as a condition of employment. *See* Ohio Rev. Code § 4117.09(B)(2)(C) (attached as Exhibit 1). Section 4117.09(B)(2)(C) is unconstitutional because it allows public-employee unions to compel "fair-share fees" from nonmembers and without first securing the employee's affirmative, written, and freely given consent.

17. Paragraph 3 of section 4117.09(B)(2)(C) allows religious objectors to direct their "fair-share fees" to a non-religious, union-approved charity rather than to the OEA itself, but only if the religious objector "is a member of and adheres to established and traditional tenets or teachings of a bona fide religion or religious body which has historically held conscientious objections to joining or financially supporting an employee organization." This paragraph is unconstitutional for multiple reasons. First, employees have a constitutional right to refrain from joining or providing financial support to a public-employee union, and they cannot be subject to any financial penalty for exercising this constitutional prerogative. Second, paragraph 3 of section 4117.09(B)(2)(C) violates the Free Exercise Clause and Article I, § 7 of the Ohio Constitution by limiting its protections to those whose religious beliefs forbid them to join or support *any* labor union, while withholding its protections from those who have no religious objections to labor unions *per se* but who object on religious grounds to the specific ideological advocacy of the OEA. Third, section 6-407(c)(4) violates the Free Exercise Clause and Article I, § 7 of the Ohio Constitution by categorically disqualifying religious charities as a permissible recipient of these compelled payments. *See Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017).

18. The OEA, along with the Avon Lake City School District and every other school district in the state, is acting under color of state law by imposing and collecting these "fair-share fees" from Ms. Lee and her fellow class members. *See* Ohio Rev. Code § 4117.09(B)(2)(C).

19. The OEA and its affiliates, along with the Avon Lake City School District and every other school district in the state, have committed the torts of conversion and trespass to chattels by confiscating money that belongs to public-school employees, and they are liable in an action for tort, trover, replevin, detinue, unjust enrichment, restitution, or any other cause of action that might be available under state law for the recovery of personal property. The unions and the school districts cannot defend their tortious conduct by relying on Ohio Rev. Code § 4117.09(B)(2)(C), because this statutory provision is unconstitutional and unconstitutional statutes cannot confer immunity on tortious behavior.

20. The collective-bargaining agreement between the Avon Lake City School District and the Avon Lake Education Association requires the union to indemnify the school district and "provide a full legal defense . . . at no cost to the Board" in any lawsuit that may arise out of the imposition of these "fair-share fees." *See* Exhibit 2, article 4(G)(7), at pages 9–10.

## CLASS ALLEGATIONS

21. Ms. Lee brings this class action under Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(B), and (b)(3). The class includes all individuals who: (1) are or were employed by the State of Ohio or any of its subunits, including any school district in the State; and (2) are or were non-union members who were compelled by the OEA or its affiliates to pay "agency fees" or "fair-share fees" as a condition of their employment—regardless of whether those fees were remitted to the union, its affiliates, or a third-party organization. The class includes everyone who has ever fallen within this definition, including current, former, or retired teachers or teachers who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

22. The number of persons in the class makes joinder of the individual class members impractical.

23. There are questions of fact and law common to all class members. Factually, all class members are public employees and non-union members who have been forced to pay "fair-share fees" to the OEA or its affiliates as a condition of their employment. Legally, the U.S. and Ohio Constitutions and Ohio tort law afford the same rights to every member of the class.

24. Ms. Lee's claims are typical of other class members, as each class member has objected to union membership yet was subject to "fair-share fees" despite their refusal to join the OEA or its affiliates.

25. Ms. Lee adequately represents the interests of her fellow class members, and she has no interests antagonistic to the class.

26. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

27. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory "fair-share fees" will, as a practical matter, be dispositive of the interests of all class members.

28. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because all class members are subjected to the same violation of their constitutional rights, and the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## CAUSES OF ACTION

29. Ms. Lee is suing the OEA and its local affiliates, the NEA, the school districts, Governor Kasich, Attorney General DeWine, and the members of the State Employment Relations Board under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that she is requesting.

30. Ms. Lee is also suing the OEA, its affiliates, the NEA, and the school districts under the state-law torts of conversion, trespass to chattels, trover, replevin, detinue, unjust enrichment, restitution, and any other state-law cause of action that offers relief for this unlawful seizure of her personal property. Mr. Lee invokes the supplemental jurisdiction of this court over these pendent state-law claims. *See* 28 U.S.C. § 1367.

