UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MEGAN MORYC,

    Plaintiff,

v

MICHIGAN STATE POLICE, a Department of the State of Michigan; JAMES F. GRADY II; AIMEE BRIMACOMBE; LISA GEE-CRAM; DALE HINZ; CAMERON HENKE; JASON NEMECEK; MICHAEL DILLON; ERIC DARLING; KANDYCE HERR; THOMAS DEASY; MATTHEW WILLIAMS; NICOLE BOCK; KEVIN SWEENEY; ANDREW FIAS; RYAN MAKI; MICHAEL STEPHENS; CARISSA HORAN; BRIAN BUEGE; ROBERT DAVIS; and SCOTT ZIESMAN; officially and in their personal capacities,

    Defendants.

No. 1:25-cv-1127

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**REPLY BRIEF IN SUPPORT OF DEFENDANTS MICHIGAN STATE POLICE, GRADY, BRIMACOMBE, GEE-CRAM, HINZ, NEMECEK, DARLING, HERR, DEASY, WILLIAMS, BOCK, SWEENEY, FIAS, MAKI, HORAN, BUEGE, ZIESMAN, STEPHENS, AND DILLON'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

---

Elizabeth K. Abdnour (P78203)
Nicole Cote (P86815)
ABDNOUR WEIKER LLP
Attorneys for Plaintiff
325 E. Grand River Ave., Suite 250
East Lansing, MI  48823
517.292.0067
liz@education-rights.com
nicole@education-rights.com

Mary A. Waddell (P70545)
Ryan Wier (P83886)
Shelley M. McCormick (P80311)
Assistant Attorneys General
Attorneys for MSP Defendants
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI  48909
517.335.7573
waddellm1@michigan.gov
wierr2@michigan.gov
mccormicks1@michigan.gov

  /

**REPLY BRIEF IN SUPPORT OF DEFENDANTS MICHIGAN STATE POLICE, GRADY, BRIMACOMBE, GEE-CRAM, HINZ, NEMECEK, DARLING, HERR, DEASY, WILLIAMS, BOCK, SWEENEY, FIAS, MAKI, HORAN, BUEGE, ZIESMAN, STEPHENS, AND DILLON'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**[1]

    Moryc's opposition to Defendants' motion to dismiss fails to sufficiently address the significant pleading deficiencies in the amended complaint.

    First, Moryc argues that she properly pled claims against each named defendant simply because certain defendants are identified in the headings of each count. (ECF No. 17, PageID.417.) However, the amended complaint lacks specificity. A "[p]laintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012). The Sixth Circuit "has consistently held that damage claims against government officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). Here, Moryc does not provide any detail in her amended complaint regarding what each individual Defendant did to violate her constitutional rights. For this reason alone, the

---

[1] Stephens and Dillon moved separately, *see* ECF No. 14, however, their motion is identical to the other Defendants' motion, *see* ECF No. 11. As such, and out of an abundance of caution, Stephens and Dillon are included with this reply.

complaint should be considered a shotgun pleading. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020) ("[P]laintiff failed to connect specific facts or events with the various causes of action she asserted.")

For instance, the amended complaint alleges that *nineteen* different Defendants "had, *and continue to have*, the ultimate responsibility and authority to properly investigate complaints levied against their employees, agents, and representatives." (ECF No. 5, PageID.273.) (emphasis added.) And further, that these nineteen Defendants' "failure to address and properly respond to complaints about Tpr. Antcliff's sex discrimination, harassment, and abuse of prior victims, and its subsequent decision to place Tpr. Moryc under Tpr. Antcliff's supervision knowing that he had a history of abusing women, led directly to Tpr. Moryc being victimized by Tpr. Antcliff's sexual assault, abuse, stalking, and molestation." (*Id.*) However, merely lumping nineteen Defendants together in a heading does not adequately link allegations to material facts or indicate what each Defendant allegedly did to violate Moryc's rights under Rule 8. *See Lee*, 951 F.3d at 392 (reasoning that Rule 8 requires a defendant to have adequate notice of the claims against them and the grounds each claim rests upon).

Moreover, Moryc's repeated attempts to attribute conduct to "Defendants" broadly as a group is insufficient. Moryc's failure to plead what each individual defendant did with specificity makes it impossible for each Defendant to determine their alleged role or liability and prevents Defendants from appropriately responding to the complaint. To illustrate, the amended complaint alleges that both

3

Defendant Captain Thomas Deasy and Defendant Captain Matthew Williams "had, and continue to have, the ultimate responsibility and authority to properly investigate complaints," (ECF No. 5, PageID.273) while at the same time alleging that Captain Deasy has not served as the Commander of MSP's Transparency and Accountability Division since Captain Williams took over in approximately October 2024. (ECF No. 5, PageID.210-211.)

Second, the amended complaint lacks particularity with respect to *when* the alleged conduct occurred. Without mentioning any dates, the amended complaint simply repeatedly alleges, "at all relevant times." (ECF No. 5, PageID.208-213.) Moryc alleges that she has been employed as a Trooper by MSP since March 2016. (ECF No. 5, PageID.215.) The amended complaint is 84 pages long with 531 separate paragraphs. Nowhere does the amended complaint identify the "relevant times" at issue. This leaves the Defendants to guess when a specific allegation of misconduct purportedly occurred. This is in contravention with Rule 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Because Moryc's claims do not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," dismissal of her complaint is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Lastly, as for Moryc's intention to file a motion for leave to amend complaint to clarify claims against Defendant Carissa Horan (ECF No. 17, PageID.421), Moryc has not filed a motion to amend the complaint under Rule 15. Fed. R. Civ. P. 15(a).

4

A court evaluating a motion to dismiss must "focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). "[P]laintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Id*. at 483 (quoting *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)). There is no cause of action alleged against Defendant Horan and she should be dismissed from this action.

## CONCLUSION AND RELIEF REQUESTED

Defendants respectfully request that the Court dismiss Moryc's amended complaint or in the alternative, order Moryc to file a more definite statement that complies with Rule 8 as specified in their motion. Such clarification will allow Defendants to prepare a meaningful response and will promote the efficient resolution of this matter.

Respectfully submitted,

/s/ *Shelley M. McCormick*
Shelley M. McCormick
Assistant Attorney General
Attorney for MSP Defendants
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
mccormicks1@michigan.gov

Dated: February 13, 2026                P80311

## CERTIFICATE OF SERVICE

I certify that on February 13, 2026, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will provide electronic copies to counsel of record, and I certify that my secretary has mailed by U.S. Postal Service the papers to any non-ECF participant.

/s/ *Shelley M. McCormick*
Shelley M. McCormick
Assistant Attorney General
Attorney for MSP Defendants
State Operations Division

2025-0444648-A