**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MEGAN MORYC**,                                          Case No. 1:25-cv-1127

                Plaintiff,                                  Hon. Robert J. Jonker

v.

**MICHIGAN STATE POLICE**, a
department of the State of Michigan;
**LISA GEE-CRAM**; **DALE HINZ**;
**JASON NEMECEK**; **KANDYCE
HERR**; **THOMAS DEASY**;
**NICOLE BOCK**; **RYAN MAKI**;
and **BRIAN BUEGE**;
officially and in their personal capacities,

                Defendants.


**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for June 1, 2026, before the Hon. Judge Robert J.

Jonker. Appearing for the parties as counsel will be Elizabeth Abdnour, Nicole Cote, and Mitchell

Sickon for Plaintiff, and Mary A. Waddell, Shelley McCormick, and Ryan Wier for Defendants.

(1)    Jurisdiction: The basis for the Court's jurisdiction is:

Plaintiff's position: This Court has original jurisdiction over Plaintiff's federal and

Constitutional claims under 28 U.S.C. §§ 1331 and 1361. This Court has the authority to

grant declaratory and injunctive relief and to compel or set aside agency action to address

duties arising under the Constitution, laws, or treaties of the United States. 42 U.S.C. §

1983, 28 U.S.C. § 2201, and 5 U.S.C. §§ 702, 704, and 706.

Defendants' position: This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1331 and 42 U.S.C. §1983. There are no pendant state law claims.

(2) Jury or Non-Jury: This case is to be tried before a jury.

(3) Judicial Availability: The parties do not agree to have a United State Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

(4) Statement of the Case: This case involves:

Plaintiff's position:

Michigan State Trooper and Plaintiff Megan Moryc seeks relief from Defendants, Michigan State Police and many of its employees, for claims of discrimination, harassment, and retaliation for reporting those claims. Ms. Moryc's claims, brought under Title VII of the Civil Rights Act and the 1st and 14th Amendments to the U.S. Constitution by way of 42 U.S.C. § 1983, begin with her initial assignment to a post where one of her supervisors, whom was already known to Post Command as someone who posed a risk to women, would engage in "quid pro quo" sexual harassment. Plaintiff was forced to endure other forms of harassment and discrimination, which resulted in a hostile work environment. Ms. Moryc's attempts to seek redress for her injuries internally were met with skepticism and retaliation. She claims Defendants' retaliation took many forms over many years, a continual war of administrative and legal attrition that sought to punish her lawful behavior. Ms. Moryc's damages are extensive.

The legal issues requiring judicial resolution will include the affirmative defenses claimed by Defendants. Factual issues requiring judicial resolution will be (1) whether Defendants sexually harassed and created a hostile work environment for Plaintiff, (2)

whether Defendants retaliated against Plaintiff after she brought complaints seeking relief from said alleged violations, and (3) if so, to determine the appropriate relief for Plaintiff.

Defendants' position:

Defendants deny Plaintiff's allegations and assert that there were legitimate, nondiscriminatory, and nonretaliatory reasons for any adverse employment action taken against Plaintiff.   In addition, Defendants have raised numerous legal defenses to Plaintiff's claims in their affirmative defenses, including but not limited to qualified immunity, the statute of limitations, and the failure to exhaust.

The legal issues requiring judicial resolution include Defendants' affirmative defenses. Defendants' position is that the bulk of Plaintiff's claims are barred, both by the statute of limitations, but also her failure to exhaust as most of the allegations in the complaint were not included in her EEOC claims.   Consequently, the factual issues requiring resolution are limited to whether Plaintiff was retaliated against and whether she suffered any damages.

(5)   Joinder of Parties and Amendment of Pleadings: Plaintiff expects to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by July 1, 2026. Defendants' position is that any such motions are already untimely.  Additionally, Defendants do not plan to amend their pleadings, but if required, Defendants will seek leave of the Court.

(6)   Disclosures and Exchanges: Rule 26(a) mandates particular disclosures that apply on a self-executing timetable in the absence of contrary court order.

a.   Fed.R.Civ.P. 26(a)(1) disclosures: June 15, 2026.

b. Fed.R.Civ. P. 26(a)(2) disclosures:

Plaintiff's position:

    i. Plaintiff's expert disclosures: <u>December 1, 2026;</u>

    ii. Defendants' expert disclosures: <u>January 15, 2027</u>; and

    iii. Rebuttal expert disclosures: <u>February 15, 2027</u>.

