**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MEGAN MORYC**,

Plaintiff,

v.

**MICHIGAN STATE POLICE**, et al.,

Defendants.

Case No. 1:25-cv-1127

Hon. Robert J. Jonker
Mag. Phillip J. Green

---

# PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL

## I. INTRODUCTION

Plaintiff served MSP with its First Set of Discovery Requests ("Requests") on June 24, 2026. Requests, Ex. 1. On July 2, 2026, Counsel for MSP requested to meet and confer to discuss protective orders. On July 10, 2026, Counsel for Plaintiff and Counsel for Defendant met and conferred for approximately 30 minutes to discuss a protective order and discussed impending discovery disputes, where Plaintiff sought detailed examples of MSP's concerns. On July 20, 2026, Counsel for Defendants provided a preliminary list of impending objections. Prelim. List of Objections, Ex. 4. Defendant served its Responses to Plaintiff's Requests on July 24, 2026. Interrog. Responses, Ex. 2; Request for Production ("RFP") Responses, Exhibit 3 (collectively, "Responses"). Due to the significant number of objections and overall non-responsiveness of the Responses, the parties scheduled another meet and confer to resolve the dispute. Counsel for Plaintiff and Counsel for Defendant met and conferred for approximately 30 minutes on August 6, 2026 to try to resolve the outstanding discovery disputes, but no agreement was reached. To almost every single request, MSP flatly said "no records will be produced" or "no response will

be provided," accompanied by a variety of unsupported and inappropriate objections. As explained below, MSP's categorical refusal to meaningfully participate in discovery is based solely on boilerplate objections and an apparent miscomprehension of the rules of discovery. Plaintiff's Motion to Compel should be granted in full.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or disclosure from an opposing party where the opposing party fails to respond or where the opposing party's disclosure or response is evasive or incomplete. Under Fed. R. Civ. P. 26(b), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Accord. Surles ex. rel. Johnson v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007). The scope of discovery is broad and not limited to admissible evidence, but "encompasses any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Coleman v. American Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994) (quoting *Marshall v. Bramer*, 828 F.2d 355, 357-58 (6th Cir. 1987)). "Showing relevance is an 'extremely low bar.'" *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F.Supp.3d 626 (E.D. Mich. 2021) (*citing In re Ford Motor Co. Spark Plug & 3-Valve Engine Prod. Liab. Litig.*, 98 F. Supp. 3d 919, 925 (N.D. Ohio 2014)).

## III. ARGUMENT

Throughout MSP's Responses, it provides multiple layers of objections on the grounds of disagreeing with Plaintiff's definitions; boilerplate objections such as "overly broad," "unduly burdensome," "vague," "ambiguous," and alleged seeking irrelevant information (with no reasonable tailoring or specificity provided); and objections that Requests are predicated on an inaccurate and disputed factual premise. Though the parties met and conferred twice to try and

resolve MSP's disputes and objections, the multiple layers and boilerplate-nature of MSP's objections, and its lack of effort to produce responses compliant with the Federal Rules of Civil Procedure, stonewalled any possible resolution.

**A. Plaintiff's Interrogatories comply with the Federal Rules of Civil Procedure.**

Plaintiff served MSP with fifteen Interrogatories. Ex. 1. MSP responded to each with myriad objections and concluded, "Accordingly, MSP declines to answer." Ex. 2. For example, Interrogatory No. 1 provided: *"Identify every person who witnessed, has knowledge of, or was interviewed regarding the alleged incidents of sexual harassment, discrimination, or retaliation outlined in the Complaint."* MSP objected on the bases of (1) "predicated on an inaccurate and disputed factual premise," (2) "overly broad," (3) "unduly burdensome," (4) "not reasonably tailored to the needs of the case," (5) "seeks information . . . including allegations that are not relevant to any surviving claim, and are time-barred, or are otherwise outside the scope of permissible discovery." Ex. 2 at 3-4. For this, and **every other Interrogatory**, MSP states multiple objections that express an understanding of discovery that runs counter to applicable case law and the Federal Rules of Civil Procedure.

