# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MEGAN MORYC**,
Plaintiff,

v.

**MICHIGAN STATE POLICE**, et al.,
Defendants.

Case No. 1:25-cv-1127

Hon. Robert J. Jonker
Mag. Phillip J. Green

---

**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT MICHIGAN STATE POLICE**

TO: Michigan State Police
*Through its attorneys of record,*

Mary A. Waddell (P70545)
Ryan Wier (P83886)
Shelley M. McCormick (P80311)
Assistant Attorneys General
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
waddellm1@michigan.gov
wierr2@michigan.gov
mccormicks@michigan.gov

Pursuant to the Federal Rules of Civil Procedure, Megan Moryc, through undersigned counsel, requests that Defendant Michigan State Police ("MSP") respond to this discovery request within thirty (30) days of service. Production of documents shall be electronic, by a means agreed upon by counsel. Counsel for Plaintiff can provide a SharePoint link if necessary. These requests are deemed to be continuing, and the answers are to be supplemented in the event further relevant information is made known to You.

## DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

### *Definitions*

1. Capitalized terms herein have the meanings ascribed in this Definitions section. All terms not otherwise defined shall have their ordinary and common meanings.

2. "Document" means any reduction of information to tangible form, including any information stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. "Document" includes, but is not limited to correspondence, memoranda, reports, notes, minutes, transcripts, email, voicemail, calendar entries, text messages, computer data or documents stored on computers, computer disks, or computer backup tapes, and documents or data available on phones or other hand-held electronic devices. The term "Document" specifically includes electronically stored information ("ESI").

3. "Communication" means the transmittal of information (in the form of words, facts, ideas, inquiries or otherwise), including any conversation, meeting, conference, correspondence, or other written or oral transmission by letter, facsimile, telephone (including cellular work phones and their text message records), e-mail (whether sent, received, deleted, blind copied, archived, saved, recovered, or otherwise maintained), social media (such as Instagram, Twitter, Tik Tok, etc.), direct messaging application (such as Facebook Messenger, Signal, WhatsApp, etc.), or any other medium, whether formal or informal.

4. "Identify" has the following meanings:

    a. When referring to a person, to "Identify" means to give, to the extent known, the person's full name, present or last known address and email address, and when referring to a natural person, additionally, the present or last known

place of employment. Once a person has been Identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the Identification of that person.

b. When referring to Documents, to "Identify" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. "Provide" means furnish, give access, deliver, send, disclose, or transmit.

6. The terms "related to," "regarding," and "concerning" shall mean in whole or in any part alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to discredit, referring to, or in any way touching upon, and means such whether sent to you by any other person or party, furnished to you by any other person or party, or created or maintained (whether or not transmitted to any other person), such terms should be construed in the broadest sense of the word.

7. "Person" means any natural person or any business, legal, or governmental entity or association, whether or not incorporated.

8. "You" or "your" includes anyone acting on your behalf, including but not limited to, you, your agents, employees, attorneys, and accountants.

9. "Plaintiff" refers to Megan Moryc.

10. "Defendant" refers to Michigan State Police ("MSP") and all its present and

former officers, directors, employees, agents, departments, or attorneys in their capacities as such, or any other person acting on any of this entity's behalf.

11. "Federal Complaint" refers to the Amended Federal Complaint filed in *Moryc v. MSP, et al.*, Case No. 1:25-cv-1127, in the United States District Court for the Western District of Michigan on October 12, 2025.

12. "Answer" refers to the Answer filed in *Moryc v. MSP, et al.*, Case No. 1:25-cv-1127, in the United States District Court for the Western District of Michigan on March 20, 2026.

***Rules of Construction***

1. The term "including" shall be construed as "including but not limited to."

2. The terms "all" and "any" shall be construed to include both "all" and "any" and to include the term "each."

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The use of the singular form of any word includes the plural and vice versa.

5. Any verb stated in the present tense shall also be taken in the past, future, and perfect tenses. Any verb stated in the past tense shall also be taken in the present, future, and perfect tenses.

***Instructions***

1. Documents shall be Bates-numbered, with each page separately numbered. The Bates number shall contain an alphabetical prefix that reasonably identifies the producing party. Documents produced in native format shall contain a Bates number as part of the file

name.

2. Text, word-processing, presentation (*e.g.*, PowerPoint), or similar electronic Documents other than spreadsheets may be produced in native format if desired but otherwise shall be produced in multipage .pdf form, with each separate Document being produced as a separate file. It is ***not*** acceptable to group multiple Documents into a single .pdf.

3. Existing physical Documents shall be scanned by a method that, to the extent possible, creates a searchable .pdf copy of the Document.

4. Spreadsheets (other than existing, printed copies thereof, which shall be treated as existing physical documents) must be produced in native format. Excel is the preferred format; please advise if spreadsheets will be produced in some other format.

