# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MEGAN MORYC,

Plaintiff,

v

MICHIGAN STATE POLICE, a Department of the State of Michigan; ~~JAMES F. GRADY II~~; ~~AIMEE BRIMACOMBE~~; LISA GEE-CRAM; DALE HINZ; ~~CAMERON HENKE~~; JASON NEMECEK; ~~MICHAEL DILLON~~; ~~ERIC DARLING~~; KANDYCE HERR; THOMAS DEASY; ~~MATTHEW WILLIAMS~~; NICOLE BOCK; ~~KEVIN SWEENEY~~; ~~ANDREW FIAS~~; RYAN MAKI; ~~MICHAEL STEPHENS~~; ~~CARISSA HORAN~~; BRIAN BUEGE; ~~ROBERT DAVIS~~; and ~~SCOTT ZIESMAN~~; officially and in their personal capacities,

Defendants.

No. 1:25-cv-1127

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

---

Elizabeth K. Abdnour (P78203)
Nicole Cote (P86815)
Mitchell D. Sickon (P82407)
ABDNOUR WEIKER LLP
Attorneys for Plaintiff
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
517.292.0067
liz@education-rights.com
nicole@education-rights.com
mitch@education-rights.com

Mary A. Waddell (P70545)
Ryan Wier (P83886)
Shelley M. McCormick (P80311)
Assistant Attorneys General
Attorneys for Defendants
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
waddellm1@michigan.gov
wierr2@michigan.gov
mccormicks@michigan.gov

---/

**DEFENDANT MSP'S RESPONSE TO PLAINTIFF'S**
**FIRST INTERROGATORIES TO DEFENDANT MSP**

Defendant Michigan State Police ("MSP"), through counsel, submits the following responses to Plaintiff's First Interrogatories to Defendant MSP:

**GENERAL OBJECTIONS**

(a) MSP objects to each instruction, definition, and request to the extent that it purports to impose any requirements or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and any applicable rules and orders of the Court, including numbers 2-4, 6-8 and 10 under Definitions, numbers 1-5, of the Rules of Construction, and numbers 2-12 under instructions.

(b) MSP further objects to any instruction, definition, or request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or discovery protection, immunity, law, or rule. Any disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, law or rule is inadvertent and does not constitute a waiver.

(c) MSP further objects to any request to the extent that it is vague and overly broad, unduly burdensome, or to the extent that it seeks documents or information already in the possession, custody, or control of Plaintiff, or information publicly available or available to Plaintiff from another source more convenient, less burdensome, or less expensive.

(d) MSP has not completed discovery in this litigation. All responses to the discovery requests are based upon the information presently known to

Defendant and are given without prejudice to MSP's right to adduce evidence discovered or analyzed subsequent to the date of these responses. MSP expressly reserves the right to revise and supplement responses to the discovery requests in the event that continuing investigation of the facts and discovery brings to light any additional information responsive to the discovery requests.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every person who witnessed, has knowledge of, or was interviewed regarding the alleged incidents of sexual harassment, discrimination, or retaliation outlined in the Complaint.

**OBJECTION: MSP objects to this interrogatory because it is predicated on an inaccurate and disputed factual premise. This interrogatory assumes facts that MSP expressly denies and as phrased, requires MSP to accept those facts as true. MSP will not adopt Plaintiff's characterization of the facts by responding to the interrogatory as drafted. Further the request is overly broad, unduly burdensome, and not reasonably tailored to the needs of the case because it seeks to identify "every person" who "witnessed" or "has knowledge of" Plaintiff's allegations without any limitation as to location, subject matter, time, or role. Answering it as written would effectively require MSP to poll or interview thousands of MSP employees to ascertain whether they had any knowledge of Plaintiff's claims. Similarly, it seeks information regarding all alleged incidents set**

**forth in the complaint, including allegations that are not relevant to any surviving claim, are time-barred, or otherwise fall outside the scope of permissible discovery.**

**RESPONSE: Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**<u>INTERROGATORY NO. 2:</u>**

Identify all individuals involved in the decisions to take adverse action (e.g., recommendations of suspension, termination, or other disciplinary or legal actions) against Plaintiff.

