# EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MEGAN MORYC,

Plaintiff,

v

MICHIGAN STATE POLICE, a Department of the State of Michigan; ~~JAMES F. GRADY II~~; ~~AIMEE BRIMACOMBE~~; LISA GEE-CRAM; DALE HINZ; ~~CAMERON HENKE~~; JASON NEMECEK; ~~MICHAEL DILLON~~; ~~ERIC DARLING~~; KANDYCE HERR; THOMAS DEASY; ~~MATTHEW WILLIAMS~~; NICOLE BOCK; ~~KEVIN SWEENEY~~; ~~ANDREW FIAS~~; RYAN MAKI; ~~MICHAEL STEPHENS~~; ~~CARISSA HORAN~~; BRIAN BUEGE; ~~ROBERT DAVIS~~; and ~~SCOTT ZIESMAN~~; officially and in their personal capacities,

Defendants.

No. 1:25-cv-1127

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

Elizabeth K. Abdnour (P78203)
Nicole Cote (P86815)
Mitchell D. Sickon (P82407)
ABDNOUR WEIKER LLP
Attorneys for Plaintiff
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
517.292.0067
liz@education-rights.com
nicole@education-rights.com
mitch@education-rights.com

Mary A. Waddell (P70545)
Ryan Wier (P83886)
Shelley M. McCormick (P80311)
Assistant Attorneys General
Attorneys for Defendants
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
waddellm1@michigan.gov
wierr2@michigan.gov
mccormicks@michigan.gov

/

**MSP'S RESPONSE TO PLAINTIFF'S FIRST**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Michigan State Police ("MSP"), through counsel, submits the following responses to Plaintiff's Requests for Production to Defendant MSP:

**GENERAL OBJECTIONS**

(a) MSP objects to each instruction, definition, rule of construction, instruction, to the extent that it purports to impose any requirements or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and any applicable rules and orders of the Court, including numbers 2-4, 6, 7, 8 and 10 under Definitions, numbers 1-5 of the Rules of Construction, and numbers 2-12 under Instructions.

(b) MSP further objects to any instruction, definition, or request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or discovery protection, immunity, law, or rule. Any disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, law or rule is inadvertent and does not constitute a waiver.

(c) MSP further objects to any request to the extent that it is vague and overly broad, unduly burdensome, or to the extent that it seeks documents or information already in the possession, custody, or control of Plaintiff, or information publicly available or available to Plaintiff from another source more convenient, less burdensome, or less expensive.

(d) MSP has not completed discovery in this litigation. All responses to the discovery requests are based upon the information presently known to MSP and are given without prejudice to MSP's right to adduce evidence discovered or analyzed subsequent to the date of these responses. MSP expressly reserves the right to revise and supplement responses to the discovery requests in the event that continuing investigation of the facts and discovery brings to light any additional information responsive to the discovery requests.

**REQUEST FOR PRODUCTION NO. 1:**

Please identify and produce all documents relied on, identified, or referred to in your Initial Disclosures.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. Further, Plaintiff has already exceeded the 25-interrogatory limit set forth in the Court's scheduling Order.**

**MSP further objects as these records are already in Plaintiff's possession and may be used in this litigation upon entry of an appropriate protective order as set forth in MSP's Response to Request for Production**

**No. 6, consequently the request is unreasonably duplicative and cumulative.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced.**

**REQUEST FOR PRODUCTION NO. 2:**

Please identify and produce all documents relied on, identified, or referred to in answering Plaintiff's Interrogatories to you.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**`MSP further objects as this request is vague and ambiguous as to the phrases "relied on," "identified," and "referred to," each of which is undefined and susceptible to multiple interpretations. The request is further overly broad and unduly burdensome because it seeks all documents that may have been consulted, reviewed, referenced, or otherwise considered in connection with preparing interrogatory responses, regardless of whether such documents are relevant to any claim or defense in this action.**

**MSP further objects as the request improperly seeks counsel's mental impressions and selection of documents used in preparing interrogatory responses, which constitutes protected opinion work product.**

**RESPONSE: Subject to and without waiving the objections, no responsive records.**

**REQUEST FOR PRODUCTION NO. 3:**

Please identify and produce all documents referring to the matters alleged in the Complaint or your Answer.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects to this request as it is overly broad, unduly burdensome, and fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). The request seeks "all documents referring to the matters alleged in the Complaint or your Answer," and, through the use of the term of "referring," effectively encompasses any document that merely mentions, relates to, concerns,**

**reflects upon, summarizes, discusses, identifies, evidences, or is otherwise connected in any way to the allegations or defenses in this action. As drafted, the request has no meaningful subject-matter or temporal limitation and is not confined to any particular claim, defense, issue, or category of documents.**

