# EXHIBIT 4

**RE: Moryc v. MSP et al. WD Mich Case No. 25-1127** **nicole** < nicole@education-rights.com >

**Liz Abdnour** < liz@education-rights.com >
Wed, 29 Jul 2026 5:32:49 PM -0400

To "Waddell, Mary (AG)"<WaddellM1@michigan.gov>

Cc "nicole@education-rights.com"<nicole@education-rights.com>,"mitch@education-rights.com"<mitch@education-rights.com>,"McCormick, Shelley"<McCormickS1@michigan.gov>,"Wier, Ryan" <WierR2@michigan.gov>,"hilary@education-rights.com"<hilary@education-rights.com>,"ashley@education-rights.com"<ashley@education-rights.com>

Hi Mary,

My assistant Hilary, copied here, can help with finding a time next week for us to meet and confer on this.

To refresh your recollection, I am attaching our similarly worded third and fourth discovery requests from the state case and a sampling of your client's responses. Notably, your client did not object to any of the following:

- The use of "identify and produce" in the RFPs
- The exact same definitions of "Document;" "Identify" (which - our bad - included a reference to FRCP 33 that your client did not have a problem with in a completely different venue...???); "related to," "regarding," and "concerning;" "Person;" "You or your;" and "Defendant."
- A very similar definition of "Communication"
- The exact same rules of construction
- The exact same instructions with the exeption of the time period identified
- Prior RFPs seeking information "received by you or anyone on your behalf"

I look forward to learning what has changed in the last few months to make this language suddenly objectionable to your client when it had no issue with identical language in the state case. Thanks.

**Liz Abdnour**
Partner
Pronouns: she/her/hers
liz@education-rights.com

Abdnour Weiker, LLP | www.lawyers4students.com
P: 517-994-1776 | F: 614-417-5081

Local office: 325 E. Grand River Ave. | Suite 250 | East Lansing | MI | 48823

Mailing address: 262 S. 3rd St. | Columbus | OH | 43215

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

---

From: Waddell, Mary (AG) <WaddellM1@michigan.gov>
To: "Liz Abdnour"<liz@education-rights.com>
Cc: "nicole@education-rights.com"<nicole@education-rights.com>, "mitch@education-rights.com"<mitch@education-rights.com>, "McCormick, Shelley (AG)" <McCormickS1@michigan.gov>, "Wier, Ryan (AG)"<WierR2@michigan.gov>, "hilary@education-rights.com"<hilary@education-rights.com>, "ashley@education-rights.com"<ashley@education-rights.com>
Date: Fri, 24 Jul 2026 08:19:17 -0400
Subject: RE: Moryc v. MSP et al. WD Mich Case No. 25-1127

Liz –
Per your request for an exhaustive list, we served MSP's responses to the discovery requests this morning. As I indicated previously, we remain willing to meet and confer to attempt to resolve these issues without court intervention. To that end, once you have had an opportunity to review the responses, feel free to provide us with your availability to discuss and we can schedule a meeting.

Also, please advise when we can expect your proposed revisions to the confidential information protective order. Thank you.

Mary A. Waddell
Assistant Attorney General
Department of Attorney General

---

**From:** Liz Abdnour <liz@education-rights.com>
**Sent:** Tuesday, July 21, 2026 8:00 AM
**To:** Waddell, Mary (AG) <WaddellM1@michigan.gov>
**Cc:** nicole@education-rights.com; mitch@education-rights.com; McCormick, Shelley (AG) <McCormickS1@michigan.gov>; Wier, Ryan (AG) <WierR2@michigan.gov>; hilary@education-rights.com; ashley@education-rights.com
**Subject:** Re: Moryc v. MSP et al. WD Mich Case No. 25-1127

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

Hi Mary,

We do not concur with the motion you describe, but we are happy to work with you to try to narrow some of these discovery requests to address your concerns.

Please provide an exhaustive list of all of your concerns so that we can meaningfully confer as required by the local rules. Unfortunately, we have not yet mastered the skill of reading minds, so it would be futile for us to attempt to rewrite our entire set of discovery requests in a way that would comply with whatever your additional unidentified concerns are.

We would be happy to schedule a time to speak with you by phone or Zoom, but will need you to be prepared to identify all of your concerns exhaustively during that call. If you would like to do that, please provide your availability. Thanks.

