UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN MORYC,

Plaintiff,

v

MICHIGAN STATE POLICE, a Department of the State of Michigan; LISA GEE-CRAM; DALE HINZ; JASON NEMECEK; KANDYCE HERR; THOMAS DEASY; NICOLE BOCK; RYAN MAKI; BRIAN BUEGE; officially and in their personal capacities,

Defendants.

No. 1:25-cv-1127

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

/

# STIPULATED PROTECTIVE ORDER

This matter having come before this Honorable Court upon stipulation of the parties, through their respective counsel, for good cause shown and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that:

1. Each of the parties to this action upon whom or which a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action may designate as "confidential" any documents produced, when such materials refer or relate to, or would otherwise disclose, information of a personal, proprietary or confidential business nature as defined below.

2. "Confidential" is defined as any type or classification of information, whether originals, copies, or in redacted form, or whether in oral

deposition testimony (transcript or videotape), interrogatory responses or responses to request for admissions, consisting of business or financial records; Plaintiff's medical, counseling, or psychiatric records; and any other personal documents or information of the parties or their employees including departmental policies, procedures, rules and regulations, personnel files, including training records, internal investigations, photos, videos and personnel information as well as any other writing as defined by the Federal Rules of Evidence, reflecting confidential, commercial or personal information that counsel for any of the parties has in good faith designated as confidential. This paragraph does not prohibit the parties from claiming a privilege and does not waive any party's right to assert privilege and to not produce such document.

3. Material designated "confidential" shall be used by the party receiving the material solely in the prosecution or defense of this action.

4. Notwithstanding the foregoing, material designated as "confidential" shall be produced without Personally Identifiable Information (PII) including the names of confidential informants, social security numbers, driver's license numbers, birthdates, names of family members, the names and addresses of those who have been provided as personal references, and account numbers, including bank account numbers.

5. Material designated as "confidential" shall be held in confidence by the party requesting the documents and his/her/its representatives; counsel for that party and professional, clerical, secretarial or other support personnel of

such counsel; a person, not an attorney, retained by that party or counsel to assist in litigation, such as accountants and experts, but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"); court reporters retained in connection with depositions in this litigation; and witnesses at deposition (collectively, the "receiving party"), but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"), none of whom shall permit disclosure of the documents, except for purposes necessary to this litigation. The receiving party shall neither grant nor permit any other person to have access to any material designated as "confidential," or inform any other person of the existence of such material or of any of the contents thereof without submitting this order to the receiving person and only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"). Third-party fact witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order. Counsel shall maintain the originals of the forms signed by persons

acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

6. The inadvertent disclosure or production by any party of any document protected by the attorney-client or other privilege by the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection.

7. "Confidential" material marked as an exhibit in a deposition or other discovery documents remains confidential and may not be disclosed by the receiving party except in accordance with this order.

8. The parties agree that any documents that have been designated as confidential that are used during a deposition will be treated in accordance with the stipulated protective order. By entering into this protective order, the Parties do not waive the right to file a motion for a protective order to have any portions of a deposition transcript marked as "confidential" but must do so within 21 days of the date the deposition transcript is received.

9. Correction of Designation and Clawback.

(a) A producing party that failed to designate documents as "Confidential Material" at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of materials, appropriately designated. Upon receipt of a notice of correction, the receiving party shall place the appropriate marking on the document to reflect its altered

confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who receive the mis-designated discovery material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

(b) A producing party that inadvertently produces any document or other information during discovery in this litigation that the producing party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently producing party, the receiving party (a) shall return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the court, or (b) object to the request as described below. In the event the receiving party objects to the return of the document, the receiving party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. All materials related to the inadvertently produced document or information, and motion, shall be treated as "Confidential Material" pursuant to this Order,

unless otherwise ordered by the court. If such a motion is made within thirty (30) days of receiving the notice from the producing party of its claim of inadvertent production, the receiving party may retain the produced document or information until the Court resolves the motion. However, the receiving party shall not use the document or information for any purpose other than the motion except upon further order of the court. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the producing party and the receiving party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the receiving party. If the receiving party disclosed the document or information before being notified, it must notify the producing party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

(c) If "Confidential Material" is disclosed by a receiving party to anyone other than in a manner authorized by this Order, the receiving party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the producing party of the "Confidential Material" and make every reasonable effort to retrieve it and to prevent further disclosure.

