UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MEGAN MORYC,

Plaintiff,

v

MICHIGAN STATE POLICE, a Department of the State of Michigan; ~~JAMES F. GRADY II~~; ~~AIMEE BRIMACOMBE~~; LISA GEE-CRAM; DALE HINZ; ~~CAMERON HENKE~~; JASON NEMECEK; ~~MICHAEL DILLON~~; ~~ERIC DARLING~~; KANDYCE HERR; THOMAS DEASY; ~~MATTHEW WILLIAMS~~; NICOLE BOCK; ~~KEVIN SWEENEY~~; ~~ANDREW FIAS~~; RYAN MAKI; ~~MICHAEL STEPHENS~~; ~~CARISSA HORAN~~; BRIAN BUEGE; ~~ROBERT DAVIS~~; and ~~SCOTT ZIESMAN~~; officially and in their personal capacities,

Defendants.

No. 1:25-cv-1127

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**EXHIBIT B**
**TO BRIEF IN SUPPORT OF MICHIGAN STATE POLICE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**Exhibit B**
**Plaintiff's Acknowledgement Email 8-22-2026**

---

Elizabeth K. Abdnour (P78203)
Nicole Cote (P86815)
Mitchell D. Sickon (P82407)
ABDNOUR WEIKER LLP
Attorneys for Plaintiff
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
517.292.0067
liz@education-rights.com
nicole@education-rights.com

Ashley Ames Dylenski (P88208)
Attorney for Plaintiff
528 Virgina Ave, #2
Ann Arbor, MI 48103
347.844.0834
aadylenski@gmail.com

Mary A. Waddell (P70545)
Ryan Wier (P83886)
Shelley M. McCormick (P80311)
Assistant Attorneys General
Attorneys for Defendants
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
waddellm1@michigan.gov
wierr2@michigan.gov
mccormicks@michigan.gov

___________________________________________/

**Glenn, Regan**

| | |
|---|---|
| **From:** | Waddell, Mary (AG) <WaddellM1@michigan.gov> |
| **Sent:** | Monday, August 24, 2026 10:10 AM |
| **To:** | Nicole Cote |
| **Cc:** | Wier, Ryan (AG); McCormick, Shelley (AG); Barton, Brenda (AG); liz; Mitch Sickon; Hilary Hoxsie; Ashley Dylenski |
| **Subject:** | RE: Moryc v MSP, et al - 25-cv-1127 - Concurrence regarding Motion to Compel |

Nicole—
Thank you for the clarification. We were not aware that Plaintiff had agreed that any of MSP's objections were valid, as no such agreement was acknowledged during our prior discussions, nor were any compromises or meaningful narrowing of the requests offered by Plaintiff.
Based on your email, it appears that rather than making further efforts to narrow the requests or resolve the outstanding disputes, Plaintiff prefers to proceed with a motion to compel. That is, of course, Plaintiff's prerogative. We do not concur in the contemplated motion.

Mary A. Waddell
Assistant Attorney General
Department of Attorney General

---

**From:** Nicole Cote <nicole@education-rights.com>
**Sent:** Saturday, August 22, 2026 11:07 AM
**To:** Waddell, Mary (AG) <WaddellM1@michigan.gov>
**Cc:** Wier, Ryan (AG) <WierR2@michigan.gov>; McCormick, Shelley (AG) <McCormickS1@michigan.gov>; Barton, Brenda (AG) <bartonb2@michigan.gov>; liz <liz@education-rights.com>; Mitch Sickon <mitch@education-rights.com>; Hilary Hoxsie <hilary@education-rights.com>; Ashley Dylenski <ashley@education-rights.com>
**Subject:** RE: Moryc v MSP, et al - 25-cv-1127 - Concurrence regarding Motion to Compel

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

Hi Mary,

I appreciated our two meetings so we could gain a better understanding of MSP's position for its responses. We had discussions about some of the language in dispute, such as the inclusion of "identify" in the RFP's, and "adverse action" in the interrogatories, and what it would look like to remove those terms. However, any resolution would only partially resolve MSP's disputes. While Plaintiff would agree to strike "identify" in all of the RFP's, there are still several other objections in each one, and Plaintiff does not believe they warrant the objections and lack of responses received. Plaintiff believes MSP is asking these to be more narrowed than is reasonable, and because of that, Plaintiff is unable to narrow these further. We discussed how Plaintiff would agree that the search terms "MM" and "M M" in RFP 18-21 are likely too broad and vague, but Plaintiff does not believe the rest of the search terms are objectionable.

We also discussed MSP's position that the timeline at issue in the case provides for a much smaller window than the requests, and Plaintiff disagrees with that position. So while we have some partial agreements, nothing would ultimately resolve the overall disputes, and there has been no indication that MSP would withdraw any of its objections.

