UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MEGAN MORYC,

Plaintiff,

v

MICHIGAN STATE POLICE, a Department of the State of Michigan; ~~JAMES F. GRADY II~~; ~~AIMEE BRIMACOMBE~~; LISA GEE-CRAM; DALE HINZ; ~~CAMERON HENKE~~; JASON NEMECEK; ~~MICHAEL DILLON~~; ~~ERIC DARLING~~; KANDYCE HERR; THOMAS DEASY; ~~MATTHEW WILLIAMS~~; NICOLE BOCK; ~~KEVIN SWEENEY~~; ~~ANDREW FIAS~~; RYAN MAKI; ~~MICHAEL STEPHENS~~; ~~CARISSA HORAN~~; BRIAN BUEGE; ~~ROBERT DAVIS~~; and ~~SCOTT ZIESMAN~~; officially and in their personal capacities,

Defendants.

No. 1:25-cv-1127

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**EXHIBIT C**
**TO BRIEF IN SUPPORT OF MICHIGAN STATE POLICE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**Exhibit C**
**MSP's Preliminary List of Objections**

---

Elizabeth K. Abdnour (P78203)
Nicole Cote (P86815)
Mitchell D. Sickon (P82407)
ABDNOUR WEIKER LLP
Attorneys for Plaintiff
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
517.292.0067
liz@education-rights.com
nicole@education-rights.com

Ashley Ames Dylenski (P88208)
Attorney for Plaintiff
528 Virgina Ave, #2
Ann Arbor, MI 48103
347.844.0834
aadylenski@gmail.com

Mary A. Waddell (P70545)
Ryan Wier (P83886)
Shelley M. McCormick (P80311)
Assistant Attorneys General
Attorneys for Defendants
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
waddellm1@michigan.gov
wierr2@michigan.gov
mccormicks@michigan.gov

/

**Glenn, Regan**

| | |
|---|---|
| **From:** | Liz Abdnour <liz@education-rights.com> |
| **Sent:** | Tuesday, July 21, 2026 8:00 AM |
| **To:** | Waddell, Mary (AG) |
| **Cc:** | nicole@education-rights.com; mitch@education-rights.com; McCormick, Shelley (AG); Wier, Ryan (AG); hilary@education-rights.com; ashley@education-rights.com |
| **Subject:** | Re: Moryc v. MSP et al. WD Mich Case No. 25-1127 |

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

Hi Mary,

We do not concur with the motion you describe, but we are happy to work with you to try to narrow some of these discovery requests to address your concerns.

Please provide an exhaustive list of all of your concerns so that we can meaningfully confer as required by the local rules. Unfortunately, we have not yet mastered the skill of reading minds, so it would be futile for us to attempt to rewrite our entire set of discovery requests in a way that would comply with whatever your additional unidentified concerns are.

We would be happy to schedule a time to speak with you by phone or Zoom, but will need you to be prepared to identify all of your concerns exhaustively during that call. If you would like to do that, please provide your availability. Thanks.

**Liz Abdnour**
Partner
Pronouns: she/her/hers
liz@education-rights.com

Abdnour Weiker, LLP | www.lawyers4students.com
P: 517-994-1776 | F: 614-417-5081

Local office: 325 E. Grand River Ave. | Suite 250 | East Lansing | MI | 48823
Mailing address: 262 S. 3rd St. | Columbus | OH | 43215

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

---- On Mon, 20 Jul 2026 15:01:42 -0400 **Waddell, Mary (AG) <WaddellM1@michigan.gov>** wrote ----

Good afternoon –
As I mentioned at our last meet and confer, I plan to file a motion for a protective order related to your First Discovery Requests. I am writing to seek your concurrence in such a motion. The

discovery requests do not comport with the Federal Rules of Civil Procedure in several respects. First, the definitions and instructions improperly expand the Federal Rules. For example, the definition of "related to," "regarding" and "concerning" includes a litany of meanings, including "in any way touching upon" the subject matter. This definition eliminates any meaningful relevance limitation, expands each interrogatory and RFP beyond the scope of Rule 26, and would require MSP to search literally every record it has to determine if it may "touch upon" one of the requests. Similarly, the definition of "you" or "your" includes MSP, anyone acting its behalf, agents, employees, attorneys, and accountants. In other words, by this definition, MSP must interview every current and former employee, agent, accountant etc., to respond to these requests—not to mention search thousands of emails and databases for records. That is clearly unduly burdensome and exceeds the scope of permissible discovery. These are just two examples but by no means exhaustive. Second, the instructions are also improper as it they seek to impose obligations that the Federal Rules do not, for example, producing duplicate copies of identical documents maintained in different locations, producing documents with nonresponsive material, or identifying deleted documents. Further, the instruction as to time-period covers over a decade which is facially overbroad. Again, these are just examples. Third, turning to the interrogatories. As drafted, they would require MSP to again, interview every single employee, former employee etc to determine if they "had knowledge of" Moryc's allegations. They also seek irrelevant information that is unrelated to any claim or defense, assume legal conclusions or require the admission of disputed facts, seek privileged and confidential information, and exceed the limit of 25 per side. Fourth, turning to the requests for production. They are improper to the extent they require MSP to "identify" records. Such a request is an interrogatory, not a request for production. They are also facially overbroad, unduly burdensome, seek irrelevant and confidential and privileged information. Nor do they describe with reasonable particularity the records sought. For example, RFP 3 requests all documents referring to the matters alleged in the Complaint or your Answer. Again, obtaining those records would require MSP to search every single record to determine whether it "refers to" any allegation in the complaint with no regard for the fact that several defendants and claims have been dismissed and without any limitation on relevance, scope, time, subject matter etc.,. Similarly, they seek records outside the custody and control of MSP—e.g., MCOLES records. Again, these are just examples. Because of these pervasive issues, I will be asking that MSP be relieved of its obligation to respond to the discovery requests as currently drafted. Please advise if you concur.

If your preference would be to withdraw the discovery requests and revise them to address these issues, I am willing to meet and confer to discuss.

Lastly, we still have the issue of the confidential information protective order I sent you on July 8. As I recall from our meet and confer, you were going to propose some additional language. If I am misremembering or we need to discuss again, let me know. Thanks.

Mary A. Waddell
Assistant Attorney General
Department of Attorney General
State Operations Division
525 West Ottawa Street
P.O. Box 30754
Lansing, MI 48909

Office: (517) 335-7573
Cell: (517) 614-8617
Fax: (517) 335-7578