**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MEGAN MORYC**,
Plaintiff,

v

**MICHIGAN STATE POLICE**, et al.,
Defendants.

Case No. 1:25-cv-1127

Hon. Robert J. Jonker
Mag. Phillip J. Green

_____________________________________________/

**EXPEDITED CONSIDERATION REQUESTED**

**JOINT MOTION FOR STAY OF DEADLINES**

Now come Plaintiff Megan Moryc and Defendants Michigan State Police, Lisa Gee-Cram, Dale Hinz, Jason Nemecek, Kandyce Herr, Thomas Deasy, Nicole Bock, Ryan Maki, and Brian Buege ("the Parties"), through undersigned counsel, and respectfully move this Court to enter a stay of this matter. In support of their Motion, the Parties state as follows:

1. Pursuant to this Court's First Case Management Order (ECF No. 26), the current deadlines apply:

| | |
|---|---|
| a. Burden of proof expert reports | October 15, 2026 |
| b. Responsive expert reports | November 15, 2026 |
| c. Completion of discovery | January 15, 2027 |
| d. Dispositive motions | February 28, 2027 |

2. The Parties have been working diligently to comply with all Court deadlines. The Parties began exchanging discovery requests in June 2026, soon after the Court's First Case Management Order. The Parties engaged in an early settlement conference on July 13, 2026. On August 24, 2026, Plaintiff filed a Motion to Compel regarding her discovery requests made in June 2026, and this Motion was heard by Magistrate Judge Green on September 23, 2026. With Magistrate Judge Green's guidance, the Parties were able to make significant progress. The Parties continued for

hours after the close of the Court to work on several remaining issues. While there are still a few unresolved discovery issues, as evidenced by the Parties' Joint Discovery Resolution (ECF No. 44, Ex.1), the Parties will soon begin orderly and appropriate discovery production.

3. Under Fed. R. Civ. P. 16(b)(4), good cause exists to stay the deadlines at issue.

4. The Court's decision on the pending Motion for Judgment on the Pleadings (MJP) (ECF No. 39) may affect the scope of the case and the claims, limiting the scope of discovery and expert reports. With the proposed stay in place, the Parties will avoid any potentially unnecessary expense, related to depositions or other discovery to develop claims or defenses, should the Court dismiss certain or all claims.

5. Additionally, the Parties also recognize that the current discovery schedule does not allow enough time for the Parties' experts to obtain needed information as Plaintiff's expert reports are currently due on October 15, 2026, and briefing on the MJP will not be complete until November 3, 2026. Plaintiff has also been unable to begin taking depositions in this matter as she has not yet received any written discovery responses from Defendants, which is necessary for her to effectively complete depositions. In the short term, the stay will also provide Plaintiff's counsel with the opportunity to more efficiently and effectively advocate. First, Plaintiff's counsel and her experts will benefit from the Court's decision on the MJP, considering the potential narrowing of Plaintiff's claims (or dismissal). Second, Plaintiff's relatively leaner litigation team will additionally benefit from being able to focus solely on responding to Defendants' MJP, without the added pressure of responding to what are likely to be substantial incoming discovery requests.

6. Pursuant to the First Case Management Order (ECF No. 26), a Second Rule 16 Scheduling Conference is set for March 31, 2027, and an updated Joint Status Report is due on March 24, 2027. Assuming a decision on the MJP is issued before March 24, the Parties can submit an

updated Joint Status Report on that date proposing new discovery deadlines.

7. For these reasons, the Parties respectfully request that the Court enter a stay of all deadlines, including submission of expert reports, completion of discovery, and filing of dispositive motions, until after the Court issues a decision on Defendants' Motion for Judgment on the Pleadings.

8. Alternately, if the Court determines that a stay is inappropriate, the Parties respectfully request that the discovery schedule be modified as follows to allow for Plaintiff to receive the discovery to be produced by Defendants pursuant to the Notice to Court Regarding Resolution of Plaintiff's Motion to Compel Discovery and Remaining Disputes (ECF No. 44). Pursuant to that agreement:

> Defendants agree that they will provide a response to Plaintiff's Interrogatories within two weeks of entry of this Notice. Defendants agree that they will provide responses to the Requests for Production on a rolling basis as productions become available, and that the initial production will be made to Plaintiff within four weeks of entry of this Notice. If the initial production is incomplete, the parties will confer in good faith to discuss a subsequent production deadline.

PageID.1068-69. Plaintiff expects there is information that will be provided in that discovery response that will be relevant to one or more experts' reports. The alternately requested modifications are:

| | | |
|---|---|---|
| a. | Burden of proof expert reports | January 15, 2027 |
| b. | Responsive expert reports | February 15, 2027 |
| c. | Completion of discovery | April 15, 2027 |
| d. | Dispositive motions | May 31, 2027 |

9. Further, Plaintiff offers that public policy supports a modification of the expert report deadlines for the following reasons. First, Plaintiff's expert reports will involve sharing detailed, personal information about her physical and mental health. It is unfairly burdensome for Plaintiff to have to share that information with Defendants if the case is simply going to be dismissed. Second, with Plaintiff's deadline to submit expert reports falling just three days before the deadline to respond

to the MJP, counsel for Plaintiff is concerned that putting time and resources into reviewing and editing expert reports will detract from their ability to fully and thoroughly respond to the MJP in accordance with their ethical duties to Plaintiff. Finally, Plaintiff understands that Defendants intend to conduct an independent medical examination (IME) of Plaintiff. It is unfairly burdensome to Plaintiff to have to undergo such an examination if the case is simply going to be dismissed.

10. The Parties have consulted concerning this Motion pursuant to W.D. Mich. LCivR 7.1(d), and the Parties agree and jointly bring this Motion.

11. No Party shall be prejudiced by staying these deadlines.

The Parties respectfully request that the Court grant this Motion.

Dated: October 2, 2026 Respectfully submitted,

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
ABDNOUR WEIKER LLP
Attorneys for Plaintiffs

*/s/Ryan Weir (with permission)*
Ryan Weir (P83886)
Assistant Attorney General
Attorney for Defendants

**PROOF OF SERVICE**

I certify that on October 2, 2026, I filed this document by use of this Court's ECF system, which will serve copies to the Clerk of Courts and all counsel of record.

Respectfully submitted,

*/s/ Nicole E. Cote*
Nicole E. Cote