31. Finally, Ms. Lee is suing the OEA, its affiliates, the NEA, and the school districts under the Ohio state constitutional provisions that protect the rights of private property and freedom of conscience, including but not limited to article I § 1, and article I, § 7. Ms. Lee will also assert these state constitutional claims against the state defendants if they are willing to waive their sovereign immunity under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

## DEMAND FOR RELIEF

32. Ms. Lee respectfully requests that the court:

    a. certify a class of all nonunion members who have been forced to pay "fair-share fees" to the OEA, its affiliates, or a third-party organization as a condition of their employment;

    b. declare that Ms. Lee and her fellow class members have a federal and state constitutional right to decline to join or financially support a public-employee union, and that they cannot be forced to pay money to a public-employee union (or a union-approved third-party organization) as a condition of their employment;

  c.  declare that state tort law and the state constitution protect the right of Ms. Lee and her fellow class members not to have their wages garnished or redirected by the OEA without their affirmative, written, and freely given consent, and that any state law or collective-bargaining agreement that purports to override these protections of state law by allowing the OEA to help itself to the wages and paychecks of school employees—or that compels school employees to consent the garnishment of their wages by the OEA as a condition of their employment—is unconstitutional and without legal effect;

  d.  declare Ohio Rev. Code § 4117.09(B)(2)(C) unconstitutional because it allows public-employee unions to extract "fair-share fees" from nonmembers as a condition of their employment, and permanently enjoin Governor Kasich, Attorney General DeWine, the members of the State Employment Relations Board, the school districts, and all of their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Ohio Rev. Code § 4117.09(B)(2)(C), or any other provision of state law that authorizes or enforces public-employee union shops;

  e.  declare Paragraph 3 of Ohio Rev. Code § 4117.09(B)(2)(C) unconstitutional because it imposes a financial penalty on employees who exercise their constitutional right to refuse to join or financially support a public-employee union;

  f.  declare that Paragraph 3 of Ohio Rev. Code § 4117.09(B)(2)(C) violates the Free Exercise Clause and article I, § 7 of the Ohio Constitution by limiting its protections to those whose religious beliefs forbid them to join or support *any* labor union, while withholding its

  protections from those who have no religious objections to labor unions *per se* but who object on religious grounds to the specific ideological advocacy of the OEA;

g. declare that Paragraph 3 of Ohio Rev. Code § 4117.09(B)(2)(C) violates the Free Exercise Clause, as interpreted in *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017), as well as article I, § 7 of the Ohio Constitution, by categorically disqualifying religious charities from receiving the compelled payments described in that subsection;

h. permanently enjoin the Avon Lake City School District, along with every school district in the state of Ohio, from deducting "fair-share fees" from the paychecks of non-union members and remitting them to public-employee unions;

i. declare that article 4(G) of the collective bargaining agreement between the Avon Lake City School District and the Avon Lake Education Association violates the constitutional rights of Ms. Lee and her fellow class members, and declare that all collective-bargaining agreements that compel non-union members to pay "fair-share fees" to the OEA or its affiliates as a condition of their employment are invalid and without effect;

j. permanently enjoin the Avon Lake City School District and the Avon Lake Education Association from enforcing article 4(G) of their collective-bargaining agreement, and permanently enjoin every school district and every OEA affiliate in the State from enforcing similar provisions in collective-bargaining agreements that require non-union members to pay "agency fees" or "fair-share fees" to a public-employee union;

k.     order the OEA and its affiliates, including the NEA, to repay all "agency fees" or "fair-share fees" or other money that they unconstitutionally took from Ms. Lee and her fellow class members;

l.     permanently enjoin the OEA and its affiliates, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with it, from taking or redirecting any type of money from Ms. Lee and her fellow class members or any other public employee as a condition of their employment and without first obtaining the employee's affirmative, written, and freely given consent;

m.     permanently enjoin the Avon Lake City School District, along with every school district in the State, from entering into any collective-bargaining agreement that allows a public-employee union to collect or redirect any type of money from a non-union member;

n.     order the OEA, its affiliates and chapters, the Avon Lake City School District, and every school district in the State to immediately honor and enforce a public employee's decision to withdraw his membership or financial support of a public-employee union, regardless of the time of year that the decision is made;

o.     award costs and attorneys' fees under 42 U.S.C. § 1988;

p.     grant all other relief that the Court may deem just, proper, or equitable.

|  | Respectfully submitted. |
|---|---|
|  | /s/ Sean Logue |
| JONATHAN F. MITCHELL* | SEAN LOGUE |
| Mitchell Law PLLC | Ohio Bar No. 96546 |
| 106 East Sixth Street | Logue Law PLLC |
| Suite 900 | 27 West Main Street |
| Austin, Texas 78701 | Carnegie, Pennsylvania 15106 |
| (512) 686-3940 | (412) 389-0805 |
| jonathan@mitchell.law | sean@seanloguelaw.com |
| * *pro hac vice* application forthcoming |  |
| Dated: June 25, 2018 | *Counsel for Plaintiffs and the Proposed Class* |