Defendants' position:

    i. Plaintiff's expert disclosures: <u>September 1, 2026</u>

    ii. Defendants' expert disclosures: <u>October 15, 2026</u>

    iii. Rebuttal expert disclosures: <u>November 16, 2026</u>

c. Fed.R.Civ.P. 26(a)(3) disclosures: <u>To be determined once trial is set</u>.

d. The parties are unable to agree on voluntary production at this time.

e. Initial Disclosure of potential lay witnesses: <u>August 17, 2026</u>.

(7) Discovery: Plaintiff believes that all discovery proceedings can be completed by <u>April 1, 2027</u>. Defendants believe that all discovery proceedings can be completed by <u>December 1, 2026</u>.

Plaintiff recommends the following discovery plan:

Scope of Discovery: Discovery will be required on the following subjects:

a. Defendants' communications concerning Plaintiff.

b. Defendants' internal policies and procedures, in use from 2016 to present, relevant to Plaintiff's allegations in her Amended Complaint, including all revisions of such policies and procedures.

c. Defendants' investigations of and decisions concerning Plaintiff's internal MSP-related complaints from 2016 to present.

d. Defendants' investigations of and decisions concerning other MSP complaints roughly contemporaneous in time and similar in nature to Plaintiff's complaints.

e. All discovery already produced by Defendants in the concurrent case, *Moryc v. Michigan State Police*, in the Eaton County Circuit Court, Case No. 24-657-CD, currently on appeal. *Moryc v. Michigan State Police*, No. 380556 (Mich. Ct. App. 2026) https://www.courts.michigan.gov/c/courts/coa/case/380556.

f. MSP disciplinary records for all individuals who, from 2016 to present, have filed MSP complaints against Plaintiff.

g. MSP disciplinary records for all individuals who, from 2016 to present, either investigated MSP complaints filed by Plaintiff or made final decisions on said complaints.

h. Depositions of all named Defendants and a select number of other individuals with relevant information relating to the allegations in Plaintiff's Amended Complaint.

i. Plaintiff's efforts to mitigate damages.

Defendants recommend the following discovery plan:

Scope of Discovery: Discovery will be required on the following subjects:

a. Plaintiff's alleged damages, which will require an IME of Plaintiff to ascertain the nature and extent of her claimed noneconomic damages.

b. Plaintiff's allegations as set forth in her EEOC complaints.

c. Plaintiff's first amendment retaliation claim.

Defendants anticipate that a motion for a protective order will be necessary to limit the scope of discovery.

Expert Discovery: Plaintiff may offer experts on both liability and damages. Defendants may offer experts on both liability and damages.

Limitations and modifications to presumptive limits: Plaintiff will require at least the presumptive limit of all discovery mechanisms under the federal rules, considering the length of time relevant to her alleged violations of the law and the overall legal complexity of the case. Considering those factors, along with the number of individual Defendants, Plaintiff requests an additional five (5) depositions and has no objection to Defendants receiving the same number of additional depositions.

Defendants' position is that there is no basis to exceed the presumptive limits. Specifically, each side shall be limited to 25 interrogatories and depositions shall not exceed seven hours with each side receiving ten depositions.

(8) Motions:

Plaintiff anticipates that all dispositive motions will be filed by May 15, 2027.

Defendants anticipate that all dispositive motions will be filed by January 29, 2027.

The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(9) Alternative Dispute Resolution: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiff is open to all approved forms of alternative dispute resolution, with a preference for voluntary facilitative mediation.

Defendants' preference is referral to the Magistrate Judge to conduct a settlement conference, if necessary, following any ruling on dispositive motions.

(10) Length of Trial: Counsel estimate the trial will last approximately ten (10) days total, allocated as follows: seven (7) days for plaintiff's case and three (3) days for defendants' case.

(11) Prospects of Settlement: The status of settlement negotiations is:

Parties have made some efforts toward negotiation in the ongoing state court case, but no progress has been made. Persons present during a state court mediation held on April 29, 2026, were: Elizabeth Abdnour, Nicole Cote, and Plaintiff Megan Moryc for Plaintiff and Mary A. Waddell and F/Lt. Richard Chaffee for Defendants.

Parties remain far apart in terms of liability and damages. Discovery and a decision on a motion for summary judgment will likely be necessary before the Parties make any additional progress.

(12) Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

Respectfully submitted,

Dated: May 22, 2026

*s/Mitchell D. Sickon*
Mitchell D. Sickon (P82407)
Abdnour Weiker LLP
Attorneys for Plaintiff
262 S. Third Street
Columbus, OH  43215
517-994-1776
mitch@education-rights.com

Dated: May 22, 2026

*s/ Mary A. Waddell*
*(w/ permission)*
Mary A. Waddell (P70545)
Ryan Wier (P83886)
Assistant Attorneys General
Attorneys for Defendants
MI Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517-335-7573
waddellm1@michigan.gov
wierr2@michigan.gov