*i.* ***Objections of "predicated on an inaccurate and disputed factual premise" are improper and should be overruled.***

MSP stated the objection that Interrogatories No. 1 and No. 4 are "predicated on an inaccurate and disputed factual premise." Ex. 2 at 3, 6. Interrogatory No. 1's language includes "alleged" and did not require MSP to "accept those facts as true" as they argue. The Amended Complaint alleges sexual harassment, discrimination, and retaliation and these claims survived MSP's Motion to Dismiss. Whether MSP disputes any of Plaintiff's claims has no bearing on whether information is discoverable.

Interrogatory No. 4 asked MSP to state whether it was "aware of the hostile environment . . . and if so, state how and when [it] became aware." Ex. 1 at 7. MSP objected, stating that the

Interrogatory required it to accept the "inaccurate and disputed factual premise" as true to even provide a response. Ex. 2 at 3. This is another incorrect attempt by MSP to relieve itself of the responsibility of responding to discovery requests merely because it disagrees with Plaintiff's claims.

At least one court in the Western District has addressed objecting on the grounds that an interrogatory "assumes facts not in evidence," which it found to be "meritless," calling it a "trial objection that has no place in discovery practice." *Baker v. Cnty. of Missaaukee*, No. 1:09-CV-1059, 2013 WL 5786899, at *6 (W.D. Mich. Oct. 28, 2013). MSP makes a similar objection. However, the scope of discovery is broad, and objecting on this premise is insufficient. MSP's objections should be overruled.

*ii.* ***Objections of "not reasonably tailored to the needs of the case," "overly broad," "unduly burdensome," and "disproportionate" are improper and should be overruled.***

MSP's next set of improper responses asserts that the interrogatories in question, Nos. 1, 3, 5, 6, 7, 8, 9, 10, 13, 14, and 15 were "overly broad, unduly burdensome, and not reasonably tailored to the needs of the case." Ex. 2 at 1-17. In some, MSP also used the objection "disproportionate."

MSP raised an objection that Interrogatory No. 1 was <u>not reasonably tailored</u>. It attempted to support this objection by arguing "answering it as written would effectively require MSP to poll or interview thousands of MSP employees to ascertain whether they had any knowledge of Plaintiff's claims." Ex. 2 at 3. Not true. MSP must make good faith efforts to respond to Plaintiff's discovery requests with the knowledge it has and can reasonably obtain, and if it discovers new responsive information at a later point, it has a duty to supplement. Rule 26(e)(1). Given the expansive records that undoubtedly exist regarding Plaintiff's claims, which have likely already

been collected by MSP's counsel in the course of completing discovery in the State case, MSP can reasonably obtain this information and respond to Interrogatory No. 1.

MSP objected to Interrogatories 3, 5, 6, and 15 as "disproportionate to the needs of the case." Ex. 2 at 5-9, 16. MSP argues that the requests seek information without limitation as to "subject matter, time, or custodians," which it asserts would require it to "marshal all of its evidence and disclose its litigation strategy." Ex. 2 at 5-9, 16. Again, this assertion has no basis. The Requests' Instructions clearly provide "January 1, 2016 to the present" as the relevant time period. Ex. 1 at 7. Further, any information that would be protected by the attorney work-product doctrine is for MSP to determine and so claim. Rule 26(b)(5).

MSP uses unduly burdensome as grounds to object to Interrogatory Nos. 1, 3, 5, 6, 7, 8, 9, 10, 13, 14, and 15. Ex. 2 at 3-16. This objection was largely accompanied by "overly broad" and "not reasonably tailored." As an example, MSP objects in several responses that Plaintiff's definition of "You" is itself unduly burdensome and overly broad because it "requires MSP to investigate and respond on behalf of an entire government agency . . . rendering the interrogatory impossible to answer completely and accurately." Ex. 2 at 7, 15, 16. The problem for MSP is that it is a Defendant in this litigation. Just as MSP may be required to participate in a deposition pursuant to Rule 30(b)(6), which requires a designated representative to answer questions on behalf of MSP, all Defendants, MSP included, must also respond to written discovery. MSP cannot narrow the scope of an interrogatory merely because it is a large government agency. MSP has also provided no factual basis for understanding *how* these interrogatories might be unduly burdensome.