5. E-mails may be produced either in .pdf form as above or in native format (please inform us in advance of production what file formats will be used if native format is chosen).

6. A draft or copy (whether or not identical) is a separate Document.

a. Where multiple identical copies of a Document exist in a single file location, only one copy need be produced.

b. Where, however, identical copies exist in separate file locations, the production must either include a separate copy from each location or identification of each location in which such a copy exists.

c. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is a separate Document from one without such modifications, additions, or deletions.

d. Any page of a Document with a “Post-It” or similar note affixed to it shall be produced twice, as consecutive pages in the production, once with the note

affixed and once without the note affixed.

7. The fact that a Document may be produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two documents are identical.

8. If a portion of a Document is responsive, the Document as a whole is responsive, and Documents are to be produced in their entirety, including all attachments and without redaction except for (a) privilege, (b) work product, or (c) personally identifying information ("PII"). Redactions shall be clearly indicated on the Documents as produced, and a privilege log shall be maintained and provided with Your response.

9. PII other than relating to the Plaintiff in this action may in general be redacted in the Documents produced in response to these Requests (PII relating to Plaintiff shall not be redacted).

10. To the extent any Document or portion of a Document is redacted or withheld on the basis of an assertion of privilege or work product, each such Document shall nevertheless be Bates numbered and You shall, on a rolling basis no later than seven calendar days after each tranche of Documents is produced, produce or update a log containing, as to each such Document or portion, the following information:

- the Bates number(s);
- the date;
- the subject matter;
- the purpose for which the Document was created;
- the identities of each person creating, sending, editing, or receiving the Document, or any version or draft thereof, and whether such person was a lawyer

acting as such with respect thereto; and

• the basis for withholding or redacting the Document.

11. For all responsive documents that are believed to have been deleted or destroyed, please provide a log identifying or describing the document, summarizing its contents, and stating the date on which it was believed to have been destroyed and by whom.

12. Unless otherwise specified, the time period of January 1, 2016 to the present shall apply.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every person who witnessed, has knowledge of, or was interviewed regarding the alleged incidents of sexual harassment, discrimination, or retaliation outlined in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all individuals involved in the decisions to take adverse action (e.g., recommendations of suspension, termination, or other disciplinary or legal actions) against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 3:**

State all specific facts and identify all documents supporting any legitimate, non-discriminatory reasons for any adverse employment actions taken against Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 4:**

State whether you were aware of the hostile work environment at the Lakeview Post, and if so, state how and when you became aware.

**ANSWER:**

**INTERROGATORY NO. 5:**

State whether You contend Plaintiff engaged in misconduct that would have resulted in termination, regardless of any alleged discrimination and/or retaliation, and if so, state all specific facts and identify all documents supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify every physical and/or electronic location where a current or past MSP employee's personnel, email, and complaint records may be maintained (including, but not limited to, specific departments within MSP, such as Labor Relations, Professional Standards, or Training and Recruitment, and/or any third parties subject to service-level agreements (such as, but not limited to, the Michigan Civil Service Commission)).

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify the person(s) responsible for maintaining the personnel, email, and complaint files in each of the locations identified in Interrogatory No. 6.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify in detail all internal investigations conducted regarding complaints involving Plaintiff, including the dates the complaints were filed; subjects of the complaints; identities of all

investigators, decision makers, complainants, respondents, witnesses, and interviewees; dates of interviews; findings; and final determinations and dates.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all MSP policies, whether draft, preview, or current, related to harassment, discrimination, and retaliation, and state whether, and if so when, Plaintiff and Defendants acknowledged that they were provided copies of, trained on, and/or affirmed that they had read and understood these policies.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify all complaints of sex discrimination, sexual harassment, or retaliation made by any MSP employee against any other MSP employee within the Sixth District made within the last fifteen years.

**ANSWER:**

**INTERROGATORY NO. 11:**

Describe in detail the process by which you will seek and collect responsive discovery in this matter, including but not limited to all communications, recordings, and tangible evidence.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify all individuals who have any role in collecting, storing, redacting, and/or providing responses to Plaintiff's discovery requests in this matter.

**ANSWER:**

**INTERROGATORY NO. 13:**

Explain in detail the process for securing and maintaining the information stored in an MSP employee's work-provided communications device once You regain physical control of the device from the employee and provide copies of any relevant policies.

**ANSWER:**

**INTERROGATORY NO. 14:**

Describe the process that MSP uses to decide who is a part of the Leadership Team, when those choices are made, what the Leadership Team's priorities and goals are, and identify what authority the Leadership Team has or policies it uses to regulate its membership and effectuate its goals.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify all documents, records, and any other items You maintain related to Plaintiff.