**OBJECTION: MSP objects to this interrogatory because it is premised on an undefined term "adverse action," which is a legal term of art. As phrased, the interrogatory assumes conduct that is not legally or factually an adverse action. This interrogatory assumes facts that MSP expressly denies and as phrased, requires MSP to accept those facts as true. MSP will not adopt Plaintiff's characterization of the facts or legal conclusion by responding to the interrogatory as drafted. Similarly, it is vague in that "legal action" is undefined. It is overbroad and irrelevant to the extent it seeks information regarding alleged actions that are not relevant to any surviving claim, are time-barred, or otherwise fall outside the scope of permissible discovery.**

**RESPONSE: Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**INTERROGATORY NO. 3:**

State all specific facts and identify all documents supporting any legitimate, non-discriminatory reasons for any adverse employment actions taken against Plaintiff.

**OBJECTION: MSP objects to this interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The interrogatory seeks "all specific facts" and "all documents" supporting "any legitimate, nondiscriminatory reasons" for "any adverse employment actions," without identifying the particular employment action(s) at issue or imposing any temporal or subject-matter limitation. MSP further objects because the interrogatory is compound in that it seeks both a narrative recitation of all supporting facts and identification of all supporting documents. To the extent it seeks every fact and every document supporting MSP's defenses, the interrogatory improperly requires MSP to marshal all of its evidence and disclose its trial strategy before the close of discovery. Similarly, it seeks information regarding all alleged incidents set forth in the complaint, including allegations that are not relevant to any surviving claim, are time-barred, or otherwise fall outside the scope of permissible discovery. MSP also objects to the extent**

**the interrogatory seeks information protected by the attorney work-product doctrine, including counsel's mental impressions concerning which facts and documents support MSP's defenses.**

**RESPONSE:** **Based on the foregoing objections, MSP declines to respond absent a reasonable narrowing of the interrogatory.**

**INTERROGATORY NO. 4:**

State whether you were aware of the hostile work environment at the Lakeview Post, and if so, state how and when you became aware.

**OBJECTION:** **MSP objects to this interrogatory because it is predicated on an inaccurate and disputed factual premise. The interrogatory assumes facts that MSP expressly denies and as phrased, requires MSP to accept those facts as true. MSP will not adopt Plaintiff's characterization of the facts by responding to the interrogatory as drafted. Similarly, it seeks information regarding all alleged incidents set forth in the complaint, including allegations that are not relevant to any surviving claim, are time-barred, or otherwise fall outside the scope of permissible discovery.**

**RESPONSE:** **Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**<u>INTERROGATORY NO. 5:</u>**

State whether You contend Plaintiff engaged in misconduct that would have resulted in termination, regardless of any alleged discrimination and/or retaliation, and if so, state all specific facts and identify all documents supporting that contention.

**OBJECTION: MSP objects to this interrogatory because Plaintiff's definition of "you" is impermissibly overbroad and unduly burdensome. As defined, "you" encompasses the entirety of the Michigan State Police, anyone acting on its behalf, agents, employees, attorneys and accountants. The definition effectively requires MSP to investigate and respond on behalf of an entire governmental agency and every individual associated with it, rendering the interrogatory impossible to answer completely and accurately. The interrogatory also assumes facts that MSP expressly denies and as phrased, requires MSP to accept those facts as true. MSP will not adopt Plaintiff's characterization of the facts by responding to the interrogatory as drafted. Moreover, the interrogatory fails to define which incident(s) of misconduct by Plaintiff it refers to. MSP further objects to this interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of the case under Fed. R. Civ. P 26(b)(1). The interrogatory seeks "all specific facts" and "all documents" supporting MSP's contention, without limitation as to subject matter, time, or custodians, and therefore improperly requires MSP to marshal all of its**

**evidence and disclose its litigation strategy. To the extent the interrogatory seeks the factual bases for counsel's evaluation of the case, the selection of supporting documents, or MSP's legal theories, it calls for information protected by the attorney work-product doctrine. The interrogatory is also premature to the extent it seeks a complete recitation of every fact and document supporting MSP's position before discovery has concluded and expert discovery, if any, has been completed.**

**RESPONSE:** **Based on the foregoing objections, MSP declines to respond absent a reasonable narrowing of the interrogatory.**

**INTERROGATORY NO. 6:**

Identify every physical and/or electronic location where a current or past MSP employee's personnel, email, and complaint records may be maintained (including, but not limited to, specific departments within MSP, such as Labor Relations, Professional Standards, or Training and Recruitment, and/or any third parties subject to service-level agreements (such as, but not limited to, the Michigan Civil Service Commission)).