**MSP further objects because the request improperly seeks documents concerning claims and parties that are no longer at issue. The Court has dismissed three claims and dismissed twelve defendants from this action. Discovery is limited to matters relevant to the parties' remaining claims and defenses and proportional to the needs of the case. Rule 26(b)(1). By seeking documents relating to allegations involving dismissed claims and dismissed defendants, the request exceeds the permissible scope of discovery and seeks information that is irrelevant to the claims and defenses remaining in this litigation.**

**`MSP further object because the request is duplicative to the extent it seeks "all documents" concerning every allegation in the pleadings without identifying the specific allegations or issues for which documents are sought, rendering compliance unduly burdensome and disproportionate to the needs of the case.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced. Should Plaintiff serve a request that is reasonably**

**tailored to seek relevant and proportional information, MSP will respond in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 4:**

Please identify and produce any statements, declarations, or affidavits (draft or final, signed or unsigned) received by you or anyone acting on your behalf from any person relating to the matters alleged in the Complaint or your Answer.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. Further, Plaintiff has already exceeded the 25-interrogatory limit set forth in the Court's scheduling Order.**

**MSP further objects to this request as it is overly broad, unduly burdensome, and fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). The request seeks "any" statements, declarations, or affidavits whether draft or final, signed or unsigned "relating" to the matters alleged in the complaint or in the answer. As defined by Moryc, those phrases are vague and expansive, lack any reasonable limitation as to subject matter, time period, or source,**

**and would require MSP to identify and review virtually every statement that could arguably relate to the pleadings.**

**MSP further objects because the request seeks documents "received by you or anyone acting on your behalf," a definition that encompasses counsel and others acting at counsel's direction. As drafted, the request seeks documents prepared or obtained in anticipation of litigation, attorney work product, attorney mental impressions, litigation strategy, and communications protected by the attorney-client privilege.**

**MSP further objects because the request improperly seeks documents concerning claims and parties that are no longer at issue. The Court has dismissed three claims and dismissed twelve defendants from this action. Discovery is limited to matters relevant to the parties' remaining claims and defenses and proportional to the needs of the case. Rule 26(b)(1). By seeking documents relating to allegations involving dismissed claims and dismissed defendants, the request exceeds the permissible scope of discovery and seeks information that is irrelevant to the claims and defenses remaining in this litigation.**

**Defendants further object because the request is duplicative to the extent it seeks "any statements" concerning every allegation in the pleadings without identifying the specific allegations or issues for which documents are sought, rendering compliance unduly burdensome and disproportionate to the needs of the case.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced. Should Plaintiff serve a request that is reasonably tailored to seek relevant and proportional information, MSP will respond in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 5:**

Please identify and produce all documents relating to any communications between you and any other person regarding the matters alleged in the Complaint or your Answer, including but not limited to video or audio recordings and all documents or communications referencing Plaintiff.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. Defendants object to this request because it is overly broad, unduly burdensome, and fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). The request seeks "all documents" relating to "any communications" between you (which is undefined) and "any" other person regarding the matters alleged in the complaint or your answer. Considering the expansive definitions**

**and rules of construction, this request is effectively unlimited in scope and would require MSP to identify and produce any document that merely mentions or concerns any allegation or defense in the pleadings, regardless of its relevance to the claims and defenses that remain in this action.**

**MSP further objects because the request improperly seeks documents concerning claims and parties that are no longer at issue. The Court has dismissed three claims and dismissed twelve defendants from this action. Discovery is limited to matters relevant to the parties' remaining claims and defenses and proportional to the needs of the case. Rule 26(b)(1). By seeking documents relating to allegations involving dismissed claims and dismissed defendants, the request exceeds the permissible scope of discovery and seeks information that is irrelevant to the claims and defenses remaining in this litigation.**

**Defendants further object because the request is duplicative to the extent it seeks "any document" concerning every allegation in the pleadings without identifying the specific allegations or issues for which documents are sought, rendering compliance unduly burdensome and disproportionate to the needs of the case.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced. Should Plaintiff serve a request that is reasonably**

**tailored to seek relevant and proportional information, MSP will respond in accordance with the Federal Rules of Civil Procedure.**

**<u>REQUEST FOR PRODUCTION NO. 6:</u>**

Please identify and produce all discovery that was produced to Plaintiff in *Moryc v. MSP*, Eaton County Circuit Court Case No. 24-657-CD. Plaintiff is willing to withdraw this request if You are willing to stipulate to the use of this evidence in this matter.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. MSP objects to this request because Plaintiff's definition of "you" is impermissibly overbroad and unduly burdensome. As defined, "you" encompasses the entirety of the Michigan State Police, anyone acting on its behalf, agents, employees, attorneys and accountants. The definition effectively requires MSP to investigate and respond on behalf of an entire governmental agency and every individual associated with it, rendering it impossible to provide a complete and accurate response.**