**Liz Abdnour**
Partner
Pronouns: she/her/hers
liz@education-rights.com

Abdnour Weiker, LLP | www.lawyers4students.com
P: 517-994-1776 | F: 614-417-5081

Local office: 325 E. Grand River Ave. | Suite 250 | East Lansing | MI | 48823
Mailing address: 262 S. 3rd St. | Columbus | OH | 43215

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

---- On Mon, 20 Jul 2026 15:01:42 -0400 **Waddell, Mary (AG) <WaddellM1@michigan.gov>** wrote ----

Good afternoon –
As I mentioned at our last meet and confer, I plan to file a motion for a protective order related to your First Discovery Requests. I am writing to seek your concurrence in such a motion. The discovery requests do not comport with the Federal Rules of Civil Procedure in several respects. First, the definitions and instructions improperly expand the Federal Rules. For example, the definition of "related to," "regarding" and "concerning" includes a litany of meanings, including "in any way touching upon" the subject matter. This definition eliminates any meaningful relevance limitation, expands each interrogatory and RFP beyond the

scope of Rule 26, and would require MSP to search literally every record it has to determine if it may "touch upon" one of the requests. Similarly, the definition of "you" or "your" includes MSP, anyone acting its behalf, agents, employees, attorneys, and accountants. In other words, by this definition, MSP must interview every current and former employee, agent, accountant etc., to respond to these requests—not to mention search thousands of emails and databases for records.

That is clearly unduly burdensome and exceeds the scope of permissible discovery. These are just two examples but by no means exhaustive. Second, the instructions are also improper as it they seek to impose obligations that the Federal Rules do not, for example, producing duplicate copies of identical documents maintained in different locations, producing documents with nonresponsive material, or identifying deleted documents. Further, the instruction as to time-period covers over a decade which is facially overbroad. Again, these are just examples. Third, turning to the interrogatories. As drafted, they would require MSP to again, interview every single employee, former employee etc to determine if they "had knowledge of" Moryc's allegations. They also seek irrelevant information that is unrelated to any claim or defense, assume legal conclusions or require the admission of disputed facts, seek privileged and confidential information, and exceed the limit of 25 per side. Fourth, turning to the requests for production. They are improper to the extent they require MSP to "identify" records. Such a request is an interrogatory, not a request for production. They are also facially overbroad, unduly burdensome, seek irrelevant and confidential and privileged information. Nor do they describe with reasonable particularity the records sought. For example, RFP 3 requests all documents referring to the matters alleged in the Complaint or your Answer. Again, obtaining those records would require MSP to search every single record to determine whether it "refers to" any allegation in the complaint with no regard for the fact that several defendants and claims have been dismissed and without any limitation on relevance, scope, time, subject matter etc.,. Similarly, they seek records outside the custody and control of MSP—e.g., MCOLES records. Again, these are just examples. Because of these pervasive issues, I will be asking that MSP be relieved of its obligation to respond to the discovery requests as currently drafted. Please advise if you concur.

If your preference would be to withdraw the discovery requests and revise them to address these issues, I am willing to meet and confer to discuss.

Lastly, we still have the issue of the confidential information protective order I sent you on July 8. As I recall from our meet and confer, you were going to propose some additional language. If I am misremembering or we need to discuss again, let me know. Thanks.

Mary A. Waddell
Assistant Attorney General
Department of Attorney General
State Operations Division

525 West Ottawa Street
P.O. Box 30754
Lansing, MI 48909
Office: (517) 335-7573
Cell: (517) 614-8617
Fax: (517) 335-7578

---

**9 Attachment(s)**

| | |
|---|---|
| Moryc v MSP - Plaintiffs Fourth… 236.2 KB | 2025.12.18 Moryc v MSP - Plai… 239.8 KB |
| first amended resp fourth prod … 40.3 KB | third amended resp third prod … 44 KB |
| resp06 fourth disc req prod of … 136.1 KB | sec amended resp.pdf 147.2 KB |
| AMENDED third disc req prod.… 128.1 KB | 2026.07.24 resp01 first interro… 162.9 KB |
| 2026.07.24 resp02 first prod of… 255.7 KB | |