10. Materials designated as "confidential" may be used in any

proceeding in this action, including, but not limited to:

(a) Discovery depositions;

(b) Motions, briefs and pleadings;

(c) Argument before the court;

(d) Trial or appeal.

If any party wishes to use "Confidential Material" in connection with any brief, argument or filing in this action, the party must confer with the producing party to determine if redactions may be used to avoid the need to seek leave to file the material under seal. If the parties are unable to agree on a redacted version, the party seeking to file the confidential material must seek leave to file the material under seal in accordance with FRCP 5.2 and Local Rule 10.6. Such "Confidential Material" so filed shall not be made available to anyone other than the court, its clerks and the parties/attorneys. Nothing in this order authorizes the sealing of any document or material.

11. If a party believes that information designated by another party as "confidential" should not be treated as confidential pursuant to this Protective Order, that party may contest the designation for such document(s) by providing opposing counsel with written notice within sixty (60) days of production as to the specific information being challenged, together with identification of the document by Bates stamp. The challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the

designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within seven (7) calendar days unless the parties agree to a longer timeframe. In the event that parties cannot resolve this disagreement, the party who designated the document as "confidential may file a motion seeking a resolution of the challenges within twenty-one (21) calendar days of the meet and confer described above or waive same designation. Unless the designating party has waived the designation by failing to timely file a motion, the parties shall treat the information as subject to this Order until the matter is resolved by the Court or otherwise. Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet- and-confer requirements of this Order. It shall be the burden of the party designating the information, testimony or documents as confidential to demonstrate why the confidential designation should be upheld in the event of a challenge. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order. The failure of the challenging party to comply with the time requirements in this paragraph shall constitute a waiver of the right to challenge a confidentiality designation.

12. No Greater Protection of Specific Documents. Except on grounds of privilege not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that

afforded by this Order unless the party moves for and obtains a court order providing such special protection.

13. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the issuing person or entity to the existence of this Order and to afford the designating party in this case an opportunity to make attempts to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking

protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

14. Privilege logs. The parties agree that any party asserting a privilege will produce a privilege log within thirty days of production of the documents upon which the privilege is asserted.

15. Service by electronic means. All parties consent to service of discovery responses, including any document production, by electronic means.

16. Order Continues in Force. Unless otherwise agreed upon or ordered, this Order shall remain in force as between the parties after dismissal or entry of final judgment not subject to further appeal. The Court shall not retain jurisdiction over this order after dismissal or entry of final judgment not subject to further appeal.

17. Obligations upon Conclusion of Litigation. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the producing party may make demand upon the receiving party for return or destruction of all materials considered Confidential Information under this Order, including "copies" and electronic copies as defined above. No party shall have any obligation to return or destroy Confidential Information if such a

demand is not timely made. Where the demand for return or destruction is timely made, the subject documents shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) to the extent retention is required by other laws, rules or regulations, including the Michigan Rules of Professional Conduct. The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information or Confidential Information contained in deposition transcripts or drafts or final expert reports.

18. Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use their own work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or otherwise violate this Order.

19. This Order may be modified upon written stipulation of the parties or by the Court, upon motion of any party, for good cause shown.

20. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

21. State Court Action. All materials previously produced in connection with the Michigan 56th Circuit Court case identified as *Megan Moryc v Michigan State Police*, Case No. 24-657-CD may be used in connection with the above-captioned matter and are governed by this Order without the necessity of redesignation or reproduction. The parties stipulate and agree that all such confidentiality designations are final and binding for purposes of this litigation unless modified by a Circuit or Federal Court Judge.

**IT IS SO STIPULATED:**

On behalf of our clients, we stipulate to entry of the above Order.

*/s/ Elizabeth K. Abdnour* (w/permission)
Elizabeth K. Abdnour (P78203)
Abdnour Weiker LLP
Attorney for Plaintiff

Dated: August 31, 2026

*/s/Mary A. Waddell*
Mary A. Waddell (P70545)
Assistant Attorney General
Attorney for Defendants

Dated: August 31, 2026

**IT IS SO ORDERED.**

Dated: September 1, 2026

/s/ Phillip J. Green
HON. PHILLIP J. GREEN
U.S. District Court Magistrate Judge

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that they have read the Protective Order dated ________ in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court in the Western District of Michigan in matters relating to the aforementioned and attached Protective Order and understands that the terms of the Order obligate them to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above- captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (printed): ______________________________

Job Title: ______________________________

Employer: ______________________________

Business Address: ______________________________

______________________________

Date: ______________________________

Signature: ______________________________