Unfortunately, it appears the parties remain very far apart on what constitutes reasonable requests and responses for the claims and defendants at issue, and all parties could benefit from the Court advising on what they deem to be reasonable so discovery can continue move forward.

**Nicole Cote**
Attorney
Pronouns: she/her/hers
nicole@education-rights.com

Abdnour Weiker, LLP | www.lawyers4students.com
Office: (614) 745-2001 | Fax: (614) 417-5081
Direct: (380) 291-9115
Mailing address: 262 S. 3rd St. | Columbus | OH | 43215

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

---

From: Waddell, Mary (AG) <WaddellM1@michigan.gov>
To: "Nicole Cote"<nicole@education-rights.com>
Cc: "Wier, Ryan (AG)"<WierR2@michigan.gov>, "McCormick, Shelley (AG)"<McCormickS1@michigan.gov>, "Barton, Brenda (AG)"<bartonb2@michigan.gov>, "liz"<liz@education-rights.com>, "Mitch Sickon"<mitch@education-rights.com>, "Hilary Hoxsie"<hilary@education-rights.com>, "Ashley Dylenski"<ashley@education-rights.com>
Date: Sat, 22 Aug 2026 09:32:25 -0400
Subject: RE: Moryc v MSP, et al - 25-cv-1127 - Concurrence regarding Motion to Compel

Nicole –
In reference to the highlighted assertion you make below, please specify which reasonable accommodations Plaintiff has been willing to make to avoid motion practice? None were proposed at either meet and confer and no revised discovery requests have been received. That information will assist us in determining whether we concur in a motion to compel.

Mary A. Waddell
Assistant Attorney General
Department of Attorney General

---

**From:** Nicole Cote <nicole@education-rights.com>
**Sent:** Thursday, August 20, 2026 3:42 PM
**To:** Waddell, Mary (AG) <WaddellM1@michigan.gov>
**Cc:** Wier, Ryan (AG) <WierR2@michigan.gov>; McCormick, Shelley (AG) <McCormickS1@michigan.gov>; Barton, Brenda (AG) <bartonb2@michigan.gov>; liz <liz@education-rights.com>; Mitch Sickon <mitch@education-rights.com>; Hilary Hoxsie <hilary@education-rights.com>; Ashley Dylenski <ashley@education-rights.com>
**Subject:** Moryc v MSP, et al - 25-cv-1127 - Concurrence regarding Motion to Compel

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

Hi Mary, as I mentioned in our last meet and confer and by way of update, we plan to file a motion to compel regarding MSP's discovery responses. I am writing to seek your concurrence in the motion and the relief sought.

Briefly, although MSP provided responses to our first set of discovery requests, the responses largely declined to provide substantive information or responsive documents, instead relying on recurring boilerplate objections. Although the interrogatories and requests for production seek different categories of information, MSP's objections follow the same pattern. Throughout its responses, MSP repeatedly asserts that the requests improperly characterize disputed facts; are overly broad, unduly burdensome, disproportionate, premature, or irrelevant; seek information outside the surviving claims; invoke attorney-client privilege, work-product protection, or the deliberative process privilege; or employ vague or undefined terms. With respect to the requests for production, MSP further contends that the requests exceed the scope of Rule 34, are not reasonably particular, seek documents already in Plaintiff's possession, or require disclosure of confidential personnel information. The Federal Rules do not permit discovery objections of this nature absent a particularized showing. Rule 26(b)(1) authorizes discovery of any non-privileged matter relevant to a party's claims or defenses and proportional to the needs of the case. Rules 33(b)(4) and 34(b)(2)(B) further require objections to be stated with specificity.

The parties' disagreement is therefore not about 45 individual discovery requests, but about a handful of recurring legal issues that appear almost verbatim throughout MSP's responses. The objections rise or fall on the same legal principles. If those generalized assertions of undue burden, overbreadth, privilege, irrelevance, Rule 34 technicalities, or other boilerplate objections are legally insufficient as to one request, the same reasoning resolves much of the remainder of the parties' discovery dispute. Although we believe MSP's objections are largely unsupported, Plaintiff has been willing to make reasonable accommodations to avoid unnecessary motion practice, but thus far it has remained clear that even if we resolve one of MSP's objections, several more will remain and nothing will be produced.

Because of this we are proceeding with the motion to compel, so please advise on any concurrence. Thank you.

Abdnour Weiker, LLP

**Nicole Cote**
Attorney
Pronouns: she/her/hers
nicole@education-rights.com

Abdnour Weiker, LLP | www.lawyers4students.com
Office: (614) 745-2001 | Fax: (614) 417-5081
Direct: (380) 291-9115
Mailing address: 262 S. 3rd St. | Columbus | OH | 43215

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.