Even with the limited explanations MSP provides, its objections are not specific to each individual request, as they are applied to multiple interrogatories without distinction. The Federal

Rules do not permit discovery objections of this nature, absent a particularized showing. Rule 26(b)(1) authorizes discovery of any nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case. Rules 33(b)(4) and 34(b)(2)(B) further require objections to be stated with specificity.

Courts have consistently held that boilerplate objections on these grounds, provided without explaining why the particular request is objectionable, are legally insufficient and, in many instances, are "tantamount to no objection at all." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361 (E.D. Mich. Mar. 31, 2017). MSP's objections should be overruled.

*iii.* ***Objections of "seeks information regarding all alleged incidents set forth in the complaint, including allegations that are not relevant to any surviving claim, are time-barred, or otherwise fall outside the scope of permissible discovery" are improper and should be overruled.***

The next objection MSP raised, in its Responses to Interrogatory Nos. 1-4, was "*seeks information regarding all alleged incidents set forth in the complaint, including allegations that are not relevant to any surviving claim, are time-barred, or otherwise fall outside the scope of permissible discovery.*" Plaintiff is willing to work with MSP to narrow these requests, but the extent to which MSP wants them narrowed is unreasonable and not provided for in any caselaw or rule known to Plaintiff. Only Interrogatory No. 1 even mentions the Amended Complaint, which includes claims and defendants that have been dismissed. Plaintiff is not seeking information related to dismissed claims, and MSP can reasonably provide responses related to the remaining five claims and nine defendants.

Interrogatory Nos. 2, 3, and 4, are specific enough for MSP to reasonably respond. For example, No. 2 asked MSP to "*identify all individuals involved in the decisions to take adverse action (e.g., recommendations of suspension, termination, or other disciplinary or legal actions)*

*against Plaintiff*." Ex. 1 at 8. It is unclear what about this is overbroad or irrelevant, and MSP does not say. The clear text of the request seeks information about disciplinary or legal action against Plaintiff, which is clearly within the scope of the remaining claims.

Any possible objection MSP may have to information related to claims it believes are "time-barred" is inappropriate. They are active claims, and Plaintiff has the right to engage in discovery to investigate the facts underlying those claims. Plaintiff's Title VII "hostile environment" claim based on sex discrimination survived MSP's Motion to Dismiss, and such claims can include facts that might be otherwise time-barred "so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). MSP's objections should be overruled.

*iv.* ***Objections regarding Interrogatory Nos. 11 and 12 are improper and should be overruled.***

Interrogatory Nos. 11 and 12 relate to the processes by which MSP seeks, collects, and reviews responsive discovery documents and information pursuant to Plaintiff's requests. Aside from privileged attorney-client information and work product, Plaintiff is entitled to discover information regarding the individuals responsible for collecting, identifying, and storing responsive information to discovery requests to have the opportunity to engage in necessary follow-up discovery.

**B. Plaintiff's Requests for Production (RFPs) comply with the Federal Rules of Civil Procedure.**

Plaintiff served MSP with thirty RFPs. Ex. 1. MSP's responses to RFPs 2, 11, and 12, responded with, "subject to and without waiving the foregoing objections, after reasonable inquiry, no responsive records." Ex. 3 at 4, 19, 20. Plaintiff assumes this means that no responsive records were found. In response to RFP No. 6, MSP agreed to production subject to entry of a protective

order. For the remaining twenty-six RFPs, MSP stated numerous objections and ultimately responded with "Based on the foregoing objections, no records will be produced" Ex. 3 at 4-48. For example, RFP 9 requested:

> Please identify and produce all MSP policies and procedure manuals from the 6th District and Lakeview Post, all MSP-wide policies and procedures related to workplace harassment, discrimination, retaliation, internal complaint and investigation processes (whether through PSS or IA or any other internal MSP department or office), and all MCOLES policies and procedures related to securing and maintaining MCOLES certification or licensure. Additionally, as comparators, provide all policies and procedures related to workplace harassment, discrimination, and retaliation from two other randomly selected geographical MSP districts and two other posts, one from each of the randomly selected geographical MSP districts.