**ANSWER:**

**JURAT**

STATE OF MICHIGAN )
) ss
COUNTY OF )

BEFORE ME, the undersigned authority, personally appeared, who, being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories and knows the contents thereof, that the information contained therein is true and correct to the best of his/her knowledge and belief.

___________________________________________

Defendant

Subscribed and sworn to before me this

___________day of ____________________, 2026.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please identify and produce all documents relied on, identified, or referred to in your Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 2:**

Please identify and produce all documents relied on, identified, or referred to in answering Plaintiff's Interrogatories to you.

**REQUEST FOR PRODUCTION NO. 3:**

Please identify and produce all documents referring to the matters alleged in the Complaint or your Answer.

**REQUEST FOR PRODUCTION NO. 4:**

Please identify and produce any statements, declarations, or affidavits (draft or final, signed or unsigned) received by you or anyone acting on your behalf from any person relating to the matters alleged in the Complaint or your Answer.

**REQUEST FOR PRODUCTION NO. 5:**

Please identify and produce all documents relating to any communications between you and any other person regarding the matters alleged in the Complaint or your Answer, including but not limited to video or audio recordings and all documents or communications referencing Plaintiff.

**<u>REQUEST FOR PRODUCTION NO. 6:</u>**

Please identify and produce all discovery that was produced to Plaintiff in *Moryc v. MSP*, Eaton County Circuit Court Case No. 24-657-CD. Plaintiff is willing to withdraw this request if You are willing to stipulate to the use of this evidence in this matter.

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**

Please identify and produce all records created by and communication to, from, between, or among MSP employees related to *Moryc v. MSP*, Eaton County Circuit Court Case No. 24-657-CD, including but not limited to all current or previous MSP employees assigned to the Lakeview Post and Defendants Gee-Cram, Hinz, Nemecek, Herr, Deasy, Bock, Maki, and Buege.

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

Please identify and produce all MSP records retention and disposal schedules and policies.

**<u>REQUEST FOR PRODUCTION NO. 9:</u>**

Please identify and produce all MSP policies and procedure manuals from the 6th District and Lakeview Post, all MSP-wide policies and procedures related to workplace harassment, discrimination, retaliation, internal complaint and investigation processes (whether through PSS or IA or any other internal MSP department or office), and all MCOLES policies and procedures related to securing and maintaining MCOLES certification or licensure. Additionally, as comparators, provide all policies and procedures related to workplace harassment, discrimination, and retaliation from two other randomly selected geographical MSP districts and two other posts, one from each of the randomly selected geographical MSP districts.

**REQUEST FOR PRODUCTION NO. 10:**

Please identify and produce all versions of MSP's internal investigation procedural manual as referenced by Lt. Christopher Tuckey during his February 6, 2026 deposition.

**REQUEST FOR PRODUCTION NO. 11:**

Please identify and produce all records recovered from the take-home laptop assigned to Plaintiff in October 2020.

**REQUEST FOR PRODUCTION NO. 12:**

Please identify and produce all information recovered from Plaintiff's assigned cellular work phone.

**REQUEST FOR PRODUCTION NO. 13:**

Please identify and produce all records from the Plaintiff's designated file folder located on MSP's internal "S" drive.

**REQUEST FOR PRODUCTION NO. 14:**

Please identify and produce a copy of all documents and all communications related to any PSS/IA complaints, including investigations, interviews, or other activities, involving Plaintiff, or any criminal action involving Plaintiff, wherever located, including but not limited to the email account's inbox, draft folder, sent folder, archive, and any subfolders, for the following email accounts: morycm@michigan.gov and symondsm@michigan.gov.

**REQUEST FOR PRODUCTION NO. 15:**

Please identify and produce all personnel records, including but not limited to, employee reviews and evaluations, complaints, disciplinary records, counseling memos, performance improvement plans, Internal Affairs (IA)/Professional Standards Section (PSS) investigation records, settlement agreements, arbitration records, training records, testing records, resumes, cover letters, written endorsements, and/or MSP Trooper Recruit School records, for every current and former MSP employee listed as a witness in your Initial Disclosures. This request includes any documentation of each individual's signature of acknowledgement, in which the individual acknowledged they had read MSP's policy and procedures for domestic violence, workplace harassment, retaliation, discrimination, and CSC investigation procedures from January 1, 2016 to present.

**REQUEST FOR PRODUCTION NO. 16:**

Please identify and produce all personnel records, including but not limited to, employee reviews and evaluations, complaints, disciplinary records, counseling memos, performance improvement plans, Internal Affairs (IA)/Professional Standards Section (PSS) investigation records, settlement agreements, arbitration records, training records, testing records, resumes, cover letters, written endorsements, and/or MSP Trooper Recruit School records, from wherever they may be stored, for Defendants Gee-Cram, Hinz, Nemecek, Herr, Deasy, Bock, Maki, and Buege. This request includes any documentation of each individual's signature of acknowledgement, in which the individual acknowledged they had read MSP's policy and procedures for domestic violence, workplace harassment, retaliation, discrimination, and CSC investigation procedures from January 1, 2016 to present.