**OBJECTION:** **MSP objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P 26(b)(1). The interrogatory is unlimited as to time, scope, and seeks information regarding every location where records of any current or former employee may be maintained, regardless of whether those records are relevant to any claim or defense in this action. MSP**

**further objects because the interrogatory is vague and ambiguous in its use of the phrase "may be maintained" which fails to identify whether Plaintiff seeks current storage locations, historical storage locations, archived records, electronic repositories, backup systems, or records maintained by third party venders. As drafted, the interrogatory would require MSP to investigate and identify every potential repository of personnel records, emails, or complaints across every state agency, imposing a burden that is grossly disproportional to the likely benefit of the requested discovery. MSP also objects to the interrogatory as it seeks information that is not relevant to any claim or defense in this action.**

**RESPONSE: Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**<u>INTERROGATORY NO. 7:</u>**

Identify the person(s) responsible for maintaining the personnel, email, and complaint files in each of the locations identified in Interrogatory No. 6.

**RESPONSE: MSP objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P 26(b)(1). The interrogatory is unlimited as to time, scope, and seeks information regarding "every person" responsible for maintaining personnel, email, and complaint files. As written, the interrogatory would require MSP to list every single MSP employee that**

**has a state email account, i.e. over three thousand individuals. MSP further objects because the interrogatory is vague and ambiguous in its use of the phrase "may be maintained" which fails to identify whether Plaintiff seeks current storage locations, historical storage locations, archived records, electronic repositories, backup systems, or records maintained by third party venders. As drafted, the interrogatory would require MSP to investigate and identify every potential repository of personnel records, emails, or complaints across every state agency, imposing a burden far exceeds the scope of permissible discovery. MSP further objects as this Interrogatory seeks information that is not relevant to any claim or defense in this action.**

**RESPONSE: Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**<u>INTERROGATORY NO. 8:</u>**

Identify in detail all internal investigations conducted regarding complaints involving Plaintiff, including the dates the complaints were filed; subjects of the complaints; identities of all investigators, decision makers, complainants, respondents, witnesses, and interviewees; dates of interviews; findings; and final determinations and dates.

**OBJECTION: MSP objects to this interrogatory because it is vague and ambiguous as to the phrase "involving Plaintiff" as "involving" is**

**undefined. Further, as written, the interrogatory is not limited by subject matter, time period, type of complaint, or the claims and defenses at issue, and is therefore overly broad , unduly burdensome and not proportional to the need of the case. MSP further objects as the interrogatory is compound.**

**RESPONSE:** **Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**INTERROGATORY NO. 9:**

Identify all MSP policies, whether draft, preview, or current, related to harassment, discrimination, and retaliation, and state whether, and if so when, Plaintiff and Defendants acknowledged that they were provided copies of, trained on, and/or affirmed that they had read and understood these policies.

**OBJECTION:** **MSP objects to this interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P 26(b)(1). The interrogatory is unlimited as to time, scope, the claims or defenses in this case, and seeks information regarding draft and preview policies which are irrelevant and subject to the deliberative process and/or attorney work product privilege. Similarly, it seeks information regarding "Defendants" which is defined to include the Michigan State Police and all its present and former officers directors, employees, agents, departments or attorneys in their capacities as such or**

**any other person actin on its behalf. The definition effectively requires MSP to investigate and respond on behalf of an entire governmental agency and every individual associated with it, rendering the interrogatory impossible to answer completely and accurately.**

**RESPONSE:** **Based on the foregoing objections, MSP declines to respond absent a reasonable narrowing of the interrogatory.**

**<u>INTERROGATORY NO. 10:</u>**

Identify all complaints of sex discrimination, sexual harassment, or retaliation made by any MSP employee against any other MSP employee within the Sixth District made within the last fifteen years.

**OBJECTION:** **MSP objects to this interrogatory because it is facially overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P 26(b)(1). The interrogatory seeks information regarding every complaint of sex discrimination, sexual harassment, or retaliation made by any Michigan State Police employee against any other employee within the Sixth District over a fifteen-year period, without limitation as to the nature of the allegations, the decisionmaker, the employing location, the position held, the applicable policies, the factual circumstances, the disposition of the complaint, or any connection to Plaintiff's claims.**

**MSP further objects because the interrogatory seeks information concerning complaints that are irrelevant to the claims and defenses in**

**this action, including complaints involving different supervisors, different decisionmakers, different factual circumstances, different job classifications, and different alleged misconduct. As drafted, the request would require MSP to locate, review, and evaluate a substantial volume of personnel, Equal Employment Opportunity, and investigative records spanning fifteen years to determine responsiveness, imposing a burden and expense that far outweigh any likely benefit. MSP also objects to the extent the interrogatory seeks confidential personnel information and information concerning third parties protected by privacy interests.**

**RESPONSE:** **Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**INTERROGATORY NO. 11:**

Describe in detail the process by which you will seek and collect responsive discovery in this matter, including but not limited to all communications, recordings, and tangible evidence.