**MSP further objects as this request seeks irrelevant information as the records produced to Plaintiff in *Moryc v. MSP*, Eaton County Circuit Court Case No. 24-657-CD are not necessarily relevant to any claims or defenses at issue here.**

**RESPONSE: Subject to and without waiving the foregoing objections, MSP does not oppose the use of the previous discovery in the instant litigation upon entry of an appropriate protective order; and MSP expressly reserves any and all objections to the admissibility, relevance, authenticity, foundation, hearsay, privilege, or any other evidentiary objection that may be asserted at a later stage of this lawsuit.**

**REQUEST FOR PRODUCTION NO. 7:**

Please identify and produce all records created by and communication to, from, between, or among MSP employees related to *Moryc v. MSP*, Eaton County Circuit Court Case No. 24-657-CD, including but not limited to all current or previous MSP employees assigned to the Lakeview Post and Defendants Gee-Cram, Hinz, Nemecek, Herr, Deasy, Bock, Maki, and Buege.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the**

**production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects to this request because it is overly broad, unduly burdensome, and fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). The Request seeks "all records" and "all communications" created by or exchanged among MSP employees relating to *Moryc v. MSP*, Eaton County Circuit Court Case No. 24-657-CD without limitation as to custodian, time period, subject matter or document type. As drafted, the request encompasses communications of every current and former MSP employee who may have discussed or referenced the litigation (or the subject matter thereof) and would require MSP to conduct an agency-wide search of email accounts, electronic messaging platforms, and other repositories to identify potentially responsive documents. Such a search is not proportional to the needs of the case.**

**MSP further objects to the extent this request encompasses attorney-client communications, and attorney-work product. Communications concerning a pending lawsuit routinely include requests for and provision of legal advice, litigation strategy, counsel's mental impressions, and documents prepared in anticipation of litigation. The request therefore impermissibly seeks privileged and protected materials.**

**RESPONSE:** **In accordance with the foregoing objections, no records will be produced. Should Plaintiff serve a request that is reasonably tailored to seek relevant and proportional information, MSP will respond in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 8:**

Please identify and produce all MSP records retention and disposal schedules and policies.

**OBJECTION:** **MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects to this request because it seeks documents that are not relevant to claim or defense in this action and therefore are outside the scope of discovery permitted by Rule 26(b)(1).**

**MSP further objects because the request is overbroad and not proportional to the needs of the case insofar as it seeks all record retention and disposal policies without limitation as to subject matter, custodian, department, or time period thereby encompassing policies unrelated to the matters at issue in this litigation.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced.**

**REQUEST FOR PRODUCTION NO. 9:**

Please identify and produce all MSP policies and procedure manuals from the 6th District and Lakeview Post, all MSP-wide policies and procedures related to workplace harassment, discrimination, retaliation, internal complaint and investigation processes (whether through PSS or IA or any other internal MSP department or office), and all MCOLES policies and procedures related to securing and maintaining MCOLES certification or licensure. Additionally, as comparators, provide all policies and procedures related to workplace harassment, discrimination, and retaliation from two other randomly selected geographical MSP districts and two other posts, one from each of the randomly selected geographical MSP districts.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects to this request because it is overbroad, unduly burdensome, and not proportional to the needs of the case within the**

**meaning of Federal Rule of Civil Procedure 26(b)(1). The request seeks broad categories of policies, procedures, and entire policy manuals without limitation to the claims and defenses remaining in this action, the relevant time period, or the specific issues in dispute.**

**MSP further objects to the request because it seeks "all" policies and procedure manuals from the Sixth District and Lakeview Post, as well as all MSP-wide policies concerning multiple subject matters, regardless of whether such policies have any relevance to the remaining claims or defenses. As drafted, the request encompasses numerous policies having no connection to the allegations at issue.**

**MSP also objects to the request to the extent it seeks MCOLES policies and procedures related to certification or licensure because such materials are not relevant to any claim or defense remaining in this action and are outside the permissible scope of discovery.**

**MSP further objects as MCOLES is an independent state agency. MSP further objects to the request insofar as it seeks policies and procedures from "two other randomly selected geographical MSP districts and two other posts." The request is vague and ambiguous because it does not identify the districts or posts from which documents are sought and improperly requires MSP to determine, select, or create the scope of Plaintiff's discovery request by making "random" selections. Rule 34 requires a requesting party to describe with reasonable particularity the**

**items to be inspected and does not require a responding party to formulate or define the request on the requesting party's behalf. MSP further objects because the request seeks purported comparator materials untethered to any identified comparator, decisionmaker, factual allegation, or remaining claim, rendering the request a disproportionate fishing expedition.**

**RESPONSE:** **In accordance with the foregoing objections, no records will be produced. Should Plaintiff serve a request that is reasonably tailored to seek relevant and proportional information, MSP will respond in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 10:**

Please identify and produce all versions of MSP's internal investigation procedural manual as referenced by Lt. Christopher Tuckey during his February 6, 2026 deposition.