Ex. 1 at 14. MSP objected as follows: (1) the instruction requiring it to "identify" responsive records, (2) overbroad, (3) unduly burdensome, (4) not proportional to the needs of the case, (5) relevance, (6) vague and ambiguous, and that the request is a (7) disproportionate fishing expedition. Ex. 3 at 15. For this, and **every other RFP**, other than Nos. 2, 6, 11, 12, MSP states multiple objections that express an understanding of discovery that runs counter to applicable case law and the Federal Rules of Civil Procedure.

***i. Objections to Plaintiff's instruction to "identify" responsive records is improper and should be overruled.***

MSP's most frequently used objection responded to Plaintiff's instruction "requiring [MSP] to 'identify' responsive records." Ex. 3. This objection appears in response to all thirty RFPs. Plaintiff's definition of "identify" is:

> 4. "Identify" has the following meanings:
>
> a. When referring to a person, to "Identify" means to give, to the extent known, the person's full name, present or last known address and email address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been Identified in accordance with this paragraph, only

> the name of that person need be listed in response to subsequent discovery requesting the Identification of that person.
>
> b. When referring to Documents, to "Identify" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

Ex. 1 at 2-3. MSP argues this definition "exceeds the scope of Federal Rules of Civil Procedure 34," as "Rule 34 authorizes requests for the production of documents or the inspection of tangible things, it does not require a responding party to identify or describe responsive documents." Ex. 3 at 3-48. This objection cannot be used as a basis to withhold production of documents. Each RFP asks MSP to "please identify and produce . . ." whatever documentation is requested. Even if MSP does not believe it has to "identify" the documents, it must produce them.

***ii. Objections of "overly broad," "unduly burdensome," and "fails to describe requested documents with reasonable particularity" are improper and should be overruled.***

MSP's next set of objections were that RFPs 3-7, 9-12, 14-21, and 27-31 were overly broad, unduly burdensome, and fails to describe the requested documents with reasonable particularity. Ex. 3 at 5-13, 15-20, 22-35, 41-28. In some responses, MSP also uses "disproportionate." *Id*. at 6, 8, 10, 17, 19-22, 30, 31, 33, 34, 41, 46. MSP objects that, in all but RFPs 1, 2, 8, 13, and 22-26, Plaintiff fails to describe documents with reasonable particularity. For many responses, MSP begins its objection by stating that the requests violate Rule 34(b)(1)(A) by "seeking all information rather than identifying a discrete category of relevant information." Ex. 3 at 19-21, 29, 30, 32, 33, 35. However, these requests do not violate Rule 34, and MSP has provided no legal authority for it to require Plaintiff to identify a discrete category of relevant information, especially when the RFP requested documents with reasonable particularity.

Take RFP No. 19: "Please identify and produce all communications to or from MSP Col. James Grady II referencing: Megan Moryc, Megan Symonds, 'M M', 'MM', PSS-185-24, PSS-542-20, OIR 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23." Ex. 1 at 17. "Communications" is defined in Plaintiff's instructions as:

> "Communication" means the transmittal of information (in the form of words, facts, ideas, inquiries or otherwise), including any conversation, meeting, conference, correspondence, or other written or oral transmission by letter, facsimile, telephone (including cellular work phones and their text message records), e-mail (whether sent, received, deleted, blind copied, archived, saved, recovered, or otherwise maintained), social media (such as Instagram, Twitter, Tik Tok, etc.), direct messaging application (such as Facebook Messenger, Signal, WhatsApp, etc.), or any other medium, whether formal or informal.