**REQUEST FOR PRODUCTION NO. 17:**

Please identify and produce all communication to or from Defendants Gee-Cram, Hinz, Nemecek, Herr, Deasy, Bock, Maki, and/or Buege related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 18:**

Please identify and produce all communications to or from MSP (Ret.) Lt. Col. Aimee Brimacombe or MSP employee Aimee Maike referencing: Megan Moryc, Megan Symonds, “M M”, “MM”, PSS-185-24, PSS-542-20, Original Incident Report No. (OIR) 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23.

**REQUEST FOR PRODUCTION NO. 19:**

Please identify and produce all communications to or from MSP Col. James Grady II referencing: Megan Moryc, Megan Symonds, “M M”, “MM”, PSS-185-24, PSS-542-20, OIR 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23.

**REQUEST FOR PRODUCTION NO. 20:**

Please identify and produce all communications to or from MSP (Ret.) F/Lt. Brody Boucher referencing Megan Moryc, Megan Symonds, “MM”, “M M”, PSS-185-24, PSS-542-20, OIR 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-

20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23, from January 1, 2020 to his last day of employment with MSP.

**REQUEST FOR PRODUCTION NO. 21:**

Please identify and produce all communications to or from former MSP employee Stephanie Horton referencing Megan Moryc, Megan Symonds, "M M", "MM", PSS-185-24, PSS-542-20, OIR 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23, from January 1, 2020 to her last day of employment with MSP.

**REQUEST FOR PRODUCTION NO. 22:**

Please identify and produce all personnel records, including but not limited to, employee reviews and evaluations, complaints, disciplinary records, counseling memos, performance improvement plans, Internal Affairs (IA)/Professional Standards Section (PSS) investigation records, settlement agreements, training records, testing records, resumes, cover letters, written endorsements, and/or MSP Trooper Recruit School records, regarding Plaintiff.

**REQUEST FOR PRODUCTION NO. 23:**

Please identify and produce all documents and communications related to any discipline imposed or contemplated against Plaintiff.

**REQUEST FOR PRODUCTION NO. 24:**

Please identify and produce all documents related to any PSS (f/k/a Internal Affairs (IA)) investigation related to D-MSPTA-094-22.

**REQUEST FOR PRODUCTION NO. 25:**

Please identify and produce all documents related to any PSS/IA investigation related to D-MSPTA-032-23.

**REQUEST FOR PRODUCTION NO. 26:**

Please identify and produce all documents related to any PSS/IA investigation related to D-MSPTA-066-23.

**REQUEST FOR PRODUCTION NO. 27:**

Please identify and produce all records, documents, and communications between any MSP employee and any employee or board member of the Michigan Commission on Law Enforcement Standards (MCOLES) related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 28:**

Please identify and produce all documents You received in response to the March 21, 2025 Minute Man Services, Inc. Copy of Requested Records Inquiry.

**REQUEST FOR PRODUCTION NO. 29:**

Please identify and produce all records, documents, communications, memorandums, reports, supplements, investigative reports, photographs, video or audio recordings, notes, drafts, and a full, complete, unredacted, and unfiltered incident log for the following investigative reports, regarding:

- OIR 64-5103-18
- IA-085-2019
- PSS-083-20
- PSS-535-20
- PSS-536-20
- PSS-542-20
- PSS-544-20
- PSS-557-20
- PSS-600-20
- PSS-646-20
- OIR 10-133-20
- OIR 70-246-20
- PSS-321-21
- PSS-340-21
- PSS-365-21
- PSS-409-21
- OIR 50-11-21
- PSS-052-22

- PSS-055-22
- PSS-390-22
- PSS-740-22
- PSS-191-23
- PSS-199-23
- PSS-239-23
- PSS-627-23
- PSS-724-23
- PSS-766-23
- OIR 10-595-23
- PSS-110-24
- PSS-185-24
- PSS-309-24
- PSS-719-24
- PSS-758-24
- PSS-030-25
- PSS-049-25
- PSS-295-25
- PSS-258-26

**REQUEST FOR PRODUCTION NO. 30:**

Please identify and produce all settlement agreements and the corresponding investigative and disciplinary records, with any current or former MSP employee accused of violating Section(s) 4.5, 4.6, 4.6a, 4.25, and/or 4.35 of the MSP Code of Conduct.

Dated: June 24, 2026

Respectfully submitted,
ABDNOUR WEIKER LLP

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
Nicole Cote (P86815)
Mitchell D. Sickon (P82407)
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
nicole@education-rights.com
mitch@education-rights.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served on all parties via counsel of record by electronic mail this 24th day of June, 2026.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)