**OBJECTION:** **MSP objects to this interrogatory because it seeks information concerning MSP's internal process for investigating, collecting, reviewing and responding to discovery requests in litigation. The interrogatory improperly seeks disclosure of attorney work product, including counsel's mental impressions, litigation strategy, and communications concerning the preparation of MSP's discovery responses.**

**MSP further objects as this interrogatory seeks information not relevant or proportional to any claim of defense under Fed. R. Civ. P 26(b)(1).**

**RESPONSE: Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**<u>INTERROGATORY NO. 12:</u>**

Identify all individuals who have any role in collecting, storing, redacting, and/or providing responses to Plaintiff's discovery requests in this matter.

**RESPONSE: MSP objects to this interrogatory because it seeks information concerning MSP's internal process for investigating, collecting, reviewing and responding to discovery requests in litigation. The interrogatory improperly seeks disclosure of attorney work-product, including counsel's mental impressions, litigation strategy, and communications concerning the preparation of MSP's discovery responses. MSP further objects as this interrogatory seeks information not relevant or proportional to any claim of defense under Fed. R. Civ. P 26(b)(1).**

**RESPONSE: Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**<u>INTERROGATORY NO. 13:</u>**

Explain in detail the process for securing and maintaining the information stored in an MSP employee's work-provided communications device once You regain

physical control of the device from the employee and provide copies of any relevant policies.

**RESPONSE: MSP objects to this interrogatory because Plaintiff's definition of "you" is impermissibly overbroad and unduly burdensome. As defined, "you" encompasses the entirety of the Michigan State Police, anyone acting on its behalf, agents, employees, attorneys and accountants. The definition effectively requires MSP to investigate and respond on behalf of an entire governmental agency and every individual associated with it, rendering the interrogatory impossible to answer completely and accurately. Further, as written, the interrogatory is not relevant to the claims and defenses at issue, and is therefore overly broad , unduly burdensome and not proportional to the need of the case.**

**RESPONSE: Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**INTERROGATORY NO. 14:**

Describe the process that MSP uses to decide who is a part of the Leadership Team, when those choices are made, what the Leadership Team's priorities and goals are, and identify what authority the Leadership Team has or policies it uses to regulate its membership and effectuate its goals.

**OBEJECTION: MSP objects as the interrogatory is not relevant to the claims and defenses at issue, is not limited by scope, or timeframe, and is**

**therefore overly broad , unduly burdensome and not proportional to the need of the case. Further, it is vague in that "Leadership Team" is undefined.**

**RESPONSE:** **Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

**<u>INTERROGATORY NO. 15:</u>**

Identify all documents, records, and any other items You maintain related to Plaintiff.

**OBJECTION:** **MSP objects to this interrogatory because Plaintiff's definition of "you" is impermissibly overbroad and unduly burdensome. As defined, "you" encompasses the entirety of the Michigan State Police, anyone acting on its behalf, agents, employees, attorneys and accountants. The definition effectively requires MSP to investigate and respond on behalf of an entire governmental agency and every individual associated with it, rendering the interrogatory impossible to answer completely and accurately. MSP further objects to this interrogatory because it is overly broad, unduly burdensome, and disproportionate to the needs of the case under Fed. R. Civ. P 26(b)(1). The interrogatory seeks "all documents," "records", or "other items" regarding Plaintiff without limitation as to scope, subject matter, or the claims and defenses in this case.**

**RESPONSE: Based on the foregoing objections, the interrogatory is fundamentally improper as drafted and is not susceptible to a meaningful response. Accordingly, MSP declines to answer.**

As to objections only:

/s/ *Mary A. Waddell*

Mary A. Waddell
Assistant Attorney General
Attorney for Defendant
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
waddellm1@michigan.gov
P70545

Dated: July 24, 2026

2025-0444648-A