**OBJECTION:** **MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects to this request as it is overbroad and not proportional to the needs of the case under Rule 26(b)(1). The request seeks "all versions" of the referenced manual without limitation as to time or relevance.**

**MSP further objects as the request fails to describe with reasonable particularity the records sought as MSP is unaware of any deposition by Christopher Tuckey on February 6, 2026. To the extent this request meant to refer to the deposition of Christopher Tuckey on February 5, 2026, MSP further objects as this request seeks documents that are already in Plaintiff's possession and may be used upon entry of an appropriate protective order as set forth in MSP's response to Request for Production No. 6, consequently the request is duplicative and cumulative of Request for Production Number 6.**

**RESPONSE:** **In accordance with the foregoing objections, no records will be produced.**

**<u>REQUEST FOR PRODUCTION NO. 11:</u>**

Please identify and produce all records recovered from the take-home laptop assigned to Plaintiff in October 2020.

**OBJECTION:** **MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a**

**proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all records recovered from Plaintiff's laptop" without limitation as to subject matter, time period, or relevance to the claims or defenses in this action. As drafted, the request encompasses potentially every file recovered from the laptop, including personal information, irrelevant materials, privileged documents, and electronically stored information having no bearing on the issues in dispute.**

**MSP further objects because the request fails to describe the documents sought with reasonable particularity, as required by Rule 34(b)(1)(A), by broadly seeking all records rather than identifying a discrete category of relevant documents.**

**MSP further objects to the extent the request seeks materials subject to privacy or confidentiality interests.**

**RESPONSE: Subject to and without waiving the foregoing objections, after reasonable inquiry, no responsive records.**

**REQUEST FOR PRODUCTION NO. 12:**

Please identify and produce all information recovered from Plaintiff's assigned cellular work phone.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all information recovered from Plaintiff's assigned cellular work phone" without limitation as to subject matter, time period, or relevance to the claims or defenses in this action. As drafted, the request encompasses potentially every item from the cellular phone, even those having no bearing on the issues in dispute.**

**MSP further objects because the request fails to describe the information sought with reasonable particularity, as required by Rule 34(b)(1)(A), by broadly seeking all information rather than identifying a discrete category of relevant information.**

**RESPONSE: Subject to and without waiving the foregoing objections, after reasonable inquiry, no responsive records.**

<u>**REQUEST FOR PRODUCTION NO. 13:**</u>

Please identify and produce all records from the Plaintiff's designated file folder located on MSP's internal "S" drive.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all records from Plaintiff's folder on the "s" drive" without limitation as to subject matter, time period, or relevance to the claims or defenses in this action. As drafted, the request encompasses potentially every item from a folder on a network drive, even those having no bearing on the issues in dispute.**

**MSP further objects because the request fails to describe the information sought with reasonable particularity, as required by Rule 34(b)(1)(A), by broadly seeking all records rather than identifying a discrete category of relevant information.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced.**

**<u>REQUEST FOR PRODUCTION NO. 14:</u>**

Please identify and produce a copy of all documents and all communications related to any PSS/IA complaints, including investigations, interviews, or other activities, involving Plaintiff, or any criminal action involving Plaintiff, wherever located, including but not limited to the email account's inbox, draft folder, sent folder, archive, and any subfolders, for the following email accounts: morycm@michigan.gov and symondsm@michigan.gov.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. MSP further objects as this request is overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "all documents" and "all communications," relating to any PSS investigation involving Plaintiff without limitation as to subject matter, custodian, or time period. Given the expansive definitions and instructions and given the size of MSP and the breadth of the request, compliance would require extensive,**

**agency-wide searches of multiple custodians and information systems to identify potentially responsive materials, imposing a burden that is not proportional to the needs of the case. The request also fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A). Finally, MSP further objects as the request is cumulative and duplicative of Request for Production No. 6 above to the extent the requested records are already in the possession of Plaintiff.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced. Should Plaintiff serve a request that is reasonably tailored to seek relevant and proportional information, MSP will respond in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 15:**