Ex. 1. RFP No. 19, and all others, are clear on what is being requested: communications, as defined above, related to all provided search terms and report numbers. This request describes all search terms with reasonable particularity, and the definition of communication provides examples of what is being sought. There is no reason MSP cannot provide a response.

Further, regarding these RFPs and many others, Plaintiff agrees the parties need to work together to identify appropriate electronically-stored information ("ESI") search terms to narrow sets of responsive documents, and Plaintiff remains committed to working on appropriate search terms for ESI being held by custodians employed by or under the control of MSP. However, the burden is not solely on Plaintiff to identify such terms. Case law supports the notion that MSP must be a partner in developing those search terms and cannot "throw it to the Court to figure out or throw it to the plaintiff[] to figure out." *Waskul*, 569 F.Supp.3d 626, 631 (E.D. Mich 2021).

MSP uses "unduly burdensome" as grounds for objection in all its responses but five (RFPs 1, 8, 10, 17, and 22). MSP provides no detail related to these objections, as when MSP uses "<u>overly</u>

broad" in response to RFPs 2-5 and 7. These requests are not so "overly broad" that good faith dialogue could not cure any overinclusion, and MSP provides no factual support for the idea that the requests are "unduly burdensome." These records are also all relevant to Plaintiff's claims. Information within the scope of discovery, *see* Fed. R. Civ. P. 26(b)(1), need not be admissible to be discoverable. *Id*. Each of these Requests are relevant to Plaintiff's surviving claims.

Going back to RFP No. 19. MSP objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it "seeks 'all communications' . . . without limitation as to subject matter, time period, or relevance to the claims or defenses in this action." Ex. 3 at 31-32. Plaintiff agrees that the search terms "M M" and "MM" might be overbroad, but those are also common abbreviations for Plaintiff's name. If MSP has a better solution, then Plaintiff stands ready to hear it. As it relates to the remaining terms, they are objectively finite in subject matter, time period and relevance. The subject matter is clear, specific and does not need interpretation. The time period also has a clear beginning date, as MSP is aware of Plaintiff's hire date and the dates all communications began for the referenced records.

MSP's limited explanations for its objections are not specific to each individual request, as they are applied to multiple RFPs without distinction. Rules 33(b)(4) and 34(b)(2)(B) require objections to be stated with specificity. Again, courts have consistently held that such boilerplate objections, without particular support is, in many instances, "tantamount to no objection at all." *Strategic Mktg. & Rsch. Team, Inc.*, 2017 WL 1196361 (E.D. Mich. Mar. 31, 2017).

***iii. Objections of "deliberative process privilege" are improper and should be overruled.***

In response to RFPs 23 and 29, MSP objects to the extent each request seeks materials protected from disclosure by the deliberative process privilege. Ex. 3 at 37, 46. The deliberative process privilege only protects documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are

formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1974). It is limited in scope. The privilege does not extend to the facts on which an agency's decisions are based. *Lewis v. City of Detroit*, 234 F.R.D. 157, 160 (E.D. Mich. 2006). Ultimately, MSP has the burden of proving that this privilege applies and must show that the information it seeks to withhold is protected and is both deliberative and pre-decisional. It has not met its burden.

***iv. Miscellaneous improper objections.***

In response to RFPs 6 and 28, as with the Interrogatories, MSP objects that the definition of "You" provided is unduly burdensome and overly broad because it "requires MSP to investigate and respond on behalf of an entire government agency . . . rendering it impossible to provide a complete and accurate response." Ex. 3 at 11. Again, MSP cannot unilaterally narrow the scope of a discovery request merely because it is a large government agency; further, its status as such also means that it has more resources and staff to respond than the average defendant.