Please identify and produce all personnel records, including but not limited to, employee reviews and evaluations, complaints, disciplinary records, counseling memos, performance improvement plans, Internal Affairs (IA)/Professional Standards Section (PSS) investigation records, settlement agreements, arbitration records, training records, testing records, resumes, cover letters, written endorsements, and/or MSP Trooper Recruit School records, for every current and former MSP employee listed as a witness in your Initial Disclosures. This request includes any documentation of each individual's signature of acknowledgement, in which the individual acknowledged they had read MSP's policy and procedures for

domestic violence, workplace harassment, retaliation, discrimination, and CSC investigation procedures from January 1, 2016 to present.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects to this request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks the complete personnel, employment, disciplinary, performance, training, complaint, investigative, and other employment-related records of every individual identified in Defendants' initial disclosures, without regard to the nature of the individual's anticipated knowledge or testimony, the issues remaining in the case, or any temporal limitation. The request therefore seeks vast amounts of information having no relevance to any claim or defense in this action.**

**MSP further objects because the request seeks confidential personnel records and employment information of numerous current and former employees who are not parties to this litigation. These records**

**contain sensitive personal, confidential, and private information, including employment, disciplinary, evaluative, medical, financial, and other protected information, and Plaintiff has made no particularized showing that would justify the wholesale disclosure of such materials.**

**MSP further objects because the request improperly assumes that an individual's designation as a potential witness renders that person's entire employment file discoverable. The mere possibility that an individual may testify does not place that person's personnel or disciplinary history at issue or establish the relevance of confidential employment records.**

**MSP also objects to the extent the request seeks records of internal investigations unrelated to Plaintiff, the allegations in the Complaint, or the remaining claims and defenses in this action. Such records are not relevant and would require MSP to review and produce confidential materials concerning unrelated personnel matters involving third parties. Finally, MSP objects because the request is not described with reasonable particularity and instead seeks broad categories of documents concerning numerous individuals without identifying any specific records relevant to the issues in dispute, rendering the request an impermissible fishing expedition.**

**RESPONSE:** **In accordance with the foregoing objections, no records will be produced.**

**REQUEST FOR PRODUCTION NO. 16:**

Please identify and produce all personnel records, including but not limited to, employee reviews and evaluations, complaints, disciplinary records, counseling memos, performance improvement plans, Internal Affairs (IA)/Professional Standards Section (PSS) investigation records, settlement agreements, arbitration records, training records, testing records, resumes, cover letters, written endorsements, and/or MSP Trooper Recruit School records, from wherever they may be stored, for Defendants Gee-Cram, Hinz, Nemecek, Herr, Deasy, Bock, Maki, and Buege. This request includes any documentation of each individual's signature of acknowledgement, in which the individual acknowledged they had read MSP's policy and procedures for domestic violence, workplace harassment, retaliation, discrimination, and CSC investigation procedures from January 1, 2016 to present.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects to this request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks the complete**

**personnel, employment, disciplinary, performance, training, complaint, investigative, and other employment-related records of every individual Defendant, without regard to the nature of the individual's anticipated knowledge or testimony, the issues remaining in the case, or any temporal limitation. The request therefore seeks vast amounts of information having no relevance to any claim or defense in this action.**

**MSP further objects because the request seeks confidential personnel records and employment information of numerous current and former employees who are not parties to this litigation. These records contain sensitive personal, confidential, and private information, including employment, disciplinary, evaluative, medical, financial, and other protected information, and Plaintiff has made no particularized showing that would justify the wholesale disclosure of such materials.**

**MSP further objects because the request improperly assumes that an individual's designation as a Defendant by the Plaintiff, renders that person's entire employment file discoverable. The mere possibility that an individual may testify does not place that person's personnel or disciplinary history at issue or establish the relevance of confidential employment records.**

**MSP also objects to the extent the request seeks records of internal investigations unrelated to Plaintiff, the allegations in the Complaint, or the remaining claims and defenses in this action. Such records are not**

**relevant and would require MSP to review and produce confidential materials concerning unrelated personnel matters involving third parties.**

**Finally, MSP objects because the request is not described with reasonable particularity and instead seeks broad categories of documents concerning numerous individuals without identifying any specific records relevant to the issues in dispute, rendering the request an impermissible fishing expedition.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced.**

**REQUEST FOR PRODUCTION NO. 17:**

Please identify and produce all communication to or from Defendants Gee-Cram, Hinz, Nemecek, Herr, Deasy, Bock, Maki, and/or Buege related to Plaintiff.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. The request seeks "all communications" without limitation as to subject matter, time periods, Defendants' job duties, or relevance to the claims or defenses that remain in this action. Considering the expansive definitions**

**and rules of construction, this request is effectively unlimited in scope and would require MSP to identify and produce any communication that merely mentions Plaintiff, regardless of its relevance to the claims and defenses that remain in this action.**

**MSP further objects because the request fails to describe the records sought with reasonable particularity, as required by Rule 34(b)(1)(A), by broadly seeking all records rather than identifying a discrete category of relevant records.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced. Should Plaintiff serve a request that is reasonably tailored to seek relevant and proportional information, MSP will respond in accordance with the Federal Rules of Civil Procedure.**