**C. *Waskul*: A cautionary tale**

Fed. R. of Civ. Pro. 26(b)(1) states the general proportionality factors for discovery requests, and the *Waskul* court analyzed these factors in the context of a discovery dispute in a civil rights lawsuit against a government entity, Washtenaw County Community Mental Health ("WCCMH"). 569 F.Supp.3d at 634-35. The *Waskul* decision can aptly stand as a cautionary tale for the present discovery issues. This case is not as far along as *Waskul* was when it was decided, but the uniformity of MSP's refusal to participate in the discovery process compels Plaintiff to similarly "ring the alarm." *Id.* at 630.

In *Waskul*, the government entity (1) claimed "none of plaintiffs' requests were relevant or proportional," *Id.* at 631, much like here; (2) proved to be unaware of many now-standard ESI practices, *Id.* at 635, which remains to be seen here; (3) was unwilling to "as the responding party . . . [take] a commanding role in developing the strategy to produce its relevant emails," *Id.* at 636,

which applies here; and (4) "refused to commit to a deadline for producing emails," *Id.* at 637, which is a denial of basic discovery principles arguably on a similar level to refusing to produce any meaningful response to any requests, like here.

Throughout the previous analysis, Plaintiff reviewed MSP's many boilerplate objections and their unsustainability. The *Waskul* court noted that all counsel should be familiar with ESI and stated that "[a]ttorneys are dutybound to meaningfully interview relevant custodians," and that these interviews should take place "at the beginning of litigation." *Id.* at 635 (citing *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 942 (N.D. Ill. 2021)). MSP's boilerplate objections make no reference to the efforts it has undertaken to understand where potentially relevant documents might be kept.

Instead, MSP repeatedly tries to use its size as a public governmental entity as a shield, asserting that requests involving the word "You" require "MSP to investigate and respond on behalf of an entire government agency . . . rendering the interrogatory impossible to answer completely and accurately." This argument fails, as a discovery "burden" is a relative concept that depends on the party at issue. *See EEOC v. Ferrellgas, L.P.*, 97 F.4th 338, 349-350 (6th Cir. 2024) (a party claiming undue burden must provide a meaningful factual baseline to allow proper evaluation of that claim).

As one point of comparison, in *Waskul*, the court noted that the plaintiffs asserted that WCCMH had an annual budget of $9 million. 569 F.Supp.3d at 634. The court accepted *arguendo* that WCCHM had "not budgeted for litigation," but even so, it rejected WCCHM's implicit suggestion that, due to expense, "public governmental entities are exempt from normal discovery." *Id.* Here, MSP's fiscal year 2025-26 budget was $964 million, more than 100 times WCCHM's budget. Summary of MSP Budget, Ex. 5. MSP also benefits from being represented by Michigan's

Attorney General's office, which itself had a budget of over $126 million in fiscal year 2025-26. History of AG Budget, Ex. 6. It defies reason to argue that MSP lacks the resources to responsibly seek, obtain, and produce responsive documents in its possession, custody, or control that Plaintiff has requested and cannot access on her own.[1] With its raft of boilerplate objections, MSP seeks now to make that argument, instead of taking any role, let alone a "commanding role," in the development of an appropriate discovery protocol for this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant her Motion to Compel.

Dated: August 24, 2026

Respectfully Submitted,
ABDNOUR WEIKER LLP

***/s/ Nicole Cote***
Elizabeth K. Abdnour (P78203)
Nicole E. Cote (P86815)
Mitchell D. Sickon (P82407)
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
nicole@education-rights.com
mitch@education-rights.com
*Attorneys for Plaintiff*

[1] In fact, during the meet and confer on August 6, 2026, Counsel for MSP notified Counsel for Plaintiff that MSP intends to hire outside counsel to add to its litigation team in this matter.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief complies with the limits set forth in LCivR 7.3(b)(i). Further, based on the Word Count function of Microsoft Word for Mac word processing software, applied to include all include headings, footnotes, citations and quotations, but not to include the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits, I certify that this Brief contains 4,270 words.

***/s/ Nicole Cote***

## CERTIFICATION OF SERVICE

I hereby certify that on August 24, I filed this Document by use of this Court's ECF system, which will serve copies to the Clerk of Courts and all counsel of record.

***/s/ Nicole Cote***