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

Please identify and produce all communications to or from MSP (Ret.) Lt. Col. Aimee Brimacombe or MSP employee Aimee Maike referencing: Megan Moryc, Megan Symonds, "M M", "MM", PSS-185-24, PSS-542-20, Original Incident Report No. (OIR) 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or**

**describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all communications" to or from a Defendant that has been dismissed from this action, regarding a litany of matters, without limitation as to subject matter, time period, or relevance to the claims or defenses in this action. Considering the expansive definitions and rules of construction, this request is effectively unlimited in scope and would require MSP to locate and produce any communication that contains any of the itemized phrases in it, regardless of its relevance to the claims and defenses that remain in this action. For example, as drafted, any communication that contains the letters "mm" would be responsive irrespective of relevance to any of the remaining claims or defenses.**

**MSP further objects because the request fails to describe the information sought with reasonable particularity, as required by Rule 34(b)(1)(A), by broadly seeking all information rather than identifying a discrete category of relevant information.**

**RESPONSE:** **In accordance with the foregoing objections, no records will be produced.**

**<u>REQUEST FOR PRODUCTION NO. 19:</u>**

Please identify and produce all communications to or from MSP Col. James Grady II referencing: Megan Moryc, Megan Symonds, "M M", "MM", PSS-185-24, PSS-542-20, OIR 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. MSP objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all communications" to or from a Defendant that has been dismissed from this action, regarding a litany of matters, without limitation as to subject matter, time period, or relevance to the claims or defenses in this action. Considering the expansive definitions and rules of construction, this request is effectively unlimited in scope and would require MSP to locate and produce any communication that contains any of the itemized phrases in it, regardless of its relevance to the claims and defenses that remain in**

**this action. For example, as drafted, any communication that contains the letters "mm" would be responsive irrespective of relevance to any of the remaining claims or defenses.**

**MSP further objects because the request fails to describe the information sought with reasonable particularity, as required by Rule 34(b)(1)(A), by broadly seeking all information rather than identifying a discrete category of relevant information.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced.**

**REQUEST FOR PRODUCTION NO. 20:**

Please identify and produce all communications to or from MSP (Ret.) F/Lt. Brody Boucher referencing Megan Moryc, Megan Symonds, "MM", "M M", PSS-185-24, PSS-542-20, OIR 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23, from January 1, 2020 to his last day of employment with MSP.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the**

**production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. MSP objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all communications" to or from a non-party, regarding a litany of matters, without limitation as to subject matter or relevance to the claims or defenses in this action. Considering the expansive definitions and rules of construction, this request is effectively unlimited in scope and would require MSP to locate and produce any communication that contains any of the itemized phrases in it, regardless of its relevance to the claims and defenses that remain in this action. For example, as drafted, any communication that contains the letters "mm" would be responsive irrespective of relevance to any of the remaining claims or defenses.**

**MSP further objects because the request fails to describe the information sought with reasonable particularity, as required by Rule 34(b)(1)(A), by broadly seeking all information rather than identifying a discrete category of relevant information.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced.**

**<u>REQUEST FOR PRODUCTION NO. 21:</u>**

Please identify and produce all communications to or from former MSP employee Stephanie Horton referencing Megan Moryc, Megan Symonds, "M M",

"MM", PSS-185-24, PSS-542-20, OIR 70-246-20, PSS-321-21, PSS-409-21, PSS-083-20, PSS-577-20, OIR 10-201-23, PSS-544-20, PSS-646-20, PSS-627-23, OIR 10-595-23, PSS-055-22, PSS-535-20, PSS-536-20, or PSS-239-23, from January 1, 2020 to her last day of employment with MSP.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects to this request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all communications" to or from a non-MSP employee, regarding a litany of matters, without limitation as to subject matter or relevance to the claims or defenses in this action. Considering the expansive definitions and rules of construction, this request is effectively unlimited in scope and would require MSP to locate and produce any communication that contains any of the itemized phrases in it, regardless of its relevance to the claims and defenses that remain in this action. For example, as drafted, any communication that contains the letters "mm" would be**

**responsive irrespective of relevance to any of the remaining claims or defenses.**

**MSP further objects because the request fails to describe the information sought with reasonable particularity, as required by Rule 34(b)(1)(A), by broadly seeking all information rather than identifying a discrete category of relevant information.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced.**

**REQUEST FOR PRODUCTION NO. 22:**

Please identify and produce all personnel records, including but not limited to, employee reviews and evaluations, complaints, disciplinary records, counseling memos, performance improvement plans, Internal Affairs (IA)/Professional Standards Section (PSS) investigation records, settlement agreements, training records, testing records, resumes, cover letters, written endorsements, and/or MSP Trooper Recruit School records, regarding Plaintiff.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects as the request is cumulative and duplicative of Request for Production No. 6 above as the requested records are already in the possession of Plaintiff.**

**RESPONSE: In accordance with the foregoing objections, no records will be produced.**

**<u>REQUEST FOR PRODUCTION NO. 23:</u>**

Please identify and produce all documents and communications related to any discipline imposed or contemplated against Plaintiff.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents. Defendant objects to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks "all documents and communications related to any discipline imposed or contemplated against Plaintiff," without any limitation as to time, subject matter, decision-maker, or the specific claims and defenses at issue in this litigation. The phrase related to is impermissibly expansive, potentially**

**encompassing every communication that merely references Plaintiff or any disciplinary matter, regardless of its relevance. The term "discipline" is similarly undefined and subject to multiple interpretations.**

**MSP further objects because the request seeks documents and communications concerning contemplated disciplinary action that may never have occurred and that may consist of preliminary discussions, internal deliberations, draft documents, attorney communications, or other materials that are irrelevant to any claim or defense or are protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, or other applicable protections.**

**MSP further objects to the extent this request seeks Plaintiff's personnel records as she already possesses those records, consequently this request is duplicative and cumulative of the request in Request for Production number 6.**

**RESPONSE: Based on the foregoing objections, no records will be produced. Should Plaintiff serve a request that is reasonably tailored to seek relevant and proportional information, MSP will respond in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 24:**

Please identify and produce all documents related to any PSS (f/k/a Internal Affairs (IA)) investigation related to D-MSPTA-094-22.

**OBJECTION:** MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.

MSP objects to this request because it seeks an internal investigation file concerning matters unrelated to Plaintiff, the allegations in the Complaint, or any defense asserted in this action. Discovery is limited to nonprivileged matters relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The requested file pertains to a separate investigation involving different personnel and different factual circumstances and therefore has no tendency to prove or disprove any issue in this litigation. The request is further overbroad, unduly burdensome, and seeks confidential personnel and investigative information protected from disclosure, absent a particularized showing of relevance and need.

**RESPONSE:** Based on the foregoing objections, no records will be produced.

**<u>REQUEST FOR PRODUCTION NO. 25:</u>**

Please identify and produce all documents related to any PSS/IA investigation related to D-MSPTA-032-23.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects to this request because it seeks an internal investigation file concerning matters unrelated to Plaintiff, the allegations in the Complaint, or any defense asserted in this action. Discovery is limited to nonprivileged matters relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The requested file pertains to a separate investigation involving different personnel and different factual circumstances and therefore has no tendency to prove or disprove any issue in this litigation. The request is further overbroad, unduly burdensome, and seeks confidential personnel and investigative information protected from disclosure, absent a particularized showing of relevance and need.**

**RESPONSE:** **Based on the foregoing objections, no records will be produced.**

**<u>REQUEST FOR PRODUCTION NO. 26:</u>**

Please identify and produce all documents related to any PSS/IA investigation related to D-MSPTA-066-23.

**OBJECTION:** **MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects to this request because it seeks an internal investigation file concerning matters unrelated to Plaintiff, the allegations in the Complaint, or any defense asserted in this action. Discovery is limited to nonprivileged matters relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The requested file pertains to a separate investigation involving different personnel and different factual circumstances and therefore has no tendency to prove or disprove any issue in this litigation. The request is further overbroad, unduly burdensome, and seeks confidential personnel**

**and investigative information protected from disclosure, absent a particularized showing of relevance and need.**

**RESPONSE:** **Based on the foregoing objections, no records will be produced.**

**<u>REQUEST FOR PRODUCTION NO. 27:</u>**

Please identify and produce all records, documents, and communications between any MSP employee and any employee or board member of the Michigan Commission on Law Enforcement Standards (MCOLES) related to Plaintiff.

**OBJECTION:** **MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects as this request is not relevant to any claim or defense and exceeds scope of permissible discovery under Rule 26(b)(1). This request is overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks** all **records, documents, and communications between any Michigan State Police employee and any MCOLES employee or board member relating to Plaintiff, without limitation as to subject matter, custodian, or time period. Given the size of**

**MSP and the breadth of the request, compliance would require extensive, agency-wide searches of multiple custodians and information systems to identify potentially responsive materials, imposing a burden that is not proportional to the needs of the case. The request also fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A).**

**RESPONSE:** **Based on the foregoing objection, no records will be produced.**

**<u>REQUEST FOR PRODUCTION NO. 28:</u>**

Please identify and produce all documents You received in response to the March 21, 2025 Minute Man Services, Inc. Copy of Requested Records Inquiry.

**OBJECTION:** **MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP further objects to this request because Plaintiff's definition of "you" is impermissibly overbroad and unduly burdensome. As defined, "you" encompasses the entirety of the Michigan State Police, anyone acting on its behalf, agents, employees, attorneys and accountants. The**

**definition effectively requires MSP to investigate and respond on behalf of an entire governmental agency and every individual associated with it, rendering it unduly burdensome. Plaintiff fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A) because "Copy of Requested Records Inquiry" was not attached or sufficiently identified. Further to the extent this request is seeking records subpoenaed by Minute Man, such records are equally available to Plaintiff.**

**RESPONSE: Based on the foregoing objection, no records will be produced.**

**REQUEST FOR PRODUCTION NO. 29:**

Please identify and produce all records, documents, communications, memorandums, reports, supplements, investigative reports, photographs, video or audio recordings, notes, drafts, and a full, complete, unredacted, and unfiltered incident log for the following investigative reports, regarding:

- OIR 64-5103-18
- IA-085-2019
- PSS-083-20
- PSS-535-20
- PSS-536-20
- PSS-542-20
- PSS-544-20

- PSS-557-20
- PSS-600-20
- PSS-646-20
- OIR 10-133-20
- OIR 70-246-20
- PSS-321-21
- PSS-340-21
- PSS-365-21
- PSS-409-21
- OIR 50-11-21
- PSS-052-22
- PSS-055-22
- PSS-390-22
- PSS-740-22
- PSS-191-23
- PSS-199-23
- PSS-239-23
- PSS-627-23
- PSS-724-23
- PSS-766-23
- OIR 10-595-23
- PSS-110-24

- PSS-185-24
- PSS-309-24
- PSS-719-24
- PSS-758-24
- PSS-030-25
- PSS-049-25
- PSS-295-25
- PSS-258-26

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects to this request because it is facially overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request seeks every record, communication, document, electronically stored information, report, memorandum, note, draft, witness statement, interview, recording, and other material concerning thirty-seven separate investigations, without any reasonable limitation as to subject matter, issues, custodians, time**

**period, or relationship to the claims and defenses at issue in this litigation. As drafted, the request would require MSP to identify, collect, review, and evaluate voluminous investigative files, including confidential personnel and internal affairs records, electronic communications, investigative notes, witness statements, and other sensitive materials, many of which concern individuals and incidents wholly unrelated to Plaintiff or the allegations in the Complaint. The burden and expense of conducting such a review, including privilege and confidentiality review, is grossly disproportionate to any likely benefit.**

**MSP further objects because the request seeks confidential law enforcement internal investigative materials and personnel information concerning numerous non-party employees and witnesses who possess substantial privacy interests in those records. The request seeks disclosure of information that is irrelevant to any claim or defense in this action and is not discoverable absent a particularized showing that the specific investigation or category of records bears on a disputed issue in the litigation.**

**MSP further objects to the extent the request seeks materials protected from disclosure by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement investigatory privilege (to the extent applicable), or any other applicable privilege or protection.**

**MSP also objects to the extent the request seeks information the disclosure of which would unnecessarily reveal confidential investigative methods, deliberative communications, or other protected governmental information.**

**MSP further objects to the extent this request seeks records regarding investigations involving Plaintiff because she already possesses the materials related to those investigations consequently this request is duplicative and cumulative of the request in Request for Production number 6.**

**RESPONSE: Based on the foregoing objections, no records will be produced.**

**REQUEST FOR PRODUCTION NO. 30:**

Please identify and produce all settlement agreements and the corresponding investigative and disciplinary records, with any current or former MSP employee accused of violating Section(s) 4.5, 4.6, 4.6a, 4.25, and/or 4.35 of the MSP Code of Conduct.

**OBJECTION: MSP objects to the instruction requiring it to "identify" responsive records because it exceeds the scope of Federal Rule of Civil Procedure 34. To the extent the request requires MSP to identify or describe documents, it constitutes a disguised interrogatory rather than a proper request for production. Rule 34 authorizes requests for the**

**production of documents or the inspection of tangible things; it does not require a responding party to identify or describe responsive documents.**

**MSP objects as this request is overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. The request seeks every settlement agreement and corresponding investigative and disciplinary record involving any current or former MSP employee accused of violating multiple provisions of the MSP Code of Conduct, without limitation as to time, location, decisionmaker, or relationship to Plaintiff's remaining claims or MSP's defenses. The request seeks confidential personnel records, PSS investigations, and information concerning numerous nonparties whose privacy interests substantially outweigh any marginal relevance. Compliance would require an agency-wide search of records and constitutes an impermissible fishing expedition.**

**RESPONSE: Based on the foregoing objections, no records will be produced.**

/s/ *Mary A. Waddell*
Mary A. Waddell
Assistant Attorney General
Attorney for Defendant
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
waddellm1@michigan.gov
P70545

Dated: July 24, 2026